# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
# CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE** **2. PLEASE TYPE OR PRINT** **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| Eric Elliott<br>v.<br>Joseph Cartagena et al. | Southern District of NY | Buchwald |
| | Date the Order or Judgment Appealed from was Entered on the Docket: 1/5/2022 | District Court Docket No.: 1:19-cv-01998 |
| | Date the Notice of Appeal was Filed: 2/4/2022 | Is this a Cross Appeal? ☐ Yes ☑ No |

| | Counsel's Name: Address: Telephone No.: Fax No.: E-mail: |
|---|---|
| **Attorney(s) for Appellant(s):**<br>☑ Plaintiff<br>☐ Defendant | Alfred J. Fluehr<br>280 N. Providence Road, Media PA 19063<br>aj@francisalexander.com<br>2155001005 |
| **Attorney(s) for Appellee(s):**<br>☐ Plaintiff<br>☑ Defendant | See attached |

| Has Transcript Been Prepared? | Approx. Number of Transcript Pages: | Number of Exhibits Appended to Transcript: | Has this matter been before this Circuit previously? ☐ Yes ☑ No |
|---|---|---|---|
| Yes | 16 | None | If Yes, provide the following:<br>Case Name:<br>2d Cir. Docket No.: Reporter Citation: (i.e., F.3d or Fed. App.) |

***ADDENDUM "A"*: COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.**

***ADDENDUM "B"*: COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.**

**PART A: JURISDICTION**

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| ☐ U.S. a party ☐ Diversity<br>☑ Federal question (U.S. not a party) ☐ Other (specify): ________ | ☐ Final Decision ☐ Order Certified by District Judge (i.e., Fed . R. Civ. P. 54(b))<br>☐ Interlocutory Decision Appealable As of Right ☐ Other (specify): ________ |

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

## PART B: DISTRICT COURT DISPOSITION (Check as many as apply)

| 1. Stage of Proceedings | 2. Type of Judgment/Order Appealed | | 3. Relief | |
|---|---|---|---|---|
| ☑ Pre-trial | ☐ Default judgment | ☐ Dismissal/other jurisdiction | ☑ Damages: | ☐ Injunctions: |
| ☐ During trial | ☐ Dismissal/FRCP 12(b)(1) lack of subject matter juris. | ☐ Dismissal/merit | ☑ Sought: $ TBD | ☐ Preliminary |
| ☐ After trial | ☐ Dismissal/FRCP 12(b)(6) failure to state a claim | ☐ Judgment / Decision of the Court | ☐ Granted: $ ______ | ☐ Permanent |
| | ☐ Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint | ☑ Summary judgment | ☐ Denied: $ ______ | ☐ Denied |
| | ☐ Dismissal/28 U.S.C. § 1915(e)(2) other dismissal | ☐ Declaratory judgment | | |
| | | ☐ Jury verdict | | |
| | | ☐ Judgment NOV | | |
| | | ☐ Directed verdict | | |
| | | ☐ Other (specify): | | |

## PART C: NATURE OF SUIT (Check as many as apply)

| 1. Federal Statutes | | | 2. Torts | 3. Contracts | 4. Prisoner Petitions |
|---|---|---|---|---|---|
| ☐ Antitrust | ☐ Communications | ☐ Freedom of Information Act | ☐ Admiralty/ Maritime | ☐ Admiralty/ Maritime | ☐ Civil Rights |
| ☐ Bankruptcy | ☐ Consumer Protection | ☐ Immigration | ☐ Assault / Defamation | ☐ Arbitration | ☐ Habeas Corpus |
| ☐ Banks/Banking | ☑ Copyright ☐ Patent | ☐ Labor | ☐ FELA | ☐ Commercial | ☐ Mandamus |
| ☐ Civil Rights | ☐ Trademark | ☐ OSHA | ☐ Products Liability | ☐ Employment | ☐ Parole |
| ☐ Commerce | ☐ Election | ☐ Securities | ☑ Other (Specify): | ☐ Insurance | ☐ Vacate Sentence |
| ☐ Energy | ☐ Soc. Security | ☐ Tax | | ☐ Negotiable Instruments | ☐ Other |
| ☐ Commodities | ☐ Environmental | | | ☐ Other Specify | |
| ☐ Other (specify): ______ | | | | | |

| 5. Other | 6. General | 7. Will appeal raise constitutional issue(s)? |
|---|---|---|
| ☐ Hague Int'l Child Custody Conv. | ☐ Arbitration | ☐ Yes ☑ No |
| ☐ Forfeiture/Penalty | ☐ Attorney Disqualification | Will appeal raise a matter of first impression? |
| ☐ Real Property | ☐ Class Action | ☐ Yes ☑ No |
| ☐ Treaty (specify): ______ | ☐ Counsel Fees | |
| ☑ Other (specify): State law claims (fraud) | ☐ Shareholder Derivative | |
| | ☐ Transfer | |

1. Is any matter relative to this appeal still pending below? ☐ Yes, specify: ______________________ ☑ No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:
   (A) Arises from substantially the same case or controversy as this appeal? ☐ Yes ☑ No
   (B) Involves an issue that is substantially similar or related to an issue in this appeal? ☐ Yes ☑ No

If yes, state whether ☐ "A," or ☐ "B," or ☐ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| | | | |

Name of Appellant: Eric A. Elliott

Date: 3/22/2022

Signature of Counsel of Record: /s/ Alfred J Fluehr

# NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the$505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

## APPELLEES' COUNSEL

Jeremy Ross, Esquire
Adli Law Group
444 South Flower Street, Suite 3100
Los Angeles, CA 90071
Phone: (213) 623-6546
Direct: (213) 537-1270
Fax: (213) 623-6554
jeremy.ross@adlilaw.com
Attorney for Kharbouch Defendants

Tamar Duvdevani, Esquire
DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
T +1 212.335.4799
F +1 917.778.8799
M +1 646.696.1467
E tamar.duvdevani@dlapiper.com
*Attorney for Empire Distribution*

Eleanor Lackman, Esquire
David Steinberg, Esquire
Mitchell Silberberg & Knupp LLP
2049 Century Park East, 18th Floor,
Los Angeles, CA 90067
T: 310.312.3204
E: das@msk.com
*Attorneys for the Cartagena and Warner Defendants*

David Munkittrick, Esquire
Sandra Crawshaw-Sparks, Esquire
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036-8299
T: 212.969.3226
F: 212.969.2900
dmunkittrick@proskauer.com
Sandra Crawshaw Sparks (also in NYC)
2029 Century Park East
Suite 2400
Los Angeles, CA 90067-3010
T: (310) 284-4525
F: (310) 284-2193
Scrawshaw@proskauer.com

*Attorneys for BMG*

Richard Wolfe, Esquire
Wolfe Law
175 SW 7 Street
Latitude One Offices
Suite 2410
Miami, Florida 33130
rwolfe@wolfelawmiami.com
T: 305.384.7370
F: 305.384.7371
M: 305.401.3639
*Attorney for FNG, FNP, and Kobalt Defendants*

Brian Caplan, Esquire
Reitler Kailas & Rosenblatt LLC
885 Third Avenue, 20th Floor
New York, New York 10022
Main: 212-209-3050
Direct: 212-209-3059
Fax: 212-371-5500
Email: bcaplan@reitlerlaw.com
*Attorney for Reach Defendants*

Ilene Farkas, Esquire
Lauren Cooperman, Esquire
Pryor Cashman LLP
7 Times Square
New York, NY 10036
212.326.0188 office
212.798.6382 fax
ifarkas@pryorcashman.com
*Attorneys for Roc Nation, Sony, and Universal Defendants*

Hillel I. Parness
Parness Law Firm, PLLC
136 Madison Ave., 6th Floor
New York, NY 10016
C: 646-526-8261
O: 212-447-5299
E: hip@hiplaw.com

# Addendum A - Case Summary

Plaintiff-Appellant Eric Elliott wrote a significant part of the 2016 hit song "All the Way Up," but never got any credit or royalties as was his just due. He brought a suit in March 2019 for declaration of copyright ownership and authorship, as well as state law claims for an accounting, fraud, and breach of fiduciary duties. This was not an infringement case.

In 2015, Eric Elliott (pka Fly Havana, a Miami rapper) was in the studio and created a track with another artist named Infared, defendant Shandel Green. Infared said he knew the artist known as Fat Joe (aka defendant Joseph Cartagena) and was going to take the song to him. Elliott was excited and wanted this to happen.

Fat Joe liked the song and put out a version in March 2016 which featured multiple big names in the music industry featured (French Montana and Remy Ma) and also Infared. The problem was that Elliott was entirely cut out of any recognition for his accomplishments.

After the song's release, Elliott got in touch with Fat Joe and demanded that his contributions be recognized. Fat Joe agreed to meet Elliott in Miami in mid-March 2016. Fat Joe was supposed to (1) credit him as an author on the song, (2) give him a percentage of the earnings, and (3) work with Elliott in the studio to boost his career.

At the meeting, Fat Joe had him sign a piece of paper that reflected this, but did not let him keep a copy, and Elliott got a check for $5,000 (supposedly the first of many). Following that meeting, Fat Joe was clearly not intent on providing any more money to Elliott, crediting Elliott, nor working with him in the studio. After Elliott confronted Fat Joe later in 2016 at a concert, Fat Joe did publicly recognize him as an author, but thereafter fraudulently excluded him from the copyrights, never paid him another dime, and never worked with him. Elliott had been conned.

Elliott sued for declarations of ownership and authorship, as well as fraud in the inducement and an accounting. Defendants responded by filing a motion to dismiss, which was premised on what they claimed was an unsigned draft of the agreement signed in mid-March 2016. They claimed the actual version signed by Elliott was lost, but that this unsigned paper was proof of the assignment of all rights. There were many problems with this argument, including the fact that it was unsigned and violated the Copyright Act's statute of frauds, it was an admitted incomplete draft, it named the wrong parties, the content of the draft is not what was in the final version, it said the song was a work for hire (a nonsensical assertion as music cannot be done as a work for hire by written agreement), and no consideration was identified. In addition, even if the paper was valid, Elliott had valid fraud claims against Fat Joe (that were incredibly detailed) which invalidated the agreement. In addition, Elliott had sued for a declaration of copyright authorship, which is immutable and cannot be assigned.

The District Court, however, at a hearing on the motion to dismiss decided that the unsigned, draft paper was valid as a duplicate of the original, a ruling which was clearly erroneous. She directed the Defendants file a motion for summary judgment; all told, the case sat in limbo for nearly three years never moving to discovery until summary judgment was granted in January 2022. The court decided many disputes of fact and credited none in Elliott's favor.

The Court's ruling was not only erroneous with respect to the unsigned document and the Best Evidence Rule, but the lower court also *sua sponte* dismissed the Copyright declaratory claims, and state law claims, despite Defendants never moving for summary judgment on those claims.

# Addendum B - Claims of Error[1]

**Claim 1 - The Grant of Summary Judgment for All Defendants on All Claims, Finding that Elliott Assigned his Rights under Fed RE 1002, 1003, and 1004, was Erroneous**

**Summary:** The lower court credited and found that an unsigned draft document presented to it by Defendants was valid under Fed RE 1002, 1003, and 1004 (Best Evidence Rule), and that Appellant had assigned away all his rights. The District Court erred, including but not limited to, in the following ways:

1) Failing to find that the unsigned document was invalid under section 204 of the Copyright Act (the statute of frauds) because it was unsigned, preventing the application of the Best Evidence Rule,
2) Fed RE 1003 does not apply to the unsigned draft document as the court held, because it was not a duplicate of the original and Rule 1003 only applies to photo-static duplications of the signed original; the district court's erroneous reliance on Rule 1003 to invoke the Best Evidence Rule renders all its findings reversible,
3) The court failed to realize that even if Best Evidence Rule could be invoked, the document was a markedly incomplete draft with the wrong party named—and also nonsensically stated the work was made for hire which has no applicability to this case—which clearly prevents the application of the Rule,
4) Critical disputes of fact about the Best Evidence Rule were not credited in favor of Elliott including the actual content of the original document which Elliott told the court markedly differed from the draft presented to the court, what happened to the original document, defendants' looming credibility problems, and the diligence of the search for the original,
5) the court failed to find that the alleged agreement lacked consideration on its face and was invalid,
6) the court did not address that even if there was consideration it was unambiguously illusory and invalid,
7) no valid explanation was given for disappearance of the signed original preventing the application of the Best Evidence Rule, the only speculative explanation was expressly debunked by defendants' own former manager, nor was Appellant permitted any discovery regarding the loss of the document,
8) the court failed to realize that defendants did not diligently search for the original document and only conclusorily described a limited search, and it also failed to allow critical discovery on this subject,
9) extreme credibility problems with the defendants were not addressed (e.g., tax fraud convictions, contradictory statements about authorship of song in question, fraudulently copyright filings), nor was discovery permitted on these issues,

---

[1] These claims of error overlap and contain many sub issues and points. These claims of error are intended to summarize the claims of error in the appeal and any lack of specificity should not be construed as waiver.

10) discovery was not permitted into the editing of the draft, the differences between the draft and the final document, that defendants admitted other documents regarding the alleged assignment existed but they were never produced, and the unexplained disappearance of document,
11) Plaintiff's fraud and breach of fiduciary duties arguments invalidated the alleged agreement but were not properly addressed,
12) Even if there had been an assignment, Elliott could not assign away his copyright authorship rights (which are immutable fact) and he was still entitled to a declaration of authorship, which the lower court refused to address,
13) Summary judgment was decided on an incomplete record, and Plaintiff's FRCP 56(d) declaration was ignored by the lower court.

**Scope of Review**: The scope of review is de novo, and "Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." Hellstrom v. US Dept. of Veterans Affairs, 201 F. 3d 94, 97 (2d Cir. 2000).

**Claim 2: The District Court Failed to Credit Disputes of Fact in Favor of the Plaintiff**

**Summary**: Critical disputes of fact were not credited in favor of Elliott, including the content of the original document which Elliott told the court differed from the draft presented to the court, what happened to the original document, defendants' looming credibility problems, and the diligence of the search for the original. Furthermore, the lower court decided these disputes of fact on an incomplete record and did not permit the plaintiff any discovery to contradict Defendants' self-serving and highly dubious claims.

**Scope of Review**: The scope of review is de novo, and "Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." Hellstrom v. US Dept. of Veterans Affairs, 201 F. 3d 94, 97 (2d Cir. 2000).

**Claim 3: The Lower Court Did Not Permit Appellant to Conduct Any Discovery Regarding the Unsigned Document or Its Unavailability, Discovery which was Highly Pertinent to the Best Evidence Rule**

**Summary:** Plaintiff-Appellant submitted a FRCP 56(d) declaration extensively detailing additional discovery needed, including but not limited to:

1) why the draft document Defendants proffered to the court identified an incorrect entity R4 So Valid that had nothing to do with the song in question;
2) why the draft agreement erroneously stated that Elliott provided services for the defendants, when that never happened;
3) why the draft document erroneously stated that Elliott wrote the song All the Way Up as a "work for hire," a term which legally and factually has no applicability to this dispute;
4) why the draft document failed to include any consideration whatsoever for Elliott;

5) obtaining the additional documents referenced by Defendants and their attorney related to the alleged assignment agreement, which were glaringly never produced or requested by the court despite being critical and necessary evidence,
6) cross examining defendants on the content and terms of the original document as opposed to the draft agreement presented to the court,
7) cross examining defendants on their alleged search for the original document;
8) obtaining the computer records of all documents sent to Cartagena and sent by Cartagena regarding the alleged assignment,
9) cross examining defendants on their credibility, including their contradictory statements about Elliott's authorship of the song, the fraudulent registration of the copyrights without Elliott's authorship, and Defendants' criminal history.

These topics of discovery were critical on the Best Evidence Rule issue. Despite this, the lower court's opinion entirely ignores omits any reference to Elliott's declaration or the concomitant arguments in his opposition, and decided the issue on an incomplete record, improperly construing all disputes and inferences in favor of Defendants.

**Scope of Review**: The scope of review is de novo, and "Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." Hellstrom v. US Dept. of Veterans Affairs, 201 F. 3d 94, 97 (2d Cir. 2000)

**Claim 4: The District Court Failed to Properly Address Lack of Consideration, and Illusory Consideration, and Failed to Permit Any Discovery on those Arguments**

**Summary**: Plaintiff-Appellant argued that even if the alleged agreement was admitted under the Best Evidence Rule (which it cannot be), that it was invalid for lack of consideration. The problem is two-fold: (1) the face of the agreement contains no consideration for Elliott whatsoever, and (2) even if the $5,000 Elliott received was consideration, it was money he was already due as a joint author/owner and therefore unambiguously illusory. **First**, despite the agreement containing a merger clause, the court erroneously looked outside its four corners to find consideration was present. The fact that consideration for Elliott was not even identified in the draft agreement not only invalidates the agreement, but shows that this was a very incomplete draft Defendants foisted on the court as an authentic original. **Second**, even if the parol evidence payment of $5,000 was taken into account, Elliott was already owed this money as a co-author and co-owner of the song and it was illusory consideration. The lower court simply refused to address this argument about illusory consideration, and the declaration of copyright authorship claim which undergirded it, which was reversible error.

**Scope of Review:** The scope of review is de novo, and "Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." Hellstrom v. US Dept. of Veterans Affairs, 201 F. 3d 94, 97 (2d Cir. 2000).

**Claim 5: The District Court Erroneously Dismissed the State Law Claims of Fraud and Also Failed to Permit Any Discovery on Them**

**Summary:** Plaintiff-Appellant argued that his claims for fraud in the inducement and breach of fiduciary duties invalidated the alleged agreement. Specifically, he alleged that defendant Cartagena had made three separate promises to induce him to sign an agreement: (1) that he would be credited and recognized as an author, (2) that he would receive ongoing payment for his share of the song, (3) that Cartagena would work with him in the studio and promote his career.

The lower court dismissed the fraud only stating that the draft agreement said that Elliott would not get royalties, therefore there was no fraud. Setting aside that the court is wrong because the agreement itself did not even specify Elliott's consideration, the court blatantly failed to address the other fraudulent promises about credit/authorship and working in the studio with Elliott that induced Elliott to sign the original document. Cartagena later registered the copyrights fraudulent excluding Elliott who is an undisputed author. It is critical to recognize that authorship cannot be assigned as the lower court's opinion incorrectly implied.

The fraud claim was well-pled, deserved to go to discovery, and warranted a trial on the merits. It was reversible error for the lower court to address just a fraction of the fraud claim, decide disputes of fact against Plaintiff, and then dismiss the claim at summary judgment where Defendants had not even actually moved for summary judgment on that claim.

**Scope of Review:** The scope of review is de novo, and "Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." Hellstrom v. US Dept. of Veterans Affairs, 201 F. 3d 94, 97 (2d Cir. 2000).

**Claim 6: The Lower Court Erroneously Dismissed the Breach of Fiduciary Duties Claim**

**Summary**: As a co-author and joint owner of the song in question, Cartagena and the other defendants owed Plaintiff-Appellant fiduciary duties to account to him for the song's profits, share in those profits, and treat him as an equal partner.

The lower court conclusorily and erroneously analyzed this claim, which defendants never even moved for summary judgment on, and dismissed it at summary judgment. Defendants' breach of their fiduciary duties also would have negated the alleged agreement.

**Scope of Review:** The scope of review is de novo, and "Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." Hellstrom v. US Dept. of Veterans Affairs, 201 F. 3d 94, 97 (2d Cir. 2000)

**Claim 7: The Lower Court Failed to Properly Address the Declaration of Copyright Authorship and Ownership Claims and Failed to Allow Discovery on Them**

**Summary**: Plaintiff-Appellant brought declaration of copyright authorship and ownership claims. These were central claims to this case, especially the declaration of authorship. These were the claims upon federal question jurisdiction was premised. Plaintiff-Appellant alleged he was joint

author and joint owner of the song "All the Way Up" under the Copyright Act's authorship rules and requested declaratory judgment to that effect. As such he was owed certain monies, obligations, rights, and had to be properly credited in any filings with the copyright office.

Key and dispositive determinations flowed from this claim for declaratory judgment, including his illusory consideration argument, his breach of fiduciary duties argument, and his fraud inducement claim for Defendants' failing to properly credit him as an author.

The district court, however, simply failed to address the declaration of authorship claim and dismissed the case anyway. At several points it erroneously conflated the distinct joint authorship and joint ownership claims, causing it to incorrectly decide the aforementioned issues, while also construing disputes of fact against Plaintiff. This was reversible error.

**Scope of Review:** The scope of review is de novo, and "Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." Hellstrom v. US Dept. of Veterans Affairs, 201 F. 3d 94, 97 (2d Cir. 2000)

**Claim 8: The District Court Dismissed Appellant's 14 Claims Despite Defendants' Never Moving for Summary Judgment on the Claims Themselves**

**Summary**: FRCP 56(f) requires that the plaintiff be given notice of all claims the Court is going to consider dismissing. Here, the defendants only moved for summary judgment on the Best Evidence Rule. It was not properly argued or briefed how the Rule applied to the specific causes of action or permitted them to be dismissed, such as the Declaration of Copyright Authorship claim, the fraud claim, or the breach of fiduciary duties claim.

Dismissing the 14 claims without notice, by vaguely holding that Elliott had allegedly assigned away all his rights, was reversible error.

**Scope of Review:** The scope of review is de novo, and "Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." Hellstrom v. US Dept. of Veterans Affairs, 201 F. 3d 94, 97 (2d Cir. 2000)

**Claim 9: The Lower Court Erroneously Dismissed Many Defendants Without Notice to Appellant Who Did Not Move for Summary Judgment**

**Summary**: FRCP 56(f) requires that the plaintiff be given notice of the defendants the Court is going to consider dismissing. Here, only certain defendants moved for summary judgment. The court, without notice to Plaintiff, dismissed all the defendants, including some who refused to answer the complaint such as Shandel Green.

**Scope of Review:** The scope of review is de novo, and "Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." Hellstrom v. US Dept. of Veterans Affairs, 201 F. 3d 94, 97 (2d Cir. 2000)

**Claim 10: The Delay in this Case was Prejudicial and Reversible Error**

**Summary**: This case was filed on March 3, 2019, and a hearing on the Motion to Dismiss was held on October 17, 2019, where the court decided that it was going to permit Defendants to file a motion for summary judgment on the unsigned draft agreement. The case then remained undecided for over two years, without discovery, until it was dismissed in January 2022.

On September 11, 2020, Plaintiff complained about "the extreme delay of this case." If anything, after Plaintiff raised this issue, the case proceeded even slower.

This case did not proceed past the very first stages of litigation for nearly three years, which abused the court's discretion. This delay was highly prejudicial as during the delay Plaintiff was not permitted any discovery on key issues, and was not permitted to cross examine Defendants on key issues. An entire case could have been litigated in this time period, and valuable discovery could have been conducted that would have shed light on Defendants' denials and contradictory stories. The nearly three years that it took to decide a narrow preliminary issue, while not even allowing discovery on this issue, is unjustifiable.

**Scope of Review:** The management of a court's docket is discretionary. Madden v. Myers, 102 F. 3d 74 (3d Cir. 1996).

**Claim 11: The District Court Improperly Permitted Defendants to File a Motion for Summary Judgment at a Preliminary Stage When More Discovery was Needed and Disputes of Facts Existed that Only a Jury Could Decide**

**Summary**: Defendants moved to dismiss based on the unsigned draft agreement. Despite discovery being needed on the alleged assignment, and on plaintiff's other arguments regarding fraud and declaration of authorship, the lower court directed Defendants to move for summary judgment on the alleged assignment. Elliott was not permitted discovery on any issue in his FRCP 56(d) declaration, nor on any other claim, despite discovery being critical to the resolution of the case. It was reversible error for the lower court to not permit discovery, convert the motion to dismiss to a summary judgment motion, allow only defendants to submit new evidence, and then make a decision on an undeveloped record.

**Scope of Review:** The scope of review is de novo, and "Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." Hellstrom v. US Dept. of Veterans Affairs, 201 F. 3d 94, 97 (2d Cir. 2000)

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC A. ELLIOTT (P/K/A FLY HAVANA);<br>*Plaintiff*<br>vs.<br>JOSEPH ANTHONY CARTAGENA (P/K/A FAT JOE) ET AL;<br>*Defendants* | CIV. NO.<br>1:19-CV-01998-NRB<br><br>*NOTICE OF APPEAL* |

# NOTICE OF APPEAL

Plaintiff Eric A. Elliott hereby appeals to the United States Court of Appeals for the Second Circuit from the opinion and order entered on January 5, 2022 (attached), and judgment entered January 6, 2022 (attached), as well as any and all interlocutory rulings, decisions, and orders that gave rise to the judgment and are merged therein, including but not limited to:

| | |
|---|---|
| **1/6/2022** | Clerk's Judgment (Doc. No. 193) |
| **1/5/2022** | Opinion and Order (Doc. No. 192) |
| **3/30/2021** | Order (Doc. No. 183) |
| **2/5/2021** | Order (Doc. No. 180) |
| **1/19/2021** | Memo Endorsement (Doc. No. 176) |
| **12/14/2020** | Memo Endorsement (Doc. No. 174) |
| **9/14/2020** | Memo Endorsement (Doc. No. 172) |
| **8/28/2020** | Memo Endorsement (Doc. No. 168) |
| **7/31/2020** | Opinion and Order (Doc. No. 166) |
| **10/17/2019** | Transcript of Proceedings (Doc. No. 141)<br>- All constituent orders, including orders permitting filing of summary judgment motions and/or converting motions to dismiss into summary judgment motions. |

*****

*Respectfully submitted,*
FRANCIS ALEXANDER, LLC
*/s/ Francis Malofiy*
*/s/ AJ Fluehr*
Francis Malofiy, Esquire
Alfred J. Fluehr, Esquire
*Admitted Pro Hac Vice*
280 N. Providence Road | Suite 1
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
*Law Firm / Lawyers for Plaintiff*
*/d/ February 4, 2022*

# Certificate of Service

I hereby state that a true and correct copy of the foregoing Notice of Appeal is being served in accordance with the Federal Rules of Civil Procedure on the following:

Jeremy Ross, Esquire
Adli Law Group
444 South Flower Street, Suite 3100
Los Angeles, CA 90071
Phone: (213) 623-6546
Direct: (213) 537-1270
Fax: (213) 623-6554
jeremy.ross@adlilaw.com
Attorney for Kharbouch Defendants

Tamar Duvdevani, Esquire
DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
T +1 212.335.4799
F +1 917.778.8799
M +1 646.696.1467
E tamar.duvdevani@dlapiper.com
*Attorney for Empire Distribution*

Eleanor Lackman, Esquire
David Steinberg, Esquire
Mitchell Silberberg & Knupp LLP
2049 Century Park East, 18th Floor,
Los Angeles, CA 90067
T: 310.312.3204
E: das@msk.com
*Attorneys for the Cartagena and Warner Defendants*

David Munkittrick, Esquire
Sandra Crawshaw-Sparks, Esquire
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036-8299
T: 212.969.3226
F: 212.969.2900
dmunkittrick@proskauer.com
Sandra Crawshaw Sparks (also in NYC)
2029 Century Park East
Suite 2400

Los Angeles, CA 90067-3010
T: (310) 284-4525
F: (310) 284-2193
Scrawshaw@proskauer.com
*Attorneys for BMG*

Richard Wolfe, Esquire
Wolfe Law
175 SW 7 Street
Latitude One Offices
Suite 2410
Miami, Florida 33130
rwolfe@wolfelawmiami.com
T: 305.384.7370
F: 305.384.7371
M: 305.401.3639
*Attorney for FNG, FNP, and Kobalt Defendants*

Brian Caplan, Esquire
Reitler Kailas & Rosenblatt LLC
885 Third Avenue, 20th Floor
New York, New York 10022
Main: 212-209-3050
Direct: 212-209-3059
Fax: 212-371-5500
Email: bcaplan@reitlerlaw.com
*Attorney for Reach Defendants*

Ilene Farkas, Esquire
Lauren Cooperman, Esquire
Pryor Cashman LLP
7 Times Square
New York, NY 10036
212.326.0188 office
212.798.6382 fax
ifarkas@pryorcashman.com
*Attorneys for Roc Nation, Sony, and Universal Defendants*

Hillel I. Parness
Parness Law Firm, PLLC
136 Madison Ave., 6th Floor
New York, NY 10016
C: 646-526-8261
O: 212-447-5299
E: hip@hiplaw.com

The Honorable Naomi Reice Buchwald

United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

*****

*Respectfully submitted,*
FRANCIS ALEXANDER, LLC
*/s/ Francis Malofiy*
*/s/ AJ Fluehr*
Francis Malofiy, Esquire
Alfred J. Fluehr, Esquire
*Admitted Pro Hace Vice*
280 N. Providence Road | Suite 1
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
*Law Firm / Lawyers for Plaintiff*
*/d/ February 4, 2022*

CLOSED,APPEAL,ECF

# U.S. District Court
# Southern District of New York (Foley Square)
# CIVIL DOCKET FOR CASE #: 1:19−cv−01998−NRB

Elliott v. Cartagena et al
Assigned to: Judge Naomi Reice Buchwald
Cause: 28:2201cp Declaratory Judgment (Copyright)

Date Filed: 03/04/2019
Date Terminated: 01/06/2022
Jury Demand: Both
Nature of Suit: 820 Copyright
Jurisdiction: Federal Question

**Plaintiff**

| | | |
|---|---|---|
| **Eric A Elliott**<br>*personally known as*<br>Fly Havana | represented by | **Francis Malofiy**<br>Francis Alexander, LLC<br>280 N. Providence Road<br>Suite 1<br>Suite 1<br>Media, PA 19063<br>215−500−1000<br>Fax: 215−500−1005<br>Email: francis@francisalexander.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Alfred Joseph Fluehr**<br>Francis Alexander LLC<br>280 N. Providence Road<br>Media, PA 19063<br>(215)−341−1063<br>Fax: (215)−500−1005<br>Email: aj@francisalexander.com<br>*ATTORNEY TO BE NOTICED* |

V.

**Defendant**

| | | |
|---|---|---|
| **Joseph Anthony Cartagena**<br>*personally known as*<br>Fat Joe | represented by | **Eleanor Martine Lackman**<br>Mitchell Silberberg & Knupp LLP<br>437 Madison Avenue<br>25th Floor<br>New York, NY 10022<br>212−509−3900<br>Email: eml@msk.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Elaine Nguyen**<br>Mitchell Silberberg & Knupp<br>437 Madison Avenue<br>25th Floor<br>New York, NY 10022<br>917−546−7713<br>Email: eln@msk.com<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Karim Kharbouch**<br>*personally known as*<br>French Montana | represented by | **Dariush Ghaffar Adli**<br>Adli Law Group PC<br>12400 Wilshire Blvd.<br>Suite 1460<br>Los Angeles, CA 90025 |

213−623−6546
Email: nicolette.hachem−sawaya@adlilaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Shandel Green**
*personally known as*
Infared

**Defendant**

**Reminisce Smith Mackie**
*personally known as*
Remy Ma

represented by **Eleanor Martine Lackman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Efrat Cohen**
Reed Smith LLP (NYC)
599 Lexington Avenue
New York, NY 10022
(212) 521−5400 X205−6069
Fax: (212) 521−5450
Email: emenachemi@reedsmith.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Marcello Valenzano**
*personally known as*
Cool

**Defendant**

**Andre Lyon**
*personally known as*
Dre

**Defendant**

**Edward F Davadi, Jr.**
*personally known as*
Edsclusive

represented by **Hillel Ira Parness**
Parness Law Firm, PLLC
136 Madison Avenue, 6th Floor
New York, NY 10007
212−447−5299
Fax: 646−722−3301
Email: hip@hiplaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Joey and Ryan Music**

represented by **Eleanor Martine Lackman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elaine Nguyen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Excuse My French Music**

represented by **Dariush Ghaffar Adli**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Excuse My French Music II** represented by **Dariush Ghaffar Adli**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mr. Green Music**

**Defendant**

**Remynisce Music** represented by **Eleanor Martine Lackman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dade Co. Project Music, Inc.**

**Defendant**

**Po Folks Music**

**Defendant**

**Universal Music−Z Tunes LLC**
*doing business as*
Universal Music Z Songs

represented by **Ilene Susan Farkas**
Pryor Cashman LLP
7 Times Square
New York, NY 10036
212−421−4100
Fax: 212−326−0806
Email: ifarkas@pryorcashman.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kobalt Songs Music Publishing**
*TERMINATED: 07/31/2020*

represented by **Brian D. Caplan**
Reitler Kailas & Rosenblatt LLP
885 Third Avenue, 20th Floor
Ste 20th Floor
New York, NY 10022
212−209−3059
Email: bcaplan@reitlerlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kobalt Music Publishing America, Inc.**
*TERMINATED: 07/31/2020*

represented by **Brian D. Caplan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Reach Global Inc.**
*TERMINATED: 07/31/2020*

**Defendant**

**Sony/ATV Allegro**
*TERMINATED: 07/31/2020*

represented by **Ilene Susan Farkas**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**First N Platinum Publishing**
*TERMINATED: 07/31/2020*

**Defendant**

| | | |
|---|---|---|
| **BMG Rights Management (US) LLC**<br>*TERMINATED: 07/31/2020*<br>*doing business as*<br>BMG Platinum Songs US<br>*TERMINATED: 07/31/2020* | represented by | **David Alexander Munkittrick**<br>Proskauer Rose LLP (NYC)<br>11 Times Square<br>New York, NY 10036<br>(212)−969−3226<br>Fax: (212)−969−2900<br>Email: dmunkittrick@proskauer.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Sandra Allison Crawshaw**<br>Proskauer Rose LLP (NYC)<br>11 Times Square<br>New York, NY 10036<br>212−969−3915<br>Fax: 212−969−2900<br>Email: scrawshaw@proskauer.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Sony/ATV Tunes LLC**<br>*TERMINATED: 07/31/2020* | represented by | **Ilene Susan Farkas**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

**Cuts of Reach Music**
*TERMINATED: 07/31/2020*

**Defendant**

**Songs of Reach Global**
*TERMINATED: 07/31/2020*

**Defendant**

| | | |
|---|---|---|
| **Warner−Tamerlane Publishing Corp.** | represented by | **Eleanor Martine Lackman**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Elaine Nguyen**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

**First N Gold Publishing, Inc.**
*TERMINATED: 07/31/2020*

**Defendant**

**Reach Music Publishing Inc.**
*TERMINATED: 07/31/2020*

**Defendant**

| | | |
|---|---|---|
| **Warner/Chappell Music, Inc.** | represented by | **Eleanor Martine Lackman**<br>(See above for address)<br>*LEAD ATTORNEY* |

*ATTORNEY TO BE NOTICED*

**Elaine Nguyen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Sony/ATV Music Publishing, Inc.**
*TERMINATED: 07/31/2020*

represented by **Ilene Susan Farkas**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Songs of Universal Inc.**

represented by **Ilene Susan Farkas**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Roc Nation LLC**

represented by **Ilene Susan Farkas**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Roc Nation Management LLC**

represented by **Ilene Susan Farkas**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Sneaker Addict Touring LLC**

represented by **Eleanor Martine Lackman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elaine Nguyen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Terror Squad Productions, Inc.**

represented by **Eleanor Martine Lackman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elaine Nguyen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Terror Squad Entertainment**

represented by **Eleanor Martine Lackman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elaine Nguyen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**RNG (Rap's New Generation)** represented by **Eleanor Martine Lackman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elaine Nguyen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Empire Distribution, Inc.** represented by **Tamar Y. Duvdevani**
DLA Piper US LLP (NY)
1251 Avenue of the Americas, 27th Floor
New York, NY 10020
(212)−335−4500
Email: tamar.duvdevani@dlapiper.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eleanor Martine Lackman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kerry Anne O'Neill**
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY 10020
212−335−4682
Email: kerry.oneill@dlapiper.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/04/2019 | 1 | **FILING ERROR − DEFICIENT PLEADING − FILED AGAINST PARTY ERROR −**COMPLAINT against Joseph A. Cartagena, Karim Kharbouch, Shandel Green, Reminisce Smith Mackie, Marcello Valenzano, Andre Lyon, Edward F Davadi, Jr.. (Filing Fee $ 400.00, Receipt Number ANYSDC−16438293)Document filed by Eric A Elliott.(Fluehr, Alfred) Modified on 3/5/2019 (pne). (Entered: 03/04/2019) |
| 03/04/2019 | | ADD PARTY FOR PLEADING. Defendants/Respondents Joey and Ryan Music, Excuse My French Music, Excuse My French Music II, Mr. Green Music, Remynisce Music, Dade Co. Project Music, Inc., Po Folks Music added. Party added pursuant to 1 Complaint,.Document filed by Eric A Elliott. Related document: 1 Complaint,.(Fluehr, Alfred) (Entered: 03/04/2019) |
| 03/04/2019 | | ADD PARTY FOR PLEADING. Defendants/Respondents Universal Music−Z Tunes LLC, Kobalt Songs Music Publishing, Kobalt Music Publishing America, Inc., Reach Global Inc., Sony/ATV Allegro, First N Platinum Publishing, BMG Rights Management (US) LLC, Sony/ATV Tunes LLC, Cuts of Reach Music, Songs of Reach Global, Warner−Tamerlane Publishing Corp., First N Gold Publishing, Inc., Reach Music Publishing Inc., Warner/Chappell Music, Inc., Sony/ATV Music Publishing, Inc., Songs of Universal Inc. added. Party added pursuant to 1 Complaint,.Document filed by Eric A Elliott, Universal Music−Z Tunes LLC, Kobalt Songs Music Publishing, Kobalt Music Publishing America, Inc., Reach Global Inc., Sony/ATV Allegro, First N Platinum Publishing, BMG Rights Management (US) LLC, Sony/ATV Tunes LLC, Cuts of Reach Music, Songs of Reach Global, Warner−Tamerlane Publishing Corp., First N Gold Publishing, Inc., Reach Music Publishing Inc., Warner/Chappell Music, Inc., Sony/ATV Music Publishing, Inc., Songs of Universal Inc.. Related document: 1 Complaint,.(Fluehr, Alfred) (Entered: 03/04/2019) |

| | | |
|---|---|---|
| 03/04/2019 | | ADD PARTY FOR PLEADING. Defendants/Respondents Roc Nation LLC, Roc Nation Management LLC, Sneaker Addict Touring LLC, Terror Squad Productions, Inc., Terror Squad Entertainment, RNG, Empire Distribution, Inc. added. Party added pursuant to 1 Complaint,.Document filed by Eric A Elliott. Related document: 1 Complaint,.(Fluehr, Alfred) (Entered: 03/04/2019) |
| 03/04/2019 | 2 | **FILING ERROR − DEFICIENT DOCKET ENTRY −** MOTION for Alfred Joseph Fluehr to Appear Pro Hac Vice *for Plaintiff*. Filing fee $ 200.00, receipt number ANYSDC−16438839. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Eric A Elliott. (Attachments: # 1 Text of Proposed Order)(Fluehr, Alfred) Modified on 3/13/2019 (wb). (Entered: 03/04/2019) |
| 03/04/2019 | 3 | **FILING ERROR − PDF ERROR −** AO 121 FORM COPYRIGHT − NOTICE OF SUBMISSION BY ATTORNEY. AO 121 Form Copyright for case opening submitted to court for review.(Fluehr, Alfred) Modified on 3/5/2019 (pne). (Entered: 03/04/2019) |
| 03/04/2019 | 4 | **FILING ERROR − PDF ERROR −** CIVIL COVER SHEET filed. (Fluehr, Alfred) Modified on 3/5/2019 (pne). (Entered: 03/04/2019) |
| 03/04/2019 | 5 | MOTION for Francis Malofiy to Appear Pro Hac Vice *for Plaintiff*. Filing fee $ 200.00, receipt number ANYSDC−16439410. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Eric A Elliott. (Attachments: # 1 Text of Proposed Order)(Fluehr, Alfred) (Entered: 03/04/2019) |
| 03/05/2019 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice to RE−FILE Document No. 2 MOTION for Alfred Joseph Fluehr to Appear Pro Hac Vice *for Plaintiff*. Filing fee $ 200.00, receipt number ANYSDC−16438839. Motion and supporting papers to be reviewed by Clerk's Office staff., 5 MOTION for Francis Malofiy to Appear Pro Hac Vice *for Plaintiff*. Filing fee $ 200.00, receipt number ANYSDC−16439410. Motion and supporting papers to be reviewed by Clerk's Office staff... The filing is deficient for the following reason(s): expired Certificate of Good Standings. Re−file the motion as a Corrected Motion to Appear Pro Hac Vice − attach the correct signed PDF − select the correct named filer/filers − attach valid Certificates of Good Standing issued within the past 30 days − attach Proposed Order.. (wb)** (Entered: 03/05/2019) |
| 03/05/2019 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above−entitled action is assigned to Judge Naomi Reice Buchwald. Please download and review the Individual Practices of the assigned District Judge, located at http://nysd.uscourts.gov/judges/District. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at http://nysd.uscourts.gov/ecf_filing.php. (pne) (Entered: 03/05/2019) |
| 03/05/2019 | | Magistrate Judge Debra C. Freeman is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: http://nysd.uscourts.gov/forms.php. (pne) (Entered: 03/05/2019) |
| 03/05/2019 | | Case Designated ECF. (pne) (Entered: 03/05/2019) |
| 03/05/2019 | | *****NOTICE TO ATTORNEY REGARDING CIVIL CASE OPENING STATISTICAL ERROR CORRECTION: Notice to attorney Alfred Joseph Fluehr. The following case opening statistical information was erroneously selected/entered: Cause of Action code 17:201; Dollar Demand $10,000,000,000; Fee Status code due (due). The following correction(s) have been made to your case entry: the Cause of Action code has been modified to 28:2201cp; the Dollar Demand has been modified to none; no dollar demand entered on civil cover sheet; the Fee Status code has been modified to pd (paid). (pne)** (Entered: 03/05/2019) |
| 03/05/2019 | | *****NOTICE TO ATTORNEY REGARDING PARTY MODIFICATION. Notice to attorney Alfred Joseph Fluehr. The party information for the following party/parties has been modified: Joseph Anthony Cartagena, RNG (Rap's New Generation), BMG Rights Management (US) LLC, Universal Music−Z Tunes LLC. The information for the party/parties has been modified for the following** |

| | | |
|---|---|---|
| | | **reason/reasons: party name contained a typographical error; alias party name was omitted. (pne)** (Entered: 03/05/2019) |
| 03/05/2019 | | *****NOTICE TO ATTORNEY REGARDING DEFICIENT PLEADING. Notice to Attorney Alfred Joseph Fluehr to RE−FILE Document No. 1 Complaint,. The filing is deficient for the following reason(s): all parties whom the pleading is against were not selected. Re−file the pleading using the event type Complaint found under the event list Complaints and Other Initiating Documents − attach the correct signed PDF − select the individually named filer/filers − select the individually named party/parties the pleading is against. **DO NOT USE GOOGLE CHROME OR SAFARI BROWSERS** (pne)** (Entered: 03/05/2019) |
| 03/05/2019 | | *****NOTICE TO ATTORNEY REGARDING DEFICIENT CIVIL COVER SHEET. Notice to attorney Alfred Joseph Fluehr to RE−FILE Document No. 4 Civil Cover Sheet. The filing is deficient for the following reason(s): defendant name contains a typographical error. Re−file the document using the event type Civil Cover Sheet found under the event list Other Documents and attach the correct PDF. Use civil cover sheet issued by S.D.N.Y. dated June 2017. The S.D.N.Y. Civil Cover Sheet dated June 2017 is located at http://nysd.uscourts.gov/file/forms/civil−cover−sheet.. (pne)** (Entered: 03/05/2019) |
| 03/05/2019 | | *****NOTICE TO ATTORNEY REGARDING DEFICIENT COPYRIGHT FORM. Notice to Attorney Alfred Joseph Fluehr to RE−FILE Document No. 3 AO 121 Form Copyright − Notice of Submission by Attorney. The filing is deficient for the following reason(s):. the PDF attached to the docket entry for the AO 121 Copyright form is not correct; defendant name contains a typographical error. Re−file the document using the event type AO 121 Form Copyright − Notice of Submission by Attorney found under the event list Other Documents and attach the correct AO 121 Copyright PDF form. (pne)** (Entered: 03/05/2019) |
| 03/06/2019 | 6 | COMPLAINT against BMG Rights Management (US) LLC, Joseph Anthony Cartagena, Cuts of Reach Music, Dade Co. Project Music, Inc., Edward F Davadi, Jr., Empire Distribution, Inc., Excuse My French Music, Excuse My French Music II, First N Gold Publishing, Inc., First N Platinum Publishing, Shandel Green, Joey and Ryan Music, Karim Kharbouch, Kobalt Music Publishing America, Inc., Kobalt Songs Music Publishing, Andre Lyon, Reminisce Smith Mackie, Mr. Green Music, Po Folks Music, RNG (Rap's New Generation), Reach Global Inc., Reach Music Publishing Inc., Remynisce Music, Roc Nation LLC, Roc Nation Management LLC, Sneaker Addict Touring LLC, Songs of Reach Global, Songs of Universal Inc., Sony/ATV Allegro, Sony/ATV Music Publishing, Inc., Sony/ATV Tunes LLC, Terror Squad Entertainment, Terror Squad Productions, Inc., Universal Music−Z Tunes LLC, Marcello Valenzano, Warner−Tamerlane Publishing Corp., Warner/Chappell Music, Inc.. Document filed by Eric A Elliott.(Fluehr, Alfred) (Entered: 03/06/2019) |
| 03/06/2019 | 7 | AO 121 FORM COPYRIGHT − NOTICE OF SUBMISSION BY ATTORNEY. AO 121 Form Copyright for case opening submitted to court for review.(Fluehr, Alfred) (Entered: 03/06/2019) |
| 03/06/2019 | 8 | CIVIL COVER SHEET filed. (Fluehr, Alfred) (Entered: 03/06/2019) |
| 03/13/2019 | 9 | **FILING ERROR − DEFICIENT DOCKET ENTRY −** MOTION for Alfred Joseph Fluehr to Appear Pro Hac Vice ****CORRECTED****. Filing fee $ 200.00, receipt number ANYSDC−16488938. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Eric A Elliott.(Fluehr, Alfred) Modified on 3/13/2019 (ma). (Entered: 03/13/2019) |
| 03/13/2019 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice to RE−FILE Document No.. The filing is deficient for the following reason(s): missing Proposed Order;. Re−file the motion as a Motion to Appear Pro Hac Vice − attach the correct signed PDF − select the correct named filer/filers − attach valid Certificates of Good Standing issued within the past 30 days − attach Proposed Order.. (ma)** (Entered: 03/13/2019) |
| 03/13/2019 | 10 | MOTION for Alfred Joseph Fluehr to Appear Pro Hac Vice ****CORRECTED****. Filing fee $ 200.00, receipt number ANYSDC−16489108. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Eric A Elliott. (Attachments: # 1 Text of Proposed Order)(Fluehr, Alfred) (Entered: 03/13/2019) |

| | | |
|---|---|---|
| 03/13/2019 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. The document has been reviewed and there are no deficiencies. (wb)** (Entered: 03/13/2019) |
| 03/13/2019 | 11 | MOTION for Francis Malofiy to Appear Pro Hac Vice ****CORRECTED****. Filing fee $ 200.00, receipt number ANYSDC−16490418. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Eric A Elliott. (Attachments: # 1 Text of Proposed Order)(Malofiy, Francis) (Entered: 03/13/2019) |
| 03/13/2019 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 11. The document has been reviewed and there are no deficiencies. (jc)** (Entered: 03/13/2019) |
| 03/14/2019 | 12 | ORDER: granting 10 Motion for Alfred Joseph Fluehr to Appear Pro Hac Vice. it is hereby ORDERED and DECREED that said Motion is GRANTED. (Signed by Judge Naomi Reice Buchwald on 3/14/2019) (ama) (Entered: 03/14/2019) |
| 03/14/2019 | 13 | ORDER: granting 11 Motion for Francis Malofiy to Appear Pro Hac Vice. it is hereby ORDERED and DECREED that said Motion is GRANTED. (Signed by Judge Naomi Reice Buchwald on 3/14/2019) (ama) (Entered: 03/14/2019) |
| 03/26/2019 | | Pro Hac Vice Fee Refunded: Filing fee refunded for Receipt numbers ANYSDC−16490418, ANYSDC−16438839, & ANYSDC−16439410, for the following reason(s): duplicate payments. (jom) (Entered: 03/26/2019) |
| 04/17/2019 | 14 | REQUEST FOR ISSUANCE OF SUMMONS as to REMINISCE SMITH MACKIE, REMYNISCE MUSIC, re: 6 Complaint,,,. Document filed by Eric A Elliott. (Malofiy, Francis) (Entered: 04/17/2019) |
| 04/17/2019 | 15 | REQUEST FOR ISSUANCE OF SUMMONS as to BMG RIGHTS MANAGEMENT (US) LLC, re: 6 Complaint,,,. Document filed by Eric A Elliott. (Malofiy, Francis) (Entered: 04/17/2019) |
| 04/17/2019 | 16 | REQUEST FOR ISSUANCE OF SUMMONS as to Edward F. Davadi, Jr., re: 6 Complaint,,,. Document filed by Eric A Elliott. (Malofiy, Francis) (Entered: 04/17/2019) |
| 04/17/2019 | 17 | REQUEST FOR ISSUANCE OF SUMMONS as to EMPIRE DISTRIBUTION, INC., re: 6 Complaint,,,. Document filed by Eric A Elliott. (Malofiy, Francis) (Entered: 04/17/2019) |
| 04/17/2019 | 18 | REQUEST FOR ISSUANCE OF SUMMONS as to First N Platinum Publishing, First N Gold Publishing Inc, Kobalt Songs Music Publishing, Kobalt Music Publishing America Inc., re: 6 Complaint,,,. Document filed by Eric A Elliott. (Malofiy, Francis) (Entered: 04/17/2019) |
| 04/17/2019 | 19 | REQUEST FOR ISSUANCE OF SUMMONS as to Joseph Anthony Cartagena, Joey and Ryan Music, Sneaker Addict Touring LLC, re: 6 Complaint,,,. Document filed by Eric A Elliott. (Malofiy, Francis) (Entered: 04/17/2019) |
| 04/17/2019 | 20 | REQUEST FOR ISSUANCE OF SUMMONS as to Karim Kharbouch, Excuse My French Music, Excuse My French Music II, re: 6 Complaint,,,. Document filed by Eric A Elliott. (Malofiy, Francis) (Entered: 04/17/2019) |
| 04/17/2019 | 21 | REQUEST FOR ISSUANCE OF SUMMONS as to Marcello Valenzano, Dade Co. Project Music Inc., Andre Lyon, Po Folks Music, re: 6 Complaint,,,. Document filed by Eric A Elliott. (Malofiy, Francis) (Entered: 04/17/2019) |
| 04/17/2019 | 22 | REQUEST FOR ISSUANCE OF SUMMONS as to Reach Global Inc., Songs of Reach Global, Reach Music Publishing Inc., Cuts of Reach Music, re: 6 Complaint,,,. Document filed by Eric A Elliott. (Malofiy, Francis) (Entered: 04/17/2019) |
| 04/17/2019 | 23 | REQUEST FOR ISSUANCE OF SUMMONS as to Roc Nation LLC, Roc Nation Management LLC, re: 6 Complaint,,,. Document filed by Eric A Elliott. (Malofiy, Francis) (Entered: 04/17/2019) |
| 04/17/2019 | 24 | REQUEST FOR ISSUANCE OF SUMMONS as to Shandel Green, Mr. Green Music, re: 6 Complaint,,,. Document filed by Eric A Elliott. (Malofiy, Francis) (Entered: 04/17/2019) |

| | | |
|---|---|---|
| 04/17/2019 | 25 | REQUEST FOR ISSUANCE OF SUMMONS as to Songs of Universal Inc., Universal Music−Z Tunes LLC, re: 6 Complaint,,,. Document filed by Eric A Elliott. (Malofiy, Francis) (Entered: 04/17/2019) |
| 04/17/2019 | 26 | REQUEST FOR ISSUANCE OF SUMMONS as to Sony/ ATV Allegro, Sony/ ATV Tunes LLC, Sony/ ATV Music Publishing Inc., re: 6 Complaint,,,. Document filed by Eric A Elliott. (Malofiy, Francis) (Entered: 04/17/2019) |
| 04/17/2019 | 27 | REQUEST FOR ISSUANCE OF SUMMONS as to Terror Squad Productions Inc., Terror Squad Entertainment, RNG (Rap's New Generation), re: 6 Complaint,,,. Document filed by Eric A Elliott. (Malofiy, Francis) (Entered: 04/17/2019) |
| 04/17/2019 | 28 | REQUEST FOR ISSUANCE OF SUMMONS as to Warner/ Chappel Music Inc., Warner−Tamerlane Publishing Corp., re: 6 Complaint,,,. Document filed by Eric A Elliott. (Malofiy, Francis) (Entered: 04/17/2019) |
| 04/18/2019 | 29 | ELECTRONIC SUMMONS ISSUED as to Reminisce Smith Mackie, Remynisce Music. (dnh) (Entered: 04/18/2019) |
| 04/18/2019 | 30 | ELECTRONIC SUMMONS ISSUED as to BMG Rights Management (US) LLC. (dnh) (Entered: 04/18/2019) |
| 04/18/2019 | 31 | ELECTRONIC SUMMONS ISSUED as to Edward F Davadi, Jr.. (dnh) (Entered: 04/18/2019) |
| 04/18/2019 | 32 | ELECTRONIC SUMMONS ISSUED as to Empire Distribution, Inc.. (dnh) (Entered: 04/18/2019) |
| 04/18/2019 | 33 | ELECTRONIC SUMMONS ISSUED as to First N Gold Publishing, Inc., First N Platinum Publishing, Kobalt Music Publishing America, Inc., Kobalt Songs Music Publishing. (dnh) (Entered: 04/18/2019) |
| 04/18/2019 | 34 | ELECTRONIC SUMMONS ISSUED as to Joseph Anthony Cartagena, Joey and Ryan Music, Sneaker Addict Touring LLC. (dnh) (Entered: 04/18/2019) |
| 04/18/2019 | 35 | ELECTRONIC SUMMONS ISSUED as to Excuse My French Music, Excuse My French Music II, Karim Kharbouch. (dnh) (Entered: 04/18/2019) |
| 04/18/2019 | 36 | ELECTRONIC SUMMONS ISSUED as to Dade Co. Project Music, Inc., Andre Lyon, Po Folks Music, Marcello Valenzano. (dnh) (Entered: 04/18/2019) |
| 04/18/2019 | 37 | ELECTRONIC SUMMONS ISSUED as to Cuts of Reach Music, Reach Global Inc., Reach Music Publishing Inc., Songs of Reach Global. (dnh) (Entered: 04/18/2019) |
| 04/18/2019 | 38 | ELECTRONIC SUMMONS ISSUED as to Roc Nation LLC, Roc Nation Management LLC. (dnh) (Entered: 04/18/2019) |
| 04/18/2019 | 39 | ELECTRONIC SUMMONS ISSUED as to Shandel Green, Mr. Green Music. (dnh) (Entered: 04/18/2019) |
| 04/18/2019 | 40 | ELECTRONIC SUMMONS ISSUED as to Songs of Universal Inc., Universal Music−Z Tunes LLC. (dnh) (Entered: 04/18/2019) |
| 04/18/2019 | 41 | ELECTRONIC SUMMONS ISSUED as to Sony/ATV Allegro, Sony/ATV Music Publishing, Inc., Sony/ATV Tunes LLC. (dnh) (Entered: 04/18/2019) |
| 04/18/2019 | 42 | ELECTRONIC SUMMONS ISSUED as to RNG (Rap's New Generation), Terror Squad Entertainment, Terror Squad Productions, Inc.. (dnh) (Entered: 04/18/2019) |
| 04/18/2019 | 43 | ELECTRONIC SUMMONS ISSUED as to Warner−Tamerlane Publishing Corp., Warner/Chappell Music, Inc.. (dnh) (Entered: 04/18/2019) |
| 05/07/2019 | 44 | LETTER: addressed to Francis Malofiy from: Naomi Reice Buchwald, United States District Judge dated 5/07/2019 re: A review of the docket sheet in the above−captioned matter indicates that your complaint was filed on March 6, 2019, and that, as of today's date, the complaint has not been served on the defendants. Rule 4(m) of the Federal Rules of Civil Procedure, as amended as of December 1, 2015, provides: If a defendant is not served within 90 days after the complaint is filed, the court − on motion or on its own after notice to the plaintiff − must dismiss the action without prejudice against that defendant or order that service be made within a specified time. |

| | | |
|---|---|---|
| | | But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. Thus, unless you achieve service (and file proof of service with the Court) or show good cause why your time to serve should be extended, this matter will be dismissed without prejudice on June 5, 2019.(ama) (Entered: 05/07/2019) |
| 05/31/2019 | 45 | SUMMONS RETURNED EXECUTED. Joseph Anthony Cartagena served on 5/28/2019, answer due 6/18/2019. Service was accepted by Joseph Anthony Cartagena. Document filed by Eric A Elliott. (Malofiy, Francis) (Entered: 05/31/2019) |
| 05/31/2019 | 46 | SUMMONS RETURNED EXECUTED. Sneaker Addict Touring LLC served on 5/28/2019, answer due 6/18/2019. Service was accepted by Joseph Anthony Cartagena. Document filed by Eric A Elliott. (Malofiy, Francis) (Entered: 05/31/2019) |
| 05/31/2019 | 47 | SUMMONS RETURNED EXECUTED. Joey and Ryan Music served on 5/28/2019, answer due 6/18/2019. Service was accepted by Joseph Anthony Cartagena. Document filed by Eric A Elliott. (Malofiy, Francis) (Entered: 05/31/2019) |
| 05/31/2019 | 48 | SUMMONS RETURNED EXECUTED. RNG (Rap's New Generation) served on 5/28/2019, answer due 6/18/2019. Service was accepted by Joseph Anthony Cartagena. Document filed by Eric A Elliott. (Malofiy, Francis) (Entered: 05/31/2019) |
| 05/31/2019 | 49 | SUMMONS RETURNED EXECUTED. Terror Squad Entertainment served on 5/28/2019, answer due 6/18/2019. Service was accepted by Joseph Anthony Cartagena. Document filed by Eric A Elliott. (Malofiy, Francis) (Entered: 05/31/2019) |
| 05/31/2019 | 50 | **FILING ERROR − DEFICIENT DOCKET ENTRY −** SUMMONS RETURNED EXECUTED. Terror Squad Productions, Inc. served on 5/24/2019, answer due 6/14/2019. Service was accepted by Joseph Anthony Cartagena. Document filed by Eric A Elliott. (Malofiy, Francis) Modified on 5/31/2019 (db). As per ecf_error email correspondence received on 5/31/2019 @1:42pm. (Entered: 05/31/2019) |
| 05/31/2019 | 51 | **FILING ERROR − DEFICIENT DOCKET ENTRY −** SUMMONS RETURNED EXECUTED. Joseph Anthony Cartagena served on 5/24/2019, answer due 6/18/2019. Service was accepted by Joseph Anthony Cartagena. Document filed by Eric A Elliott. (Malofiy, Francis) Modified on 5/31/2019 (db). As per ecf_error email correspondence received on 5/31/2019 @ 1:42pm. (Entered: 05/31/2019) |
| 05/31/2019 | 52 | SUMMONS RETURNED EXECUTED. Karim Kharbouch served on 5/25/2019, answer due 6/17/2019. Service was accepted by Jane Doe. Document filed by Eric A Elliott. (Malofiy, Francis) (Entered: 05/31/2019) |
| 05/31/2019 | 53 | SUMMONS RETURNED EXECUTED. Excuse My French Music served on 5/25/2019, answer due 6/17/2019. Service was accepted by Jane Doe. Document filed by Eric A Elliott. (Malofiy, Francis) (Entered: 05/31/2019) |
| 05/31/2019 | 54 | SUMMONS RETURNED EXECUTED. Excuse My French Music II served on 5/25/2019, answer due 6/17/2019. Service was accepted by Jane Doe. Document filed by Eric A Elliott. (Malofiy, Francis) (Entered: 05/31/2019) |
| 05/31/2019 | 55 | SUMMONS RETURNED EXECUTED. Roc Nation LLC served on 5/28/2019, answer due 6/18/2019. Service was accepted by Joan (Corp. Creations Network). Document filed by Eric A Elliott. (Malofiy, Francis) (Entered: 05/31/2019) |
| 05/31/2019 | 56 | SUMMONS RETURNED EXECUTED. Roc Nation Management LLC served on 5/28/2019, answer due 6/18/2019. Service was accepted by Joan (Corp. Creations Network). Document filed by Eric A Elliott. (Malofiy, Francis) (Entered: 05/31/2019) |
| 05/31/2019 | 57 | WAIVER OF SERVICE RETURNED EXECUTED. BMG Rights Management (US) LLC waiver sent on 5/23/2019, answer due 7/22/2019. Document filed by Eric A Elliott. (Malofiy, Francis) (Entered: 05/31/2019) |
| 05/31/2019 | 58 | SUMMONS RETURNED EXECUTED. Terror Squad Productions, Inc. served on 5/28/2019, answer due 6/18/2019. Service was accepted by Joseph Anthony Cartagena. Document filed by Eric A Elliott. (Malofiy, Francis) (Entered: 05/31/2019) |
| 06/04/2019 | 59 | WAIVER OF SERVICE RETURNED EXECUTED. Reach Global Inc. waiver sent on 5/29/2019, answer due 7/29/2019. Document filed by Eric A Elliott. (Malofiy, Francis) (Entered: 06/04/2019) |

| | | |
|---|---|---|
| 06/04/2019 | 60 | WAIVER OF SERVICE RETURNED EXECUTED. Reach Music Publishing Inc. waiver sent on 5/29/2019, answer due 7/29/2019. Document filed by Eric A Elliott. (Malofiy, Francis) (Entered: 06/04/2019) |
| 06/04/2019 | 61 | SUMMONS RETURNED EXECUTED. Warner/Chappell Music, Inc. served on 5/28/2019, answer due 6/18/2019. Service was accepted by Sattie Jairam (CT Corporation Systems). Document filed by Eric A Elliott. (Malofiy, Francis) (Entered: 06/04/2019) |
| 06/04/2019 | 62 | SUMMONS RETURNED EXECUTED. Warner−Tamerlane Publishing Corp. served on 5/28/2019, answer due 6/18/2019. Service was accepted by Sattie Jairam (CT Corporation Systems). Document filed by Eric A Elliott. (Malofiy, Francis) (Entered: 06/04/2019) |
| 06/04/2019 | 63 | SUMMONS RETURNED EXECUTED. Songs of Universal Inc. served on 5/28/2019, answer due 6/18/2019. Service was accepted by Sattie Jairam (CT Corporation Systems). Document filed by Eric A Elliott. (Malofiy, Francis) (Entered: 06/04/2019) |
| 06/04/2019 | 64 | SUMMONS RETURNED EXECUTED. Universal Music−Z Tunes LLC served on 5/28/2019, answer due 6/18/2019. Service was accepted by Sattie Jairam (CT Corporation Systems). Document filed by Eric A Elliott. (Malofiy, Francis) (Entered: 06/04/2019) |
| 06/04/2019 | 65 | SUMMONS RETURNED EXECUTED. Kobalt Songs Music Publishing served on 5/28/2019, answer due 6/18/2019. Service was accepted by Jane Doe (CSC). Document filed by Eric A Elliott. (Malofiy, Francis) (Entered: 06/04/2019) |
| 06/04/2019 | 66 | SUMMONS RETURNED EXECUTED. Kobalt Music Publishing America, Inc. served on 5/28/2019, answer due 6/18/2019. Service was accepted by Jane Doe (CSC). Document filed by Eric A Elliott. (Malofiy, Francis) (Entered: 06/04/2019) |
| 06/04/2019 | 67 | MOTION for Extension of Time *of Service Deadline, and for Alternate Service*. Document filed by Eric A Elliott. (Attachments: # 1 Memorandum of Law, # 2 Text of Proposed Order)(Fluehr, Alfred) (Entered: 06/04/2019) |
| 06/04/2019 | 68 | DECLARATION of AJ Fluehr, Esquire in Support re: 67 MOTION for Extension of Time *of Service Deadline, and for Alternate Service*.. Document filed by Eric A Elliott. (Attachments: # 1 Exhibits 1−10, # 2 Exhibits 11−24)(Fluehr, Alfred) (Entered: 06/04/2019) |
| 06/05/2019 | 69 | ORDER granting 67 MOTION FOR ALTERNATE SERVICE AND EXTENSION TO SERVE THE COMPLAINT AND SUMMONS. (The deadline to serve all Defendants is extended 30 days.) SO ORDERED. (Signed by Judge Naomi Reice Buchwald on 6/05/2019) (ama) (Entered: 06/05/2019) |
| 06/05/2019 | 70 | SUMMONS RETURNED EXECUTED. Sony/ATV Music Publishing, Inc. served on 5/23/2019, answer due 6/13/2019. Service was accepted by Anne Marie Mosera. Document filed by Eric A Elliott. (Malofiy, Francis) (Entered: 06/05/2019) |
| 06/05/2019 | 71 | SUMMONS RETURNED EXECUTED. Sony/ATV Allegro served on 5/23/2019, answer due 6/13/2019. Service was accepted by Anne Marie Mosera. Document filed by Eric A Elliott. (Malofiy, Francis) (Entered: 06/05/2019) |
| 06/05/2019 | 72 | SUMMONS RETURNED EXECUTED. Sony/ATV Tunes LLC served on 5/23/2019, answer due 6/13/2019. Service was accepted by Anne Marie Mosera. Document filed by Eric A Elliott. (Malofiy, Francis) (Entered: 06/05/2019) |
| 06/06/2019 | 73 | AFFIDAVIT OF SERVICE. Shandel Green served on 6/6/2019, answer due 6/27/2019. Service was accepted by @therealinfared Instagram account. Document filed by Eric A Elliott. (Fluehr, Alfred) (Entered: 06/06/2019) |
| 06/06/2019 | 74 | AFFIDAVIT OF SERVICE. Mr. Green Music served on 6/6/2019, answer due 6/27/2019. Service was accepted by @therealinfared Instagram account. Document filed by Eric A Elliott. (Fluehr, Alfred) (Entered: 06/06/2019) |
| 06/06/2019 | 75 | AFFIDAVIT OF SERVICE. Reminisce Smith Mackie served on 6/6/2019, answer due 6/27/2019. Service was accepted by Reminisce Smith Mackie at remymapress@gmail.com. Document filed by Eric A Elliott. (Fluehr, Alfred) (Entered: 06/06/2019) |

| | | |
|---|---|---|
| 06/06/2019 | 76 | AFFIDAVIT OF SERVICE. Remynisce Music served on 6/6/2019, answer due 6/27/2019. Service was accepted by Reminisce Smith Mackie at remymapress@gmail.com. Document filed by Eric A Elliott. (Fluehr, Alfred) (Entered: 06/06/2019) |
| 06/06/2019 | 77 | AFFIDAVIT OF SERVICE. Edward F Davadi, Jr. served on 6/6/2019, answer due 6/27/2019. Service was accepted by Edward Davadi at @edsclusve Instagram account. Document filed by Eric A Elliott. (Fluehr, Alfred) (Entered: 06/06/2019) |
| 06/06/2019 | 78 | AFFIDAVIT OF SERVICE. Empire Distribution, Inc. served on 6/6/2019, answer due 6/27/2019. Service was accepted by Ghazi Shami at ghazi@empi.re, and Joey Seiler legal@empi.re. Document filed by Eric A Elliott. (Fluehr, Alfred) (Entered: 06/06/2019) |
| 06/06/2019 | 79 | AFFIDAVIT OF SERVICE. Marcello Valenzano served on 6/6/2019, answer due 6/27/2019. Service was accepted by Marcello Valenzano at cool@coolanddre.com. Document filed by Eric A Elliott. (Fluehr, Alfred) (Entered: 06/06/2019) |
| 06/06/2019 | 80 | AFFIDAVIT OF SERVICE. Dade Co. Project Music, Inc. served on 6/6/2019, answer due 6/27/2019. Service was accepted by Marcello Valenzano at cool@coolanddre.com. Document filed by Eric A Elliott. (Fluehr, Alfred) (Entered: 06/06/2019) |
| 06/06/2019 | 81 | AFFIDAVIT OF SERVICE. Andre Lyon served on 6/6/2019, answer due 6/27/2019. Service was accepted by Andre Lyon at dre@coolanddre.com. Document filed by Eric A Elliott. (Fluehr, Alfred) (Entered: 06/06/2019) |
| 06/06/2019 | 82 | AFFIDAVIT OF SERVICE. Po Folks Music served on 6/6/2019, answer due 6/27/2019. Service was accepted by Andre Lyon at dre@coolanddre.com. Document filed by Eric A Elliott. (Fluehr, Alfred) (Entered: 06/06/2019) |
| 06/10/2019 | 83 | AFFIDAVIT OF SERVICE. Service was accepted by Edward Davadi at @edsclusve Instagram account. Document filed by Eric A Elliott. (Fluehr, Alfred) (Entered: 06/10/2019) |
| 06/10/2019 | 84 | AFFIDAVIT OF SERVICE. Service was accepted by Shandel Green at @therealinfared Instagram account. Document filed by Eric A Elliott. (Fluehr, Alfred) (Entered: 06/10/2019) |
| 06/12/2019 | 85 | LETTER MOTION for Extension of Time *to answer, move against, or otherwise respond to complaint* addressed to Judge Naomi Reice Buchwald from Ilene Farkas dated June 12, 2019. Document filed by Roc Nation LLC, Roc Nation Management LLC, Sony/ATV Allegro, Sony/ATV Music Publishing, Inc., Sony/ATV Tunes LLC.(Farkas, Ilene) (Entered: 06/12/2019) |
| 06/12/2019 | 86 | ORDER: granting 85 Letter Motion for Extension of Time. SO ORDERED. (Signed by Judge Naomi Reice Buchwald on 6/12/2019) (ama) (Entered: 06/13/2019) |
| 06/12/2019 | | Set/Reset Deadlines: Roc Nation LLC answer due 7/29/2019; Roc Nation Management LLC answer due 7/29/2019; Sony/ATV Allegro answer due 7/29/2019; Sony/ATV Music Publishing, Inc. answer due 7/29/2019; Sony/ATV Tunes LLC answer due 7/29/2019. (ama) (Entered: 06/13/2019) |
| 06/19/2019 | 87 | NOTICE OF APPEARANCE by Tamar Y. Duvdevani on behalf of Empire Distribution, Inc.. (Duvdevani, Tamar) (Entered: 06/19/2019) |
| 06/19/2019 | 88 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Empire Distribution, Inc..(Duvdevani, Tamar) (Entered: 06/19/2019) |
| 06/19/2019 | 89 | LETTER MOTION for Extension of Time to File Answer addressed to Judge Naomi Reice Buchwald from Tamar Y. Duvdevani dated June 19, 2019. Document filed by Empire Distribution, Inc..(Duvdevani, Tamar) (Entered: 06/19/2019) |
| 06/20/2019 | 90 | ORDER granting 89 Letter Motion for Extension of Time to Answer. SO ORDERED. Empire Distribution, Inc. answer due 7/30/2019. (Signed by Judge Naomi Reice Buchwald on 6/19/2019) (jca) (Entered: 06/20/2019) |

| | | |
|---|---|---|
| 06/20/2019 | 91 | NOTICE OF APPEARANCE by Eleanor Martine Lackman on behalf of Joseph Anthony Cartagena, Joey and Ryan Music, RNG (Rap's New Generation), Sneaker Addict Touring LLC, Terror Squad Entertainment, Terror Squad Productions, Inc., Warner−Tamerlane Publishing Corp., Warner/Chappell Music, Inc.. (Lackman, Eleanor) (Entered: 06/20/2019) |
| 06/20/2019 | 92 | FIRST LETTER MOTION for Extension of Time to File Answer re: 6 Complaint,,, addressed to Judge Naomi Reice Buchwald from Eleanor M. Lackman dated 06/20/2019. Document filed by Joseph Anthony Cartagena, Joey and Ryan Music, RNG (Rap's New Generation), Sneaker Addict Touring LLC, Terror Squad Entertainment, Terror Squad Productions, Inc., Warner−Tamerlane Publishing Corp., Warner/Chappell Music, Inc..(Lackman, Eleanor) (Entered: 06/20/2019) |
| 06/24/2019 | 93 | ORDER: granting 92 Letter Motion for Extension of Time to Answer. Application Granted. Joseph Anthony Cartagena answer due 7/30/2019; Joey and Ryan Music answer due 7/30/2019; RNG (Rap's New Generation) answer due 7/30/2019; Sneaker Addict Touring LLC answer due 7/30/2019; Terror Squad Entertainment answer due 7/30/2019; Terror Squad Productions, Inc. answer due 7/30/2019; Warner−Tamerlane Publishing Corp. answer due 7/30/2019; Warner/Chappell Music, Inc. answer due 7/30/2019. (Signed by Judge Naomi Reice Buchwald on 6/24/2019) (ama) (Entered: 06/25/2019) |
| 06/25/2019 | 94 | LETTER MOTION for Extension of Time to File Answer *by Reminisce Mackie and Remynisce Music* addressed to Judge Naomi Reice Buchwald from Efrat Cohen dated 06.25.2019. Document filed by Reminisce Smith Mackie.(Cohen, Efrat) (Entered: 06/25/2019) |
| 06/26/2019 | 95 | ORDER granting 94 Letter Motion for Extension of Time to Answer. Application granted. So Ordered. Reminisce Smith Mackie answer due 7/30/2019; Remynisce Music answer due 7/30/2019 (Signed by Judge Naomi Reice Buchwald on 6/26/2019) (js) (Entered: 06/27/2019) |
| 07/12/2019 | 96 | WAIVER OF SERVICE RETURNED EXECUTED. First N Gold Publishing, Inc. waiver sent on 6/3/2019, answer due 8/2/2019. Document filed by Eric A Elliott. (Malofiy, Francis) (Entered: 07/12/2019) |
| 07/12/2019 | 97 | WAIVER OF SERVICE RETURNED EXECUTED. First N Platinum Publishing waiver sent on 6/3/2019, answer due 8/2/2019. Document filed by Eric A Elliott. (Malofiy, Francis) (Entered: 07/12/2019) |
| 07/18/2019 | 98 | NOTICE OF APPEARANCE by Sandra Allison Crawshaw on behalf of BMG Rights Management (US) LLC. (Crawshaw, Sandra) (Entered: 07/18/2019) |
| 07/18/2019 | 99 | NOTICE OF APPEARANCE by David Alexander Munkittrick on behalf of BMG Rights Management (US) LLC. (Munkittrick, David) (Entered: 07/18/2019) |
| 07/18/2019 | 100 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Other Affiliate Bertelsmann, Inc. for BMG Rights Management (US) LLC. Document filed by BMG Rights Management (US) LLC.(Crawshaw, Sandra) (Entered: 07/18/2019) |
| 07/18/2019 | 101 | LETTER MOTION for Extension of Time to File Answer addressed to Judge Naomi Reice Buchwald from Sandra A. Crawshaw−Sparks dated July 18 2019. Document filed by BMG Rights Management (US) LLC.(Crawshaw, Sandra) (Entered: 07/18/2019) |
| 07/18/2019 | 102 | ORDER: granting 101 Letter Motion for Extension of Time to Answer. SO ORDERED. BMG Rights Management (US) LLC answer due 8/16/2019; Joseph Anthony Cartagena answer due 8/16/2019; Joey and Ryan Music answer due 8/16/2019; Reminisce Smith Mackie answer due 8/16/2019; RNG (Rap's New Generation) answer due 8/16/2019; Remynisce Music answer due 8/16/2019; Sneaker Addict Touring LLC answer due 8/16/2019; Terror Squad Entertainment answer due 8/16/2019; Terror Squad Productions, Inc. answer due 8/16/2019; Warner−Tamerlane Publishing Corp. answer due 8/16/2019; Warner/Chappell Music, Inc. answer due 8/16/2019. (Signed by Judge Naomi Reice Buchwald on 7/18/2019) (ama) (Entered: 07/18/2019) |
| 07/22/2019 | 103 | NOTICE OF APPEARANCE by Brian D. Caplan on behalf of Kobalt Music Publishing America, Inc., Kobalt Songs Music Publishing. (Caplan, Brian) (Entered: |

| | | |
|---|---|---|
| | | 07/22/2019) |
| 07/22/2019 | 104 | PROPOSED STIPULATION AND ORDER. Document filed by Kobalt Music Publishing America, Inc., Kobalt Songs Music Publishing. (Caplan, Brian) (Entered: 07/22/2019) |
| 07/23/2019 | 105 | STIPULATION AND ORDER: IT IS HEREBY STIPULATED AND AGREED by and between the undersigned attorneys for plaintiff Eric A. Elliott (p/k/a Fly Havana) and defendants Kobalt Songs Music Publishing and Kobalt Music Publishing America, Inc. (collectively, the "Kobalt Defendants") that the time for Kobalt Defendants to answer, move or otherwise respond to the Complaint herein be and hereby is extended to and including August 16, 2019. SO ORDERED., Kobalt Music Publishing America, Inc. answer due 8/16/2019; Kobalt Songs Music Publishing answer due 8/16/2019. (Signed by Judge Naomi Reice Buchwald on 7/23/2019) (ama) (Entered: 07/23/2019) |
| 08/01/2019 | 106 | MOTION for Dariush Ghaffar Adli to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC−17359345. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Excuse My French Music, Excuse My French Music II, Karim Kharbouch. (Attachments: # 1 Affidavit of Dariush G. Adli, # 2 Text of Proposed Order)(Adli, Dariush) (Entered: 08/01/2019) |
| 08/02/2019 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 106 MOTION for Dariush Ghaffar Adli to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC−17359345. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb)** (Entered: 08/02/2019) |
| 08/05/2019 | 107 | ORDER FOR ADMISSION PRO HAC VICE OF DARIUSH GHAFFAR ADLI: granting 106 Motion for Dariush Ghaffar to Appear Pro Hac Vice. (Signed by Judge Naomi Reice Buchwald on 8/05/2019) (ama) (Entered: 08/05/2019) |
| 08/13/2019 | 108 | LETTER addressed to Judge Naomi Reice Buchwald from Eleanor M. Lackman dated 08/13/2019 re: Pre Motion Letter Page Limit Request. Document filed by Joseph Anthony Cartagena, Joey and Ryan Music, RNG (Rap's New Generation), Sneaker Addict Touring LLC, Terror Squad Entertainment, Terror Squad Productions, Inc., Warner−Tamerlane Publishing Corp., Warner/Chappell Music, Inc..(Lackman, Eleanor) (Entered: 08/13/2019) |
| 08/13/2019 | 109 | MEMO ENDORSEMENT on re: 108 Letter, filed by Warner/Chappell Music, Inc., Sneaker Addict Touring LLC, RNG (Rap's New Generation), Warner−Tamerlane Publishing Corp., Terror Squad Productions, Inc., Joey and Ryan Music, Terror Squad Entertainment, Joseph Anthony Cartagena. ENDORSEMENT: SO ORDERED. (Signed by Judge Naomi Reice Buchwald on 8/13/2019) (kv) (Entered: 08/13/2019) |
| 08/14/2019 | 110 | LETTER MOTION for Extension of Time to File Answer addressed to Judge Naomi Reice Buchwald from Sandra A. Crawshaw−Sparks dated August 14 2019. Document filed by BMG Rights Management (US) LLC.(Crawshaw, Sandra) (Entered: 08/14/2019) |
| 08/15/2019 | 111 | ORDER granting 110 Letter Motion for Extension of Time to Answer: So Ordered. (BMG Rights Management (US) LLC answer due 8/30/2019; First N Gold Publishing, Inc. answer due 8/30/2019; First N Platinum Publishing answer due 8/30/2019; Kobalt Music Publishing America, Inc. answer due 8/30/2019; Kobalt Songs Music Publishing answer due 8/30/2019; Reach Global Inc. answer due 8/30/2019; Reach Music Publishing Inc. answer due 8/30/2019; Roc Nation LLC answer due 8/30/2019; Roc Nation Management LLC answer due 8/30/2019; Songs of Universal Inc. answer due 8/30/2019; Sony/ATV Allegro answer due 8/30/2019; Sony/ATV Music Publishing, Inc. answer due 8/30/2019; Sony/ATV Tunes LLC answer due 8/30/2019; Universal Music−Z Tunes LLC answer due 8/30/2019.) (Signed by Judge Naomi Reice Buchwald on 8/15/2019) (jwh) (Entered: 08/15/2019) |
| 08/16/2019 | 112 | FIRST LETTER MOTION for Conference *Request for Pre−Motion Conference* addressed to Judge Naomi Reice Buchwald from Eleanor M. Lackman dated 08/16/2019. Document filed by Joseph Anthony Cartagena, Empire Distribution, Inc., Joey and Ryan Music, Reminisce Smith Mackie, RNG (Rap's New Generation), Remynisce Music, Sneaker Addict Touring LLC, Terror Squad Entertainment, Terror Squad Productions, Inc., Warner−Tamerlane Publishing Corp., Warner/Chappell |

| | | |
|---|---|---|
| | | Music, Inc..(Lackman, Eleanor) (Entered: 08/16/2019) |
| 08/19/2019 | 113 | NOTICE OF APPEARANCE by Hillel Ira Parness on behalf of Edward F Davadi, Jr.. (Parness, Hillel) (Entered: 08/19/2019) |
| 08/19/2019 | 114 | LETTER MOTION for Conference re: 112 FIRST LETTER MOTION for Conference *Request for Pre−Motion Conference* addressed to Judge Naomi Reice Buchwald from Eleanor M. Lackman dated 08/16/2019. addressed to Judge Naomi Reice Buchwald from Hillel I. Parness dated August 19, 2019. Document filed by Edward F Davadi, Jr..(Parness, Hillel) (Entered: 08/19/2019) |
| 08/20/2019 | 115 | LETTER MOTION for Extension of Time to File Response/Reply as to 112 FIRST LETTER MOTION for Conference *Request for Pre−Motion Conference* addressed to Judge Naomi Reice Buchwald from Eleanor M. Lackman dated 08/16/2019. addressed to Judge Naomi Reice Buchwald from Francis Malofiy dated August 20, 2019. Document filed by Eric A Elliott.(Malofiy, Francis) (Entered: 08/20/2019) |
| 08/22/2019 | 116 | ORDER: granting 115 Letter Motion for Extension of Time to File Response/Reply re 115 LETTER MOTION for Extension of Time to File Response/Reply as to 112 FIRST LETTER MOTION for Conference Request for Pre−Motion Conference addressed to Judge Naomi Reice Buchwald from Eleanor M. Lackman dated 08/16/2019. Application Granted. Responses due by 8/26/2019. (Signed by Judge Naomi Reice Buchwald on 8/21/2019) (ama) (Entered: 08/22/2019) |
| 08/22/2019 | 117 | LETTER RESPONSE in Opposition to Motion addressed to Judge Naomi Reice Buchwald from Francis Malofiy dated August 22, 2019 re: 114 LETTER MOTION for Conference re: 112 FIRST LETTER MOTION for Conference *Request for Pre−Motion Conference* addressed to Judge Naomi Reice Buchwald from Eleanor M. Lackman dated 08/16/2019. addressed to Judge Naomi Reice Buchwa . Document filed by Eric A Elliott. (Malofiy, Francis) (Entered: 08/22/2019) |
| 08/22/2019 | 118 | NOTICE OF APPEARANCE by Elaine Nguyen on behalf of Joseph Anthony Cartagena, Joey and Ryan Music, RNG (Rap's New Generation), Sneaker Addict Touring LLC, Terror Squad Entertainment, Terror Squad Productions, Inc., Warner−Tamerlane Publishing Corp., Warner/Chappell Music, Inc.. (Nguyen, Elaine) (Entered: 08/22/2019) |
| 08/23/2019 | 119 | LETTER RESPONSE in Support of Motion addressed to Judge Naomi Reice Buchwald from Hillel I. Parness dated August 23, 2019 re: 114 LETTER MOTION for Conference re: 112 FIRST LETTER MOTION for Conference *Request for Pre−Motion Conference* addressed to Judge Naomi Reice Buchwald from Eleanor M. Lackman dated 08/16/2019. addressed to Judge Naomi Reice Buchwa . Document filed by Edward F Davadi, Jr.. (Parness, Hillel) (Entered: 08/23/2019) |
| 08/26/2019 | 120 | LETTER RESPONSE in Opposition to Motion addressed to Judge Naomi Reice Buchwald from Francis Malofiy dated August 26, 2019 re: 112 FIRST LETTER MOTION for Conference *Request for Pre−Motion Conference* addressed to Judge Naomi Reice Buchwald from Eleanor M. Lackman dated 08/16/2019. . Document filed by Eric A Elliott. (Malofiy, Francis) (Entered: 08/26/2019) |
| 08/27/2019 | 121 | ORDER granting 114 Letter Motion for Conference. Application granted. (Signed by Judge Naomi Reice Buchwald on 8/27/2019) (cf) (Entered: 08/28/2019) |
| 08/30/2019 | 122 | LETTER MOTION for Extension of Time *for Roc Nation & Request for Pre−Motion Conference for Universal* addressed to Judge Naomi Reice Buchwald from Ilene S. Farkas dated August 30, 2019. Document filed by Roc Nation LLC, Roc Nation Management LLC, Songs of Universal Inc., Universal Music−Z Tunes LLC.(Farkas, Ilene) (Entered: 08/30/2019) |
| 08/30/2019 | 123 | ANSWER to 6 Complaint,,, with JURY DEMAND. Document filed by Excuse My French Music, Excuse My French Music II, Karim Kharbouch.(Adli, Dariush) (Entered: 08/30/2019) |
| 09/03/2019 | 124 | ORDER: granting 122 Letter Motion for Extension of Time. (extension of time to answer 9−13−2019) SO ORDERED. (We request that Universal be given permission to join the pre−motion) SO ORDERED. (Signed by Judge Naomi Reice Buchwald on 9/03/2019) (ama) Modified on 9/5/2019 (ama). (Entered: 09/05/2019) |

| | | |
|---|---|---|
| 09/03/2019 | | Set/Reset Deadlines: Roc Nation LLC answer due 9/13/2019; Roc Nation Management LLC answer due 9/13/2019. (ama) (Entered: 09/05/2019) |
| 09/05/2019 | 125 | ENDORSED LETTER addressed to Mr. Malofiy and Ms. Lackman from Judge Naomi Reice Buchwald dated 9/5/2019 re: The Court directs that the parties file whatever versions of the document are in their possession by September 19, 2019. In addition, sworn statements from the relevant parties addressing the lack of possession (i.e. total or unsigned) should be filed as well. (Signed by Judge Naomi Reice Buchwald on 9/5/2019) (cf) (Entered: 09/06/2019) |
| 09/13/2019 | 126 | LETTER MOTION for Conference re: 112 FIRST LETTER MOTION for Conference *Request for Pre−Motion Conference* addressed to Judge Naomi Reice Buchwald from Eleanor M. Lackman dated 08/16/2019. addressed to Judge Naomi Reice Buchwald from Ilene S. Farkas dated September 13, 2019. Document filed by Roc Nation LLC, Roc Nation Management LLC.(Farkas, Ilene) (Entered: 09/13/2019) |
| 09/16/2019 | 127 | ORDER granting 126 Letter Motion for Conference. Application Granted. (Signed by Judge Naomi Reice Buchwald on 9/16/2019) (ama) (Entered: 09/16/2019) |
| 09/17/2019 | 128 | NOTICE OF VOLUNTARY DISMISSAL pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, the plaintiff(s) and or their counsel(s), hereby give notice that the above−captioned action is voluntarily dismissed, without prejudice against the defendant(s) BMG Rights Management (US) LLC, Cuts of Reach Music, First N Gold Publishing, Inc., First N Platinum Publishing, Kobalt Music Publishing America, Inc., Kobalt Songs Music Publishing, Reach Global Inc., Reach Music Publishing Inc., Songs of Reach Global, Sony/ATV Allegro, Sony/ATV Music Publishing, Inc., Sony/ATV Tunes LLC. Document filed by Eric A Elliott. **Proposed document to be reviewed and processed by Clerk's Office staff (No action required by chambers).**. (Malofiy, Francis) (Entered: 09/17/2019) |
| 09/17/2019 | | *****NOTICE TO COURT REGARDING NOTICE OF VOLUNTARY DISMISSAL Document No. 128 Notice of Voluntary Dismissal, was reviewed and referred to Judge Naomi Reice Buchwald for approval for the following reason(s): the plaintiff(s) filed their voluntary dismissal and it did not dismiss all of the parties or the action in its entirety. (ad)** (Entered: 09/18/2019) |
| 09/19/2019 | 129 | DECLARATION of Julie Chen−Burton re: 125 Endorsed Letter, . Document filed by Songs of Universal Inc., Universal Music−Z Tunes LLC. (Farkas, Ilene) (Entered: 09/19/2019) |
| 09/19/2019 | 130 | DECLARATION of Desiree Perez re: 125 Endorsed Letter, . Document filed by Roc Nation LLC, Roc Nation Management LLC. (Farkas, Ilene) (Entered: 09/19/2019) |
| 09/19/2019 | 131 | LETTER addressed to Judge Naomi Reice Buchwald from Eleanor M. Lackman dated September 19, 2019 re: Responding to Judge Buchwald's letter dated September 5, 2019 (ECF Dkt. No. 125). Document filed by Joseph Anthony Cartagena, Joey and Ryan Music, Reminisce Smith Mackie, RNG (Rap's New Generation), Remynisce Music, Sneaker Addict Touring LLC, Terror Squad Entertainment, Terror Squad Productions, Inc., Warner−Tamerlane Publishing Corp., Warner/Chappell Music, Inc.. (Attachments: # 1 Declaration of Joseph Anthony Cartagena, # 2 Declaration of Erica Moreira, # 3 Exhibit A to Declaration of Erica Moreira, # 4 Exhibit B to Declaration of Erica Moreira, # 5 Exhibit C to Declaration of Erica Moreira)(Lackman, Eleanor) (Entered: 09/19/2019) |
| 09/19/2019 | 132 | DECLARATION of Alfred J. (AJ) Fluehr in Opposition re: 112 FIRST LETTER MOTION for Conference *Request for Pre−Motion Conference* addressed to Judge Naomi Reice Buchwald from Eleanor M. Lackman dated 08/16/2019.. Document filed by Eric A Elliott. (Attachments: # 1 Declaration of Plaintiff Eric Elliott)(Fluehr, Alfred) (Entered: 09/19/2019) |
| 09/21/2019 | 133 | LETTER MOTION for Leave to File Supplemental Letter Brief addressed to Judge Naomi Reice Buchwald from Francis Malofiy dated 09/21/2019. Document filed by Eric A Elliott.(Malofiy, Francis) (Entered: 09/21/2019) |
| 09/27/2019 | 134 | LETTER RESPONSE in Opposition to Motion addressed to Judge Naomi Reice Buchwald from Francis Malofiy dated September 27, 2019 re: 112 FIRST LETTER MOTION for Conference *Request for Pre−Motion Conference* addressed to Judge Naomi Reice Buchwald from Eleanor M. Lackman dated 08/16/2019. |

| | | |
|---|---|---|
| | | ****SUPPLEMENTAL RESPONSE****. Document filed by Eric A Elliott. (Malofiy, Francis) (Entered: 09/27/2019) |
| 10/08/2019 | 135 | ORDER: The parties are directed to appear before this Court for a pre−motion conference on October 17, 2019 at 3:30 P.M. at the United States Court House, 500 Pearl Street, New York, New York, in Courtroom 21A., ( Pre−Motion Conference set for 10/17/2019 at 03:30 PM in Courtroom 21A, 500 Pearl Street, New York, NY 10007 before Judge Naomi Reice Buchwald.) (Signed by Judge Naomi Reice Buchwald on 10/08/2019) (ama) (Entered: 10/08/2019) |
| 10/10/2019 | 136 | LETTER addressed to Judge Naomi Reice Buchwald from Francis Malofiy dated October 10, 2019 re: Noting of Conflict − Pre−motion Conference. Document filed by Eric A Elliott.(Malofiy, Francis) (Entered: 10/10/2019) |
| 10/16/2019 | 137 | MOTION for Kerry A. O'Neill to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC−17780599. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Empire Distribution, Inc.. (Attachments: # 1 Affidavit in Support, # 2 Certificates of Good Standing, # 3 Text of Proposed Order)(O'Neill, Kerry) (Entered: 10/16/2019) |
| 10/16/2019 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 137 MOTION for Kerry A. O'Neill to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC−17780599. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bcu)** (Entered: 10/16/2019) |
| 10/17/2019 | 138 | ORDER GRANTING MOTION ADMISSION PRO HAC VICE: granting 137 Motion for Kerry A. O'Neill to Appear Pro Hac Vice. (Signed by Judge Naomi Reice Buchwald on 10/17/2019) (ama) (Entered: 10/17/2019) |
| 10/17/2019 | | Minute Entry for proceedings held before Judge Naomi Reice Buchwald: Pre−Motion Conference held on 10/17/2019. (ade) (Entered: 10/30/2019) |
| 10/22/2019 | 139 | LETTER addressed to Judge Naomi Reice Buchwald from Eleanor M. Lackman dated October 22, 2019 re: Proposed Consented Briefing Schedule Pursuant to October 17, 2019 Order. Document filed by Joseph Anthony Cartagena, Joey and Ryan Music, Reminisce Smith Mackie, RNG (Rap's New Generation), Remynisce Music, Sneaker Addict Touring LLC, Terror Squad Entertainment, Terror Squad Productions, Inc., Warner−Tamerlane Publishing Corp., Warner/Chappell Music, Inc..(Lackman, Eleanor) (Entered: 10/22/2019) |
| 10/24/2019 | 140 | MEMO ENDORSEMENT on re: 139 Letter, filed by Warner/Chappell Music, Inc., Sneaker Addict Touring LLC, Remynisce Music, RNG (Rap's New Generation), Warner−Tamerlane Publishing Corp., Terror Squad Productions, Inc., Joey and Ryan Music, Reminisce Smith Mackie, Joseph Anthony Cartagena, Terror Squad Entertainment. ENDORSEMENT: So Ordered. (Motions due by 11/8/2019. Responses due by 12/3/2019. Replies due by 12/17/2019.) (Signed by Judge Naomi Reice Buchwald on 10/24/2019) (ras) (Entered: 10/24/2019) |
| 11/06/2019 | 141 | TRANSCRIPT of Proceedings re: CONFERENCE held on 10/17/2019 before Judge Naomi Reice Buchwald. Court Reporter/Transcriber: Raquel Robles, (212) 805−0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/27/2019. Redacted Transcript Deadline set for 12/9/2019. Release of Transcript Restriction set for 2/4/2020.(McGuirk, Kelly) (Entered: 11/06/2019) |
| 11/06/2019 | 142 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 10/17/19 has been filed by the court reporter/transcriber in the above−captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 11/06/2019) |
| 11/08/2019 | 143 | MOTION for Summary Judgment . Document filed by Joseph Anthony Cartagena, Joey and Ryan Music, Reminisce Smith Mackie, RNG (Rap's New Generation), |

| | | |
|---|---|---|
| | | Remynisce Music, Sneaker Addict Touring LLC, Terror Squad Entertainment, Terror Squad Productions, Inc., Warner−Tamerlane Publishing Corp., Warner/Chappell Music, Inc..(Lackman, Eleanor) (Entered: 11/08/2019) |
| 11/08/2019 | 144 | MEMORANDUM OF LAW in Support re: 143 MOTION for Summary Judgment . . Document filed by Joseph Anthony Cartagena, Joey and Ryan Music, Reminisce Smith Mackie, RNG (Rap's New Generation), Remynisce Music, Sneaker Addict Touring LLC, Terror Squad Entertainment, Terror Squad Productions, Inc., Warner−Tamerlane Publishing Corp., Warner/Chappell Music, Inc.. (Lackman, Eleanor) (Entered: 11/08/2019) |
| 11/08/2019 | 145 | DECLARATION of Erica Moreira in Support re: 143 MOTION for Summary Judgment .. Document filed by Joseph Anthony Cartagena, Joey and Ryan Music, Reminisce Smith Mackie, RNG (Rap's New Generation), Remynisce Music, Sneaker Addict Touring LLC, Terror Squad Entertainment, Terror Squad Productions, Inc., Warner−Tamerlane Publishing Corp., Warner/Chappell Music, Inc.. (Attachments: # 1 Exhibit A to Supplemental Declaration of Erica Moreira in Support of Defendants Motion for Summary Judgment)(Lackman, Eleanor) (Entered: 11/08/2019) |
| 11/08/2019 | 146 | RULE 56.1 STATEMENT. Document filed by Joseph Anthony Cartagena, Joey and Ryan Music, Reminisce Smith Mackie, RNG (Rap's New Generation), Remynisce Music, Sneaker Addict Touring LLC, Terror Squad Entertainment, Terror Squad Productions, Inc., Warner−Tamerlane Publishing Corp., Warner/Chappell Music, Inc.. (Lackman, Eleanor) (Entered: 11/08/2019) |
| 11/08/2019 | 147 | LETTER addressed to Judge Naomi Reice Buchwald from Eleanor M. Lackman dated November 8, 2019 re: Judge Buchwalds Individual Rule 2(E)(1): Letter is Submitted in Conjunction with Defendants Opening Memorandum of Law in Support of Motion for Summary. Document filed by Joseph Anthony Cartagena, Joey and Ryan Music, Reminisce Smith Mackie, RNG (Rap's New Generation), Remynisce Music, Sneaker Addict Touring LLC, Terror Squad Entertainment, Terror Squad Productions, Inc., Warner−Tamerlane Publishing Corp., Warner/Chappell Music, Inc..(Lackman, Eleanor) (Entered: 11/08/2019) |
| 11/08/2019 | 148 | LETTER addressed to Judge Naomi Reice Buchwald from Eleanor M. Lackman dated November 8, 2019 re: Judge Buchwalds Individual Rule 2(E)(1): Letter is Submitted in Conjunction with Defendants Opening Memorandum of Law in Support of Motion for Summary. Document filed by Joseph Anthony Cartagena, Joey and Ryan Music, Reminisce Smith Mackie, RNG (Rap's New Generation), Remynisce Music, Sneaker Addict Touring LLC, Terror Squad Entertainment, Terror Squad Productions, Inc., Warner−Tamerlane Publishing Corp., Warner/Chappell Music, Inc..(Lackman, Eleanor) (Entered: 11/08/2019) |
| 11/11/2019 | 149 | LETTER addressed to Judge Naomi Reice Buchwald from Hillel I. Parness dated November 11, 2019 re: Motion for Summary Judgment. Document filed by Edward F Davadi, Jr..(Parness, Hillel) (Entered: 11/11/2019) |
| 11/25/2019 | 150 | LETTER addressed to Judge Naomi Reice Buchwald from Ilene S. Farkas dated November 25, 2019 re: Defendants' motion for summary judgment. Document filed by Roc Nation LLC, Roc Nation Management LLC, Songs of Universal Inc., Universal Music−Z Tunes LLC.(Farkas, Ilene) (Entered: 11/25/2019) |
| 12/03/2019 | 151 | MEMORANDUM OF LAW in Opposition re: 143 MOTION for Summary Judgment . . Document filed by Eric A Elliott. (Attachments: # 1 Table of Contents)(Malofiy, Francis) (Entered: 12/03/2019) |
| 12/03/2019 | 152 | DECLARATION of Francis Malofiy in Opposition re: 143 MOTION for Summary Judgment .. Document filed by Eric A Elliott. (Malofiy, Francis) (Entered: 12/03/2019) |
| 12/03/2019 | 153 | DECLARATION of Francis Malofiy Pursuant to FRCP 56(f) in Opposition re: 143 MOTION for Summary Judgment .. Document filed by Eric A Elliott. (Malofiy, Francis) (Entered: 12/03/2019) |
| 12/03/2019 | 154 | RESPONSE in Opposition to Motion re: 143 MOTION for Summary Judgment . ****Objections to Defendants' Evidence****. Document filed by Eric A Elliott. (Malofiy, Francis) (Entered: 12/03/2019) |

| | | |
|---|---|---|
| 12/03/2019 | 155 | DECLARATION of Eric Elliott in Opposition re: 143 MOTION for Summary Judgment .. Document filed by Eric A Elliott. (Malofiy, Francis) (Entered: 12/03/2019) |
| 12/03/2019 | 156 | RESPONSE in Opposition to Motion re: 143 MOTION for Summary Judgment . ****Response to Defendants' Proposed Undisputed Facts, and Plaintiff's Undisputed Facts****. Document filed by Eric A Elliott. (Malofiy, Francis) (Entered: 12/03/2019) |
| 12/04/2019 | 157 | RESPONSE in Opposition to Motion re: 143 MOTION for Summary Judgment . ****Plaintiff's Letter Summary Opposing Summary Judgment****. Document filed by Eric A Elliott. (Malofiy, Francis) (Entered: 12/04/2019) |
| 12/09/2019 | 158 | LETTER MOTION for Leave to File Audio/Visual Exhibits *as Part of Formal Record with Clerk* addressed to Judge Naomi Reice Buchwald from Francis Malofiy dated December 9, 2019. Document filed by Eric A Elliott. (Attachments: # 1 Text of Proposed Order)(Malofiy, Francis) (Entered: 12/09/2019) |
| 12/16/2019 | 159 | ORDER: granting 158 Letter Motion for Leave to File Document. AND NOW, this 10th day of December 2019, upon consideration of PLAINTIFF'S LETTER REQUEST TO ENTER AUDIO−VISUAL EXHIBITS INTO THE FORMAL RECORD, and the record as a whole, it is hereby ORDERED and DECREED that said request is GRANTED. And as set forth herein. (Signed by Judge Naomi Reice Buchwald on 12/10/2019) (ama) (Entered: 12/17/2019) |
| 12/17/2019 | 160 | REPLY MEMORANDUM OF LAW in Support re: 143 MOTION for Summary Judgment . . Document filed by Joseph Anthony Cartagena, Joey and Ryan Music, Reminisce Smith Mackie, RNG (Rap's New Generation), Remynisce Music, Sneaker Addict Touring LLC, Terror Squad Entertainment, Terror Squad Productions, Inc., Warner−Tamerlane Publishing Corp., Warner/Chappell Music, Inc.. (Lackman, Eleanor) (Entered: 12/17/2019) |
| 12/17/2019 | 161 | DECLARATION of Reply Declaration of Andrew D. Kupinse in Support re: 143 MOTION for Summary Judgment .. Document filed by Joseph Anthony Cartagena, Joey and Ryan Music, Reminisce Smith Mackie, RNG (Rap's New Generation), Remynisce Music, Sneaker Addict Touring LLC, Terror Squad Entertainment, Terror Squad Productions, Inc., Warner−Tamerlane Publishing Corp., Warner/Chappell Music, Inc.. (Lackman, Eleanor) (Entered: 12/17/2019) |
| 12/17/2019 | 162 | RESPONSE in Support of Motion re: 143 MOTION for Summary Judgment . *Response to Plaintiffs Counterstatement of Disputed Facts Pursuant to Local Rule 56.1(b)*. Document filed by Joseph Anthony Cartagena, Joey and Ryan Music, Reminisce Smith Mackie, RNG (Rap's New Generation), Remynisce Music, Sneaker Addict Touring LLC, Terror Squad Entertainment, Terror Squad Productions, Inc., Warner−Tamerlane Publishing Corp., Warner/Chappell Music, Inc.. (Lackman, Eleanor) (Entered: 12/17/2019) |
| 12/31/2019 | 163 | RESPONSE in Opposition to Motion re: 143 MOTION for Summary Judgment . ****Objections to Declaration of Andrew Kupinse"*. Document filed by Eric A Elliott. (Malofiy, Francis) (Entered: 12/31/2019) |
| 01/10/2020 | | Counsel for plaintiff filed audio visual exhibits with the open records room on January 10, 2020. (rz) (Entered: 01/10/2020) |
| 07/01/2020 | 164 | ORDER: A teleconference recently scheduled for July 2, 2020 is cancelled. A memorandum and order will follow shortly. (HEREBY ORDERED by Judge Naomi Reice Buchwald) (Text Only Order) (Kwak, Samuel) (Entered: 07/01/2020) |
| 07/31/2020 | 165 | NOTICE OF DISMISSAL WITHOUT PREJUDICE FOR CERTAIN DEFENDANTS PURSUANT TO FRCP 41(a)(1)(A)(i): Plaintiff Eric A. Elliot hereby dismisses without prejudice the following defendants pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). SO ORDERED., First N Gold Publishing, Inc., First N Platinum Publishing, Kobalt Music Publishing America, Inc., Kobalt Songs Music Publishing, Reach Global Inc., Reach Music Publishing Inc., Songs of Reach Global, Sony/ATV Allegro, Sony/ATV Music Publishing, Inc., Sony/ATV Tunes LLC, BMG Rights Management (US) LLC and Cuts of Reach Music terminated. (Signed by Judge Naomi Reice Buchwald on 7/31/2020) (ama) (Entered: 07/31/2020) |

| | | |
|---|---|---|
| 07/31/2020 | 166 | MEMORANDUM AND ORDER: re: 143 MOTION for Summary Judgment filed by Warner/Chappell Music, Inc., Sneaker Addict Touring LLC, Remynisce Music, RNG (Rap's New Generation), Warner−Tamerlane Publishing Corp., Terror Squad Productions, Inc., Joey and Ryan Music, Reminisce Smith Mackie, Joseph Anthony Cartagena, Terror Squad Entertainment. For the foregoing reasons, defendant's motion for summary judgment is denied without prejudice. Defendants are granted to leave to renew this motion on the existing motion papers at such time as they conclude that the have secured non−hersay evidence from Pacheco sufficient to meet the requirements of Rule 1004(a) and have filed that evidence as a supplement to the existing motion papers. If defendants renew their motion, plaintiff will have fourteen (14) days to file a response. This Memorandum and Order resolves ECF Entry No. 143. SO ORDERED. (Signed by Judge Naomi Reice Buchwald on 7/31/2020) (ama) (Entered: 07/31/2020) |
| 08/27/2020 | 167 | **FILING ERROR − WRONG EVENT TYPE SELECTED FROM MENU −** MOTION that the anticipated motion to dismiss and other related procedures be held in abeyance . Document filed by Joseph Anthony Cartagena, Joey and Ryan Music, Reminisce Smith Mackie, RNG (Rap's New Generation), Sneaker Addict Touring LLC, Terror Squad Entertainment, Terror Squad Productions, Inc., Warner−Tamerlane Publishing Corp., Warner/Chappell Music, Inc...(Lackman, Eleanor) Modified on 9/21/2020 (lb). (Entered: 08/27/2020) |
| 08/28/2020 | 168 | MEMO ENDORSEMENT on 167 granting Motion. ENDORSEMENT: Application granted. The clerk of court is directed to close the motion (ECF No. 167). SO ORDERED. (Signed by Judge Naomi Reice Buchwald on 8/28/2020) (ama) (Entered: 08/28/2020) |
| 09/08/2020 | 169 | LETTER addressed to Judge Naomi Reice Buchwald from Eleanor M. Lackman dated 09/08/2020 re: Status Letter. Document filed by Joseph Anthony Cartagena, Joey and Ryan Music, Reminisce Smith Mackie, RNG (Rap's New Generation), Remynisce Music, Sneaker Addict Touring LLC, Terror Squad Entertainment, Terror Squad Productions, Inc., Warner−Tamerlane Publishing Corp., Warner/Chappell Music, Inc...(Lackman, Eleanor) (Entered: 09/08/2020) |
| 09/11/2020 | 170 | LETTER RESPONSE in Opposition to Motion addressed to Judge Naomi Reice Buchwald from Francis Malofiy dated 09/11/2020 re: 167 MOTION that the anticipated motion to dismiss and other related procedures be held in abeyance . ****Responding to Defendants' 9−8−2020 Letter****. Document filed by Eric A Elliott..(Malofiy, Francis) (Entered: 09/11/2020) |
| 09/14/2020 | 171 | LETTER addressed to Judge Naomi Reice Buchwald from Eleanor M. Lackman dated September 14, 2020 re: Response to Plaintiffs Letter Dated September 11, 2020. Document filed by Joseph Anthony Cartagena, Joey and Ryan Music, Reminisce Smith Mackie, RNG (Rap's New Generation), Remynisce Music, Sneaker Addict Touring LLC, Terror Squad Entertainment, Terror Squad Productions, Inc., Warner−Tamerlane Publishing Corp., Warner/Chappell Music, Inc...(Lackman, Eleanor) (Entered: 09/14/2020) |
| 09/14/2020 | 172 | MEMO ENDORSEMENT: on re: 169 Letter, filed by Warner/Chappell Music, Inc., Sneaker Addict Touring LLC, Remynisce Music, RNG (Rap's New Generation), Warner−Tamerlane Publishing Corp., Terror Squad Productions, Inc., Joey and Ryan Music, Reminisce Smith Mackie, Joseph Anthony Cartagena, Terror Squad Entertainment. ENDORSEMENT: Defendants should continue their efforts to obtain sworn testimony from Mr. Pacheco and should report back to the Court the status of such efforts by October 30, 2020. Defendants' request to stay other further activity and deadlines is granted. SO ORDERED. (Signed by Judge Naomi Reice Buchwald on 9/14/2020) (ama) (Entered: 09/14/2020) |
| 09/14/2020 | | Case Stayed (ama) (Entered: 09/14/2020) |
| 10/30/2020 | 173 | LETTER addressed to Judge Naomi Reice Buchwald from Eleanor M. Lackman dated 10/30/2020 re: Status Letter. Document filed by Joseph Anthony Cartagena, Joey and Ryan Music, Reminisce Smith Mackie, RNG (Rap's New Generation), Remynisce Music, Sneaker Addict Touring LLC, Terror Squad Entertainment, Terror Squad Productions, Inc., Warner−Tamerlane Publishing Corp., Warner/Chappell Music, Inc...(Lackman, Eleanor) (Entered: 10/30/2020) |

| | | |
|---|---|---|
| 12/14/2020 | 174 | MEMO ENDORSEMENT on re: 173 Letter, filed by Warner/Chappell Music, Inc., Sneaker Addict Touring LLC, Remynisce Music, RNG (Rap's New Generation), Warner−Tamerlane Publishing Corp., Terror Squad Productions, Inc., Joey and Ryan Music, Reminisce Smith Mackie, Joseph Anthony Cartagena, Terror Squad Entertainment. ENDORSEMENT: Although the Court has not received a response from plaintiff to this October 30 letter, the Court is not comfortable with the efforts defendant has made to personally serve Mr. Pacheco. The Court would direct additional efforts at personal service be made, and if unsuccessful, that defendant propose methods of alternative service. SO ORDERED. (Signed by Judge Naomi Reice Buchwald on 12/14/2020) (kv) (Entered: 12/14/2020) |
| 01/15/2021 | 175 | LETTER addressed to Judge Naomi Reice Buchwald from Eleanor M. Lackman dated 01/15/2021 Document filed by Joseph Anthony Cartagena, Joey and Ryan Music, Reminisce Smith Mackie, RNG (Rap's New Generation), Remynisce Music, Sneaker Addict Touring LLC, Terror Squad Entertainment, Terror Squad Productions, Inc., Warner−Tamerlane Publishing Corp., Warner/Chappell Music, Inc...(Lackman, Eleanor) (Entered: 01/15/2021) |
| 01/19/2021 | 176 | MEMO ENDORSEMENT: on re: 175 Letter filed by Warner/Chappell Music, Inc., Sneaker Addict Touring LLC, Remynisce Music, RNG (Rap's New Generation), Warner−Tamerlane Publishing Corp., Terror Squad Productions, Inc., Joey and Ryan Music, Reminisce Smith Mackie, Joseph Anthony Cartagena, Terror Squad Entertainment. ENDORSEMENT: Application granted to file a motion for alternative service. The motion should include a detailed explanation of the prior service efforts. SO ORDERED. (Signed by Judge Naomi Reice Buchwald on 1/19/2021) (ama) (Entered: 01/19/2021) |
| 02/01/2021 | 177 | MOTION to Serve *Alternative Service of A Subpoena to Non−Party Elis Pacheco*. Document filed by Joseph Anthony Cartagena, Joey and Ryan Music, Reminisce Smith Mackie, RNG (Rap's New Generation), Remynisce Music, Sneaker Addict Touring LLC, Terror Squad Entertainment, Terror Squad Productions, Inc., Warner−Tamerlane Publishing Corp., Warner/Chappell Music, Inc...(Lackman, Eleanor) (Entered: 02/01/2021) |
| 02/01/2021 | 178 | DECLARATION of ELAINE NGUYEN in Support re: 177 MOTION to Serve *Alternative Service of A Subpoena to Non−Party Elis Pacheco*.. Document filed by Joseph Anthony Cartagena, Joey and Ryan Music, Reminisce Smith Mackie, RNG (Rap's New Generation), Remynisce Music, Sneaker Addict Touring LLC, Terror Squad Entertainment, Terror Squad Productions, Inc., Warner−Tamerlane Publishing Corp., Warner/Chappell Music, Inc.. (Attachments: # 1 Exhibit A − 08.24.20 − Subpoena on Elis Pacheco, # 2 Exhibit B − 09.01.20 − Cartagena Subpoena on Elis Pacheco, # 3 Exhibit C − 10.19.20 − Subpoena on Elis Pacheco, # 4 Exhibit D − 12.16.20 − Cartagena Subpoena on Elis Pacheco, # 5 Exhibit E − Digital Launch _ Elis Pacheco, # 6 Exhibit F − Elis Pacheco _ Facebook).(Lackman, Eleanor) (Entered: 02/01/2021) |
| 02/01/2021 | 179 | MEMORANDUM OF LAW in Support re: 177 MOTION to Serve *Alternative Service of A Subpoena to Non−Party Elis Pacheco*. . Document filed by Joseph Anthony Cartagena, Joey and Ryan Music, Reminisce Smith Mackie, RNG (Rap's New Generation), Remynisce Music, Sneaker Addict Touring LLC, Terror Squad Entertainment, Terror Squad Productions, Inc., Warner−Tamerlane Publishing Corp., Warner/Chappell Music, Inc...(Lackman, Eleanor) (Entered: 02/01/2021) |
| 02/05/2021 | 180 | ORDER: granting 177 Motion to Serve. ORDERED that the defendants are granted leave to serve Pacheco by alternative means, namely by serving him through: (1)regular mail and certified mail at the addresses known to be his; (2) his business email where defendants were previously successful in communicating with Pacheco; and (3) the social media platform Facebook, where Pacheco is noted to have been recently active. (Signed by Judge Naomi Reice Buchwald on 2/05/2021) (ama) (Entered: 02/05/2021) |
| 03/18/2021 | 181 | LETTER addressed to Judge Naomi Reice Buchwald from Eleanor M. Lackman dated 03/18/2021 re: Defendants efforts to obtain evidence from non−party Elis Pacheco. Document filed by Joseph Anthony Cartagena, Joey and Ryan Music, Reminisce Smith Mackie, RNG (Rap's New Generation), Sneaker Addict Touring LLC, Terror Squad Entertainment, Terror Squad Productions, Inc., Warner−Tamerlane Publishing Corp., Warner/Chappell Music, Inc.. (Attachments: # 1 Exhibit A − 02.10.20 − |

| | | |
|---|---|---|
| | | Subpoena on Elis Pacheco, # 2 Exhibit B − C. Gibson Affidavit of Service − Mailing to 465 9th Street, # 3 Exhibit C − C. Gibson Affidavit of Service − Mailing to 1402 River Road, # 4 Exhibit D − A. Gibson Affidavit − Facebook and Email Service, # 5 Exhibit E − Tracking Results _ USPS (Palisades Park, NJ), # 6 Exhibit F − Tracking Results _ USPS (edgewater address), # 7 Exhibit G − 2−25−21 − Elliott − Pacheco − Compressed, # 8 Declaration of Andrew Kupinse − 03.18.2021 Status Letter from Lackman to Court re Pacheco, # 9 Exhibit 1 − Kupinse Declaration − Re_ Fat Joe − Never in Posession).(Lackman, Eleanor) (Entered: 03/18/2021) |
| 03/22/2021 | 182 | LETTER addressed to Judge Naomi Reice Buchwald from Francis Malofiy dated 03/22/2021 re: Responding to Defendants' 3/18/2021 Letter Regarding Elis Pacheco (Doc. No. 181). Document filed by Eric A Elliott..(Malofiy, Francis) (Entered: 03/22/2021) |
| 03/30/2021 | 183 | ORDER: ORDERED that defendants are granted leave to renew their motion for summary judgment. Plaintiff will have fourteen (14) days to file a response as provided for in the July 31 Order. (Signed by Judge Naomi Reice Buchwald on 3/30/2021) (ama) (Entered: 03/30/2021) |
| 04/12/2021 | 184 | MOTION for Summary Judgment . Document filed by Joseph Anthony Cartagena, Joey and Ryan Music, Reminisce Smith Mackie, RNG (Rap's New Generation), Remynisce Music, Sneaker Addict Touring LLC, Terror Squad Entertainment, Terror Squad Productions, Inc., Warner−Tamerlane Publishing Corp., Warner/Chappell Music, Inc.. (Attachments: # 1 DECLARATION OF ELAINE NGUYEN, # 2 Nguyen Decl − Exhibit A − 08.24.20 − Subpoena on Elis Pacheco, # 3 Nguyen Decl − Exhibit B − 09.01.20 − Cartagena Subpoena on Elis Pacheco, # 4 Nguyen Decl − Exhibit C − 10.19.20 − Subpoena on Elis Pacheco, # 5 Nguyen Decl − Exhibit D − 12.16.20 − Cartagena Subpoena on Elis Pacheco, # 6 Nguyen Decl − Exhibit E − 02.10.20 − Subpoena on Elis Pacheco, # 7 Nguyen Decl − Exhibit F − C. Gibson Affidavit of Service − Mailing to 1402 River Road, # 8 Nguyen Decl − Exhibit G − C. Gibson Affidavit of Service − Mailing to 465 9th Street, # 9 Nguyen Decl − Exhibit H − A. Gibson Affidavit − Facebook and Email Service, # 10 Nguyen Decl − Exhibit I − 2−25−21 − Elliott − Pacheco − Compressed, # 11 Memo of Law ISO MSJ).(Lackman, Eleanor) (Entered: 04/12/2021) |
| 04/12/2021 | 185 | RULE 56.1 STATEMENT. Document filed by Joseph Anthony Cartagena, Joey and Ryan Music, Reminisce Smith Mackie, RNG (Rap's New Generation), Remynisce Music, Sneaker Addict Touring LLC, Terror Squad Entertainment, Terror Squad Productions, Inc., Warner−Tamerlane Publishing Corp., Warner/Chappell Music, Inc...(Lackman, Eleanor) (Entered: 04/12/2021) |
| 04/12/2021 | 186 | LETTER addressed to Judge Naomi Reice Buchwald from Eleanor M. Lackman dated 04/12/2021 re: Pursuant to Your Honors Individual Rule 2(E)(1), Defendants respectfully submit this letter in conjunction with their opening memorandum of law in support of their Renewed Motion for Summary Judgment. Document filed by Joseph Anthony Cartagena, Joey and Ryan Music, Reminisce Smith Mackie, RNG (Rap's New Generation), Remynisce Music, Sneaker Addict Touring LLC, Terror Squad Entertainment, Terror Squad Productions, Inc., Warner−Tamerlane Publishing Corp., Warner/Chappell Music, Inc...(Lackman, Eleanor) (Entered: 04/12/2021) |
| 04/26/2021 | 187 | SUPPLEMENTAL MEMORANDUM OF LAW in Opposition re: 184 MOTION for Summary Judgment ., 143 MOTION for Summary Judgment . . Document filed by Eric A Elliott. (Attachments: # 1 Table of Contents, # 2 Response to Rule 56.1 Supp. Statement of Undisputed Facts).(Malofiy, Francis) (Entered: 04/26/2021) |
| 04/26/2021 | 188 | MEMORANDUM OF LAW in Opposition re: 184 MOTION for Summary Judgment ., 143 MOTION for Summary Judgment . ****Letter Summarizing Supp. Opposition to Defendants' Motion for Summary Judgment****. Document filed by Eric A Elliott..(Malofiy, Francis) (Entered: 04/26/2021) |
| 04/29/2021 | 189 | LETTER MOTION for Extension of Time addressed to Judge Naomi Reice Buchwald from Eleanor M. Lackman dated April 29, 2021. Document filed by Joseph Anthony Cartagena, Joey and Ryan Music, Reminisce Smith Mackie, RNG (Rap's New Generation), Remynisce Music, Sneaker Addict Touring LLC, Terror Squad Entertainment, Terror Squad Productions, Inc., Warner−Tamerlane Publishing Corp., Warner/Chappell Music, Inc...(Lackman, Eleanor) (Entered: 04/29/2021) |

| | | |
|---|---|---|
| 04/30/2021 | 190 | ORDER granting 189 Letter Motion for Extension of Time. Application granted. SO ORDERED. (Signed by Judge Naomi Reice Buchwald on 4/30/2021) (mml) (Entered: 04/30/2021) |
| 04/30/2021 | | Set/Reset Deadlines: Replies due by 5/10/2021. (mml) (Entered: 04/30/2021) |
| 05/10/2021 | 191 | REPLY MEMORANDUM OF LAW in Support re: 184 MOTION for Summary Judgment . . Document filed by Joseph Anthony Cartagena, Joey and Ryan Music, Reminisce Smith Mackie, Remynisce Music, Sneaker Addict Touring LLC, Terror Squad Entertainment, Terror Squad Productions, Inc., Warner−Tamerlane Publishing Corp., Warner/Chappell Music, Inc.. (Attachments: # 1 Reply Declaration of Elaine Nguyen In Further Support of Defendants' Renewed Motion For Summary Judgment, # 2 Exhibit J to Reply Declaration of Elaine Nguyen).(Lackman, Eleanor) (Entered: 05/10/2021) |
| 01/05/2022 | 192 | MEMORANDUM AND ORDER granting 184 Motion for Summary Judgment. Accordingly, for the reasons stated above, defendants' renewed motion for summary judgment is granted in its entirety and the Complaint is dismissed with prejudice. The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 184 and to close the case. SO ORDERED. (Signed by Judge Naomi Reice Buchwald on 1/5/2022) (mml) Transmission to Orders and Judgments Clerk for processing. (Entered: 01/05/2022) |
| 01/06/2022 | 193 | CLERK'S JUDGMENT re: 192 Order on Motion for Summary Judgment,. in favor of Dade Co. Project Music, Inc., Empire Distribution, Inc., Excuse My French Music, Excuse My French Music II, Joey and Ryan Music, Mr. Green Music, Po Folks Music, RNG (Rap's New Generation), Remynisce Music, Roc Nation LLC, Roc Nation Management LLC, Sneaker Addict Touring LLC, Songs of Universal Inc., Terror Squad Entertainment, Terror Squad Productions, Inc., Universal Music−Z Tunes LLC, Warner−Tamerlane Publishing Corp., Warner/Chappell Music, Inc., Andre Lyon, Edward F Davadi, Jr., Joseph Anthony Cartagena, Karim Kharbouch, Marcello Valenzano, Reminisce Smith Mackie, Shandel Green against Eric A Elliott. It is hereby ORDERED, ADJUDGED AND DECREED: That for the reasons stated in the Court's Memorandum and Order dated January 5, 2022, defendants' renewed motion for summary judgment is granted in its entirety and the Complaint is dismissed with prejudice: accordingly, the case is closed. (Signed by Clerk of Court Ruby Krajick on 1/6/2022) (Attachments: # 1 Notice of Right to Appeal) (dt) (Entered: 01/06/2022) |
| 02/04/2022 | 194 | NOTICE OF APPEAL from 166 Memorandum & Opinion,,, 192 Order on Motion for Summary Judgment, 193 Clerk's Judgment,,,, 180 Order on Motion to Serve, 183 Order, 168 Order on Motion for Miscellaneous Relief, 174 Memo Endorsement,,, 176 Memo Endorsement,, 172 Memo Endorsement, Set Deadlines/Hearings,,,,. Document filed by Eric A Elliott. Filing fee $ 505.00, receipt number ANYSDC−25690150. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Malofiy, Francis) Modified on 2/7/2022 (wb). (Entered: 02/04/2022) |
| 02/07/2022 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 194 Notice of Appeal..(wb) (Entered: 02/07/2022) |
| 02/07/2022 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 194 Notice of Appeal,, filed by Eric A Elliott were transmitted to the U.S. Court of Appeals. (wb) (Entered: 02/07/2022) |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
ERIC A. ELLIOTT (p/k/a FLY HAVANA),

Plaintiff,

- against -

JOSEPH ANTHONY CARTAGENA (p/k/a FAT JOE), et al.,

Defendants.

------------------------------X

**MEMORANDUM AND ORDER**
19 Civ. 1998 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Plaintiff Eric A. Elliott ("Elliott") has brought this action alleging copyright infringement based on claims that he is the co-author and co-owner of the song "All The Way Up." Before the Court is defendants'[1] renewed motion for summary judgment. Central to this motion is the admissibility under Rules 1003 and 1004 of the Federal Rules of Evidence of a draft of a contract that defendants maintain establishes that Elliott contractually assigned away all of his rights in the song. For the following reasons, defendants'

[1] Plaintiff has sued over 25 defendants who fall into the following broad categories: 1) the named co-authors of the song "All The Way Up"; 2) the publishing entities of these co-authors; 3) other entities that allegedly own copyrights in the song; and 4) entities involved in the distribution and exploitation of the song. This motion was brought by a subset of defendants, and "defendants" in this Memorandum and Order refers to the moving defendants and other defendants who joined them. Those defendants are: Joseph Anthony Cartagena ("Fat Joe"); Reminisce Smith Mackie; Remynisce Music; Joey and Ryan Music; Sneaker Addict Touring LLC; Terror Squad Productions, Inc.; Terror Squad Entertainment; RNG (Rap's New Generation); Warner Chappell Music, Inc.; and Warner-Tamerlane Publishing Corp.

motion is granted in its entirety.

## BACKGROUND

Although the Court has previously set out many of the facts in this case in our July 31, 2020 Order, see Elliott v. Cartagena, No. 19 Civ. 1998, 2020 WL 4432450 (S.D.N.Y. 2020), we summarize the relevant facts necessary to resolve this motion, drawn from the complaint filed on March 6, 2019 ("Complaint"), ECF No. 6, and the materials submitted by the parties in connection with this motion and the prior motion for summary judgment.[2]

### I. Meetings Regarding Elliott's Rights to The Song "All The Way Up"

The underlying facts are largely undisputed. Central to the narrative is a meeting between Fat Joe and Elliott in March 2016 at which Elliott signed a "piece of paper" and received a $5,000 check. See Compl. at ¶¶ 50-56. This meeting was preceded by a call between Fat Joe and Elliott in early March 2016, in which Elliott requested payment "up-front or publishing going forward" as a means of credit or compensation for his contribution to "All The Way Up." Parties' Original Rule 56.1 Stmts. ¶ 2[3]; Compl. at

[2] Because this motion is a pre-discovery motion for summary judgment under Rule 56, some of the facts are drawn solely from the Complaint. Except as otherwise noted, the facts relied on are either undisputed or construed most favorably to plaintiff.

[3] "Parties' Rule 56.1 Statements" refer to Defendants' Supplemented Rule 56.1 Statement (ECF No. 185) and Plaintiff's Rule 56.1 Counterstatements (ECF Nos. 156, 187-2) filed in conjunction with this motion and the original motion for summary judgment.

41.

Following the conversation, Elliott and Fat Joe met at an IHOP in mid-March 2016. See Parties' Rule 56.1 Stmts. ¶ 5. At this meeting, Fat Joe presented Elliott with a "piece of paper" and a $5,000 check, which had a memo line that read "write." Id. at ¶¶ 8-9; Compl. ¶ 50. Following a short discussion, Elliott signed the "piece of paper," which he left with Fat Joe, and took the check, which he later deposited. Id. at ¶¶ 10-12.

## II. Original Summary Judgment

Five months after this action was commenced, a subgroup of defendants requested leave to file a motion to dismiss the Complaint in its entirety, asserting that the "piece of paper" signed at the IHOP meeting released all copyright claims and would dispose of the case. See ECF No. 112. The Court responded by directing the parties to file any existing copies of the "piece of paper" and declarations explaining any lack of possession. See ECF No. 125. Elliott, Fat Joe, and Erica Moreira, Fat Joe's transactional counsel at the relevant time, all submitted declarations stating that they were not in possession of the "piece of paper" signed at the IHOP meeting. See ECF Nos. 131-1, 131-2, 132-1. Moreira stated that she had prepared a draft (the "Draft Agreement") at Fat Joe's request, incorporating information from Elliott's driver's license, see Moreira Sept. 18, 2019 Decl. at ¶¶

5-8(ECF No. 131-2), and Fat Joe attested that he printed this version of the document without changes and brought it to the meeting with Elliott. See Cartagena Decl. (ECF No. 131-1). Fat Joe further affirmed that he was unable to locate the signed version of the "piece of paper" after searching his home, personal belongings, and asking people "in [his] circle at the time." Id. at ¶ 9. According to both Fat Joe and Moreira, Fat Joe "may have provided the document to [his] then-manager, Mr. Elis Pacheco," although Fat Joe also noted that "[he] under[stood] that [Pacheco] indicated he was unable to locate a signed copy of the Agreement." Id.; see also Moreira Sept. 18, 2019 Decl. at ¶ 8-9(ECF No. 131-2).

On October 17, 2019, the Court held a pre-motion conference and granted defendants leave to file a pre-discovery motion for summary judgment limited to the issue of establishing the contents of the agreement signed at the IHOP meeting despite the absence of the signed version of the "piece of paper." See ECF Nos. 135, 141. Following briefing by the parties, see ECF Nos. 143-163, in which defendants relied on the best evidence rule to establish the contents of the agreement based on the Draft Agreement, the Court issued an order on July 31, 2020 denying defendants' motion without prejudice based on defendants' failure to exhaust all efforts to obtain sworn testimony from Pacheco regarding the location of the

signed version of the agreement. See ECF No. 166. The Court granted defendants leave to renew the motion for summary judgment after securing non-hearsay evidence sufficient to meet the requirements of Fed. R. Evid. 1004. Id.

**III. Defendants' Efforts to Contact Pacheco**

Pursuant to the Court's Order, defendants retained a process server and sought to serve Pacheco, who no longer worked with Fat Joe, with a deposition subpoena. See Defs. Rule 56.1 Stmt. ¶ 36; Nguyen Decl. at ¶¶ 4-5 (ECF No. 184-1). Defendants issued four subpoenas, dated August 24, 2020, September 1, 2020, September 14, 2020, and December 16, 2020, and made eleven unsuccessful attempts at service. Nguyen Decl. at ¶¶ 5-13. On January 15, 2021, defendants requested leave to file a motion for alternative service via certified mail, email, and Facebook, which the Court granted. See Parties' Rule 56.1 Stmts. ¶ 37. As with the earlier attempts at service, defendants' alternative service efforts did not result in a response from Pacheco or his appearance at a noticed deposition. Id. at ¶ 38. Recognizing that defendants had exhausted all efforts to contact Pacheco, the Court granted defendants leave to renew their motion for summary judgment. See ECF No. 183.

**STANDARD OF REVIEW**

Summary judgment is properly granted where "there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A fact is considered to be material "when it might affect the outcome of the suit under governing law," and "[a]n issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 202 (2d Cir. 2007) (internal quotation marks and citations omitted). The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion," as well as the basis for the absence of genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[T]he party opposing summary judgment may not merely rest on the allegations or denials of his pleading; rather his response, by affidavits or otherwise as provided in the Rule, must set forth specific facts demonstrating that there is a genuine issue for trial." Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009). "[C]onclusory statements, conjecture, and inadmissible evidence are insufficient to defeat summary judgment." Ridinger v. Dow Jones & Co. Inc., 651 F.3d 309, 317 (2d Cir. 2011) (internal quotation marks and citation omitted).

"Only in the rarest of cases may summary judgment be granted against a party who has not been afforded the opportunity to

conduct discovery," because "[t]he nonmoving party must have had the opportunity to discover information that is essential to his opposition to the motion for summary judgment." Christie's Inc. v. Davis, 247 F. Supp. 2d 414, 418-19 (S.D.N.Y. 2002) (internal quotation marks and citation omitted).

## DISCUSSION

### I. Elliott Assigned His Rights By Signing The Agreement

A. The Draft Agreement is Admissible under Fed. R. Evid. 1003 and 1004.

The threshold issue in this case is the admissibility of the draft of the agreement signed by Elliott at the March 2016 meeting. As discussed above, the Court directed an extensive effort to locate a signed copy of the "piece of paper," which Elliott had signed at the IHOP meeting with Fat Joe. Based upon those exhaustive efforts, it is clear that a signed copy cannot be located. Plaintiff does not suggest otherwise. Thus, this is one of the "rarest of cases" in which summary judgment is appropriate despite the lack of formal discovery. Hellstrom v. U.S. Dep't of Veterans Affairs, 201 F.3d 94, 97 (2d Cir. 2000).

We start by examining whether defendants have established that the Draft Agreement is admissible to prove the contents of the agreement signed by Elliott. According to the best evidence rule, "[a]n original writing . . . is required in order to prove its content unless these rules or a federal statute provides

otherwise." Fed. R. Evid. 1002. Two relevant exceptions to this rule are codified in Rules 1003 and 1004 of the Federal Rules of Evidence. The first exception is that a document may be admissible as a duplicate of the original document. Fed. R. Evid. 1003. It is undisputed that Elliott and Fat Joe met at an IHOP in March 2016. Parties' Rule 56.1 Stmts. ¶ 5. At the meeting, Fat Joe presented Elliott with a "piece of paper," which Elliott signed and left with Fat Joe, as well as a $5,000 check, which Elliott took with him and later deposited. Id. ¶¶ 8-12. Fat Joe's transactional attorney, Erica Moreira, has submitted a sworn declaration that she prepared the "piece of paper" following a request on March 2, 2016 from Fat Joe. Moreira Sept. 18, 2019 Decl. ¶¶ 4-7 (ECF No. 131-2). According to Moreira, the document that she prepared is the Draft Agreement, which was "tailored" to include Elliott's driver's license information, taken from a picture of Elliott's license that Pacheco had emailed to Moreira on the morning of March 11, 2016. Id. at ¶¶ 5-6; ECF No. 131-3. Later that afternoon, Moreira emailed the Draft Agreement to Pacheco and Fat Joe, titling the email "Work For hire for Andrew Eric Elliot - Writer who is claiming a portion of All The Way Up." ECF No. 145-1. Both of these emails have been submitted to the Court. Fat Joe's own sworn declaration states that he subsequently printed Moreira's Draft Agreement without altering it and brought

it to the meeting with Elliott. Cartagena Decl. at ¶¶ 6,8 (ECF No. 131-1). Accordingly, in our July 31, 2020 Order, we held that the Draft Agreement, ECF No. 145-1, is admissible as a duplicate to the same extent as the original agreement under Fed. R. Evid. 1003. ECF No. 166 at 7-8.

Having found that the Draft Agreement is admissible as a duplicate of the original, the next issue is whether the duplicate is evidence of the contents of the agreement. The answer is clearly yes, under the "well recognized exception [to the best evidence rule] . . . that secondary evidence may be admitted in lieu of the original provided the original has not been lost, destroyed or become unavailable through the fault of the proponent and provided the copy does not otherwise appear to be untrustworthy." United States v. Knohl, 379 F.2d 427, 441 (2d Cir. 1967). Defendants have invoked the exceptions listed in Rule 1004(a) and (b) to support the introduction of the Draft Agreement to establish the contents of the agreement signed at the March 2016 meeting. Defs. Mot. at 15 (ECF No. 184-11). With ample, unchallenged evidence that the Draft Agreement is the document that Elliott signed, the only issue is whether the defendants have adequately explained their inability to produce the signed version.

According to Rule 1004 of the Federal Rules of Evidence, "[a]n

original is not required and other evidence of the content of a writing . . . is admissible if: (a) all the originals are lost or destroyed, and not by the proponent acting in bad faith; [or] (b) an original cannot be obtained by any available judicial process." Before seeking to "satisfy [this exception], the party seeking to prove the contents of the writing must establish a proper excuse for the nonproduction of the document and that the original did exist." Bobcar Media, LLC v. Aardvark Event Logistics, Inc., 354 F. Supp. 3d 375, 382 (S.D.N.Y. 2018) (internal quotation marks and citation omitted). As an initial matter, there is no dispute that a signed, original version of this agreement existed, as has been attested to by both defendants and Elliott. According to both Fat Joe and Elliott, during the March 2016 meeting, "Elliott signed the agreement, returned it to [Fat Joe], and took the check [presented with the agreement]." Cartagena Decl. at 7 (ECF No. 131-1); see also Elliott Decl. at 11 (ECF No. 155) ("After I signed the document, he immediately took the document and did not provide me a copy."). With no dispute regarding the existence of an original, signed version of the document, we next determine whether defendants have provided sufficient explanations for their inability to produce it.

*i. Defendants Have Established That the Original Document is Lost.*

It is undisputed that the only parties present at the March

2016 meeting were Fat Joe and Elliott, and both parties agree that Fat Joe left the meeting with the sole copy of the signed agreement. Therefore, any inquiry as to the location of the document must start with Fat Joe. According to his September 16, 2019 declaration, Fat Joe has attempted to find the document but "cannot locate the agreement," even after "look[ing] in [his] home, [his] personal belongings, and [after] ask[ing] the people in [his] circle at the time if they had the signed copy of any information as to its whereabouts." Cartagena Decl. at 9 (ECF No. 131-1). Given his inability to locate the document in his possession or in the possession of those close to him at the relevant time, Fat Joe concluded that he had "provided the document to [his] then-manager, Mr. Elis Pacheco." Id. Fat Joe's counsel, Moreira, echoed his belief that a document of this nature would likely have been kept in Pacheco's possession. See Moreira September 18, 2019 Decl. at ¶ 8 (ECF No. 131-2) ("As Mr. Cartagena's then manager, it was typical for Mr. Pacheco to keep track of Mr. Cartagena's documents, and it was normal practice for me not to receive executed copies of every document I drafted for Mr. Cartagena."). As stated above, given the significance of this document to this case, the Court issued its July 31, 2020 Order, requiring defendants to obtain non-hearsay evidence from Pacheco sufficient to meet the requirements of Rule 1004, or to obtain the original document.

ECF No. 166.

Defendants thereafter embarked on a months-long effort to contact Pacheco. Over the following six months, defendants issued four subpoenas and made nineteen unsuccessful attempts to serve Pacheco. See ECF Nos. 169, 173, 175, 181. These service attempts included eleven attempts of in-person service on Pacheco's last known address, as well as additional plausible addresses. (ECF Nos. 169, 173, 175). Defendants even took the additional step of requesting leave, which was granted, to serve Pacheco through alternative means via certified mail, email, and Facebook. (ECF Nos. 175, 180, 181). Having conducted "a diligent search in the location where the document was last known to have been kept," defendants have established the loss of the document. Cosmopolitan Shipping Co. v. Cont'l Ins. Co., 514 F. Supp. 3d 614, 619 (S.D.N.Y. 2021).[4]

While plaintiff argues that defendants must "identify what happened to the original to be able to invoke the Best Evidence

---

[4] The two New York state cases that Elliott cites to do not support his position. Pl. Opp'n at 5-6. The New York Court of Appeals in Schozer v. William Penn Life Ins. Co. of N.Y., 84 N.Y.2d 639 (N.Y. 1994) found that the trial court had erred "in refusing to permit defendant to establish that the [document] was lost, and in ruling that the unavailability of the [document] unconditionally precluded defendant from introducing secondary evidence of its contents." Id. at 1357. The court further held that loss can be established through a "diligent search" and "testimony of the person who last had custody of the original." Id. at 1355. The citation to Stathis v. Estate of Karas, 130 A.D.3d 1008 (2d Dep't 2015) is inapposite. There, the best evidence rule was not satisfied because the plaintiff failed to explain the unavailability of the original document and failed to conduct a diligent search. Id. at 1010.

Rule," Pl. Opp'n at 6, the Court is entitled to rely on circumstantial evidence to prove loss of an original document, recognizing that proof of a diligent search is frequently the only evidence available to a party to show that a document has been lost or destroyed. See McCormick on Evidence, 237 at 715 (3d ed. 1984) ("Loss or destruction may sometimes be provable by direct evidence but more often the only available evidence will be circumstantial, usually taking the form that appropriate search for the document has been made without discovering it."); 5 Weinstein Evidence § 1004(1)[05] at 1004-18 (1983) ("By far the most common means of prov[ing] loss or destruction is the use of circumstantial evidence showing a diligent but unsuccessful search and inquiry for the document.") (quotation omitted). Moreover, since the "diligence requirement is not a matter to be determined by the fact finder," and instead "shall be determined by the court," we find that there is no factual issue in dispute regarding defendants' efforts to locate the original document.[5] Burt Rigid Box, Inc. v. Travelers Property Cas. Corp., 302 F.3d 83, 92 (2d Cir. 2002).

[5] We also note that defendants have previously submitted a declaration by Andrew Kupinse, one of Fat Joe's attorneys, who communicated with Pacheco in early March 2019 regarding the signed version of the agreement. See ECF No. 161. Defendants have also submitted an email chain between Kupinse and Pacheco from early March 2019 in which Pacheco told Kupinse that he was never in possession of the signed document. See ECF No. 181-9. Given concerns regarding the potential hearsay nature of these communications, the Court ordered additional discovery from Pacheco. See ECF No. 166.

Nor are there any indicia of bad faith. Elliott fails to offer any specific evidence showing that Fat Joe or any other defendants have procured the loss of the original document in bad faith or otherwise intentionally prevented its recovery and production. Plaintiff's conclusory allegations regarding defendants' credibility are totally unrelated to the loss of the signed agreement and are accordingly irrelevant to this determination. See, e.g., Crawford v. Franklin Credit Mgmt. Corp., No. 8 Civ. 6293, 2015 WL 1378882, at *5 (S.D.N.Y. Mar. 26, 2015) (finding that plaintiff failed to offer "any concrete allegation of bad faith" where plaintiff argued that defendant failed to proffer any excuse for non-production of the document in question).[6]

*ii. Defendants Have Established That the Original Document Cannot Be Located Through Judicial Process.*

In addition to establishing that the original document has been lost, it is also clear to the Court that if the document is within the possession of Pacheco, it is beyond the reach of the Court, per Rule 1004(b). With no other judicial recourse available to obtain the document, the Court excuses production of the original agreement by defendants, as it "cannot be obtained by

[6] Indeed, given the absence of any basis to conclude that the unsigned Draft Agreement was not the document signed, defendants have no incentive to destroy the signed copy. In fact, defendants' efforts to serve Pacheco in order to address any potential questions regarding this issue are indicative of the opposite of bad faith.

available judicial process or procedure," rendering it "as inaccessible as though it had been lost or destroyed." Allegra v. Bowen, 670 F. Supp. 465, 468 (E.D.N.Y. 1987). For the reasons set forth above, we find that the requirements of Rule 1004(a) and (b) have been satisfied.

B. The Draft Agreement Shows That Elliott Assigned his Rights.

Having established that defendants have satisfied the requirements of Rules 1003 and 1004, the Draft Agreement is admissible as a duplicate of the original agreement and establishes its contents. We now turn to the legal significance of the agreement to ascertain the rights that Elliott transferred. The parties agreed that the agreement would "be governed by the laws of the State of Florida . . . with respect to any claim arising under [the] Agreement." ECF No. 145-1. Elliott has not suggested that there is any ambiguity or lack of clarity in the contract. Thus, we use a plain language reading. See Walgreen Co. v. Habitat Dev. Corp., 655 So.2d 164, 165 (Fla. Dist. Ct. App. 1995) ("When a contract is clear and unambiguous, the court is not at liberty to give the contract any meaning beyond that expressed.") (internal quotation marks and citation omitted). At the outset, the contract states that Elliott "irrevocably grants . . . any and all rights of ownership or any other rights in and to the Master and the underlying composition (the "Composition") throughout the Universe

in perpetuity." ECF No. 145-1. The agreement further states that "Elliott acknowledges that [he] has no ownership or other rights in and to the Master and the Composition and to the extent Elliott has any rights he hereby assigns those rights, including any moral rights and copyright rights . . . throughout the universe and in perpetuity." Id. Elliott also agreed to waive "any and all payment of mechanical royalties due to composer for or in connection with the Composition and the Master," with his only payment coming in the form of the $5,000 check presented at the meeting. Id.

Moreover, while the contract may not be perfectly drafted, including a misspelling of Elliott's name in the signature block, there is no doubt that Elliott and Fat Joe are the intended contracting parties, and the purpose of the contract was to assign Elliott's rights to "All The Way Up" in perpetuity "throughout the Universe." The contract contains Elliott's driver license number, which was emailed to Fat Joe's transactional attorney the day before she drafted the agreement, see ECF No. 131-2 ¶¶ 5-6, clearly indicating that the correct Eric A. Elliott is identified as the assignor. Thus, by its terms, the agreement unambiguously assigns any ownership rights, copyright rights, and any additional rights that Elliott had in the Composition and the Master.

**II. Elliott's Other Arguments Fail as a Matter of Law.**

We now turn to the remainder of plaintiff's claims. The Draft Agreement not only resolves plaintiff's claims regarding ownership and authorship of "All The Way Up," but it also resolves plaintiff's remaining claims.

A. Copyright Act Statute of Frauds

Elliott raises a number of arguments regarding the enforceability of the Draft Agreement, beginning with the claim that the agreement is void based on the statute of frauds contained in the Copyright Act, 17 U.S.C. ¶ 204(a). Pl. Opp'n at 12. This provision requires that "a transfer of copyright ownership . . . is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent." Elliott has conceded that he signed an agreement at the March 2016 meeting. See Elliott Decl. at 11 (ECF No. 155). Indeed, the fact that he signed the agreement is central to the Complaint and the allegations against defendants. See, e.g., Compl. ¶¶ 54-56. Given this undisputed fact, and the determination that the Draft Agreement is admissible as a duplicate of the original agreement and to prove its contents, the requirements of the statute of frauds are met.

B. Lack of Consideration

Elliott's second argument is that the agreement lacks any identified consideration and that the parol evidence rule prevents defendants from establishing the $5,000 check as the consideration referenced in the contract. See Pl. Opp'n at 12-14. While a party that "provides no enforceable consideration for the agreement . . . may not enforce the agreement against the other party," there is no basis in fact for Elliott's argument. Robert L. Haag, Inc. v. Swift & Co., 696 F.2d 30, 31 (2d Cir. 1982). It is undisputed that Elliott received a $5,000 check at the 2016 meeting, which he subsequently cashed. Compl. ¶ 50. Under the terms of the agreement, Elliott agreed to transfer his rights to Fat Joe in exchange for "valuable consideration" that was agreed to be "full and complete consideration for all of Elliott's services . . . (including any and all songwriting fees due)," with the understanding that "no additional compensation. . .[would] be due to Elliott." (ECF No. 141-5). Thus, this check satisfied Fat Joe's obligation and functioned as the "valuable consideration" referenced in the agreement. While Elliott seeks to construe the simultaneous exchange of the $5,000 check as untethered to the language of the contract, there is no support for that assertion. Elliott's retrospective frustration at the amount of money notwithstanding, there is no dispute that Elliott signed the

contract, assigning his rights to the song, while simultaneously receiving the $5,000 check from Fat Joe in exchange.

Elliott's parol evidence argument is also unavailing. The parol evidence rule "is a rule of substantive contract law, not a [federal] rule of evidence," Petereit v. S.B. Thomas, Inc., 63 F.3d 1169, 1177 (2d Cir. 1995). Under Florida law, which applies here, "[t]he general rule is that parol evidence is not admissible to vary, contradict, or defeat the terms of a complete and unambiguous written instrument." Bond v. Hewitt, 149 So. 606, 607-8 (Fla. 1933). However, "for some purposes parol evidence can be introduced to explain or amplify the consideration recited in a written contract," although this does not "permit proof of an oral agreement for the purpose of imposing an affirmative obligation on one of the parties of which there is no indication or suggestion in the written contract." Knabb v. Reconstruction Fin. Corp., 197 So. 707, 716 (Fla. 1940) (internal quotation marks and citation omitted). Given the integration clause present in the contract, and the lack of any claim of ambiguity, the parties cannot seek to admit parol evidence to vary any term of the contract. However, the parol evidence rule does not prevent the Court from recognizing that the $5,000 check provided at the

meeting served as consideration.[7] It is clear from the facts presented in the record that the check served as the "valuable consideration" referenced in the agreement and further evidence of Elliott's intent to be bound by its terms.

C. Fraudulent Inducement/Negligent Misrepresentation

Finally, Elliott argues that the agreement is void or voidable because he was fraudulently induced to enter into it. Elliott's argument is premised on alleged fraudulent representations made around March 6, 2016 in a telephone call between Fat Joe and Elliott, as well as alleged representations made at the IHOP meeting. Pl. Opp'n at 16. According to Elliott, during the March 6 phone call, Fat Joe fraudulently promised that Elliott would receive "some bread" up front, compensation as the song generated additional income, and the opportunity to collaborate with Fat Joe in the future. Compl. ¶ 42. Elliott also alleges that at the

[7] We also note that under Florida law in a slightly different context, courts consider parol evidence in order to determine true consideration where the stated terms of consideration in a deed are listed as "one dollar and other valuable consideration." See Menke v. Cournoyer, 330 So.2d 491, 493 (Fla. Dist. Ct. App. 1976) ("Where a deed recites a consideration of 'one dollar and other valuable considerations' the statement as to consideration is not complete and the true consideration may be shown by parol."); Bond, 149 So. at 607 ("This court has committed itself to the doctrine that where a deed of conveyance recites a consideration of one dollar and other valuable considerations, the statement as to the consideration is not complete and the true consideration may be shown by parol."); Mason v. Roser, 588 So.2d 622, 624 ("On occasion, however, parol evidence is admissible to resolve ambiguities with respect to the stated consideration for a conveyance. For example, a deed which recites a consideration of a sum of money and other valuable consideration is not complete as to the consideration, and the true character thereof may be shown by parol.") (internal quotation marks and citation omitted).

IHOP meeting, Fat Joe stated that the $5,000 represented an initial payment, with additional payments forthcoming, and repeated that he would collaborate with Elliott on additional songs. Compl. ¶¶ 52-55.

Regardless of whether these claims are true, and defendants deny that Fat Joe made these representations, the Draft Agreement contains a merger clause that is fatal to the claims of fraudulent inducement and negligent misrepresentation. Under the terms of the merger clause, "[the] Agreement contains the entire understanding of the parties . . . relating to the subject matter [of the Agreement] and cannot be changed or terminated except by an instrument signed by the parties." ECF No. 145-1. Therefore, plaintiff is barred from presenting "evidence of a prior or contemporaneous oral agreement . . . to vary or contradict the unambiguous language of [this] valid contract." Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc., 162 F.3d 1290, 1309 (11th Cir. 1998) (internal quotation marks and citation omitted). The inclusion of a merger clause in the contract also bars a claim of fraudulent inducement where the claim "directly contradicts an express provision of the written agreement." Ungerleider v. Gordon, 214 F.3d 1279, 1282 (11th Cir. 2000) (internal quotation marks and citation omitted).

Try as he might, Elliott cannot avoid the clear and plain language of the contract that "no additional compensation (including mechanical royalty or any other payments) will be due to Elliott," and that the consideration received, "the receipt and sufficiency of which Elliott . . . acknowledge[d]," was the "full and complete consideration" that Elliott would receive. See ECF No. 145-1. Any alleged statements regarding future or additional compensation are "explicitly contradictory to [these] specific and unambiguous provision[s] of the contract." Acquisition Corp. of Am. V. Fed. Deposit Ins. Corp., 760 F. Supp. 1558, 1561 n.6 (S.D. Fla. 1991); Greenwald v. Food Fair Stores Corp., 100 So. 2d 200, 202 (Fla. Dist. Ct. App. 1958) ("[T]o admit into evidence the [pre-execution evidence] . . . would contradict express specific terms of the written agreement."). Thus, Elliott cannot rely on a claim of "fraud in the inducement . . . where the alleged fraud contradicts the subsequent written contract." Eclipse Med., Inc. v. Am. Hydro-Surgical Instruments, Inc., 262 F. Supp. 2d 1334, 1342-43 (S.D. Fla. 1999); Acquisition Corp. of Am., 760 F. Supp. at 1561 n.6 (finding no exception to the parol evidence rule "where the alleged fraudulent inducement is explicitly contradictory to a specific and unambiguous provision of the contract."); Topp, Inc. v. Unidem Am. Corp., 513 F. Supp. 2d 1345, 1350 (S.D. Fla. 2007) (finding no fraudulent inducement where "[a]ll alleged

misrepresentations or inducements are fully addressed and incorporated into the written contract”). As a result, Elliott’s claims of fraudulent inducement or negligent misrepresentation are clearly unsupportable under Florida law.

D. Fiduciary Duty, Accounting, and Equitable Trust

In addition to his arguments regarding the enforceability of the agreement, Elliott has raised a number of other state law claims, including claims regarding Fat Joe’s breach of purported fiduciary duties and the appropriate equitable remedies resulting from that breach. See Pl. Opp’n at 14; Pl. Dec. 3, 2019 Opp’n at 10 (ECF No. 151). These arguments arise from an unsupported premise: namely, that Fat Joe had a fiduciary relationship with Elliott at the time the contract was signed. As an initial point, “the duty to account for profits presupposes a relationship as co-owners of the copyright,” and is thus tied to the relationship between co-owners rather than co-authors of a song. Weber v. Geffen Records, Inc., 63 F. Supp. 2d 458, 464 (S.D.N.Y. 1999) (internal quotation marks and citation omitted); BMG Rights. Mgmt., LLC v. Atl. Recording Corp., No. 16 Civ. 7443, 2017 WL 5125543, at *2 (S.D.N.Y. Nov. 2, 2017) (“In the context of copyright ownership, in particular, a copyright co-owner may bring an accounting claim against other co-owners for profits they made from exploiting the copyright.”). Second, Elliott fails to cite

any authority, and the Court is likewise unaware of any, that states that copyright co-authors or co-owners are fiduciaries to one another. To the contrary, "there are traditionally no fiduciary duties owed between joint authors or copyright holders." Mills v. Cottrell, No. 04 Civ. 5562, 2006 WL 3635325, at *5 (S.D.N.Y. Dec. 8, 2006). Thus, any potential relationship as a co-author or co-owner is not sufficient, and Elliott has not proffered evidence of "a position of trust or special confidence . . . that impose[s] obligations beyond the express agreements between the parties." Gasery v. Kalakuta Sunrise, LLC, 422 F. Supp. 3d 807, 819 (S.D.N.Y. 2019) (internal quotation marks and citation omitted).

The terms of the agreement undeniably transfer all ownership rights to Fat Joe, eliminating any potential claim of co-ownership between Elliott and defendants. See ECF No. 145-1. Further, Elliott fails to establish any relationship, fiduciary or otherwise, between himself and Fat Joe. In fact, there is no evidence in the record that Fat Joe knew who Elliott was prior to early March 2016, when Elliott posted on Instagram about the song. See Compl. ¶ 39. Having failed to identify any fiduciary duties that Fat Joe owed to Elliott, or any fiduciary relationship between the two, Elliott's claims fail as a matter of law.

**CONCLUSION**

Accordingly, for the reasons stated above, defendants' renewed motion for summary judgment is granted in its entirety and the Complaint is dismissed with prejudice.[8] The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 184 and to close the case.[9]

**SO ORDERED.**

Dated: New York, New York
January 5, 2022

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

[8] Elliott raises a number of other claims in his Complaint that are not specifically addressed in the motion papers. These additional claims are: unjust enrichment, quantum meruit, conversion, moneys had and received, negligence, and civil conspiracy. Having found that Elliott has assigned all of his rights in the song with no right to any future compensation, these claims are also dismissed.

[9] While this motion was brought by a subset of defendants, we find that any claims against the remaining defendants (Karim Kharbouch, Shandel Green, Marcello Valenzano, Andre Lyon, Edward F. Davadi, Jr, Excuse My French Music, Excuse My French Music II, Mr. Green Music, Dade Co. Project Music, Inc., Po Folks Music, Universal Music-Z Tunes LLC, Songs of Universal Inc., Roc Nation LLC, Roc Nation Management LLC, Empire Distribution, Inc.) necessarily fail. They are additional co-authors of the song and entities further down the distribution line. Given that Elliott has assigned away all of his rights to the song, the claims against these remaining defendants are without basis and are likewise dismissed.

Separately, the Court acknowledges that defendants requested oral argument. However, given our holding and that our decision is based on clear legal doctrine, the Court determined that oral argument would not be productive.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
ERIC A. ELLIOTT (p/k/a FLY HAVANA),

Plaintiff,

- against –

JOSEPH ANTHONY CARTAGENA (p/k/a FAT JOE), et al.,

Defendants.
--------------------------------------X

**ORDER**

19 Civ. 1998 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

**WHEREAS** the Court on July 31, 2020 issued a Memorandum & Order (the "July 31 Order") denying defendants' motion for summary judgment and holding that defendants failed to meet the requirements under Federal Rule of Evidence 1004(a) to establish that a signed copy of an agreement between the parties (the "Agreement") was lost or destroyed so that defendants may proffer an unsigned copy of the Agreement to establish the content of the Agreement; and

**WHEREAS** the Court further held that in order to establish that the signed copy of the Agreement was lost or destroyed, defendants should exhaust all efforts to obtain from non-party Elis Pacheco ("Pacheco") any information he might have on the whereabouts of the signed copy of the Agreement; and

**WHEREAS** the Court further held that summary judgment was denied without prejudice to renew the motion once defendants had

exhausted all efforts to obtain sworn testimony from Pacheco; and

**WHEREAS** since the Court issued the July 31 Order, defendants have submitted four letters, ECF Nos. 169, 173, 175, 181, and a motion for alternative service, ECF No. 177, detailing their nineteen unsuccessful attempts to serve Pacheco with subpoenas to obtain information he might have on the whereabouts of the signed copy of the Agreement; and

**WHEREAS** the Court is now satisfied that defendants have exhausted all efforts to obtain sworn testimony from Pacheco and may invoke Rule 1004(a) and (b) to establish the content of the Agreement; it is hereby

**ORDERED** that defendants are granted leave to renew their motion for summary judgment. Plaintiff will have fourteen (14) days to file a response as provided for in the July 31 Order.

DATED: New York, New York
March 30, 2021

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

ERIC A. ELLIOTT (p/k/a FLY HAVANA),

Plaintiff

**O R D E R**

- against -

19 Civ. 1998 (NRB)

JOSEPH ANTHONY CARTAGENA (p/k/a FAT JOE), et al.,

Defendants.

----------------------------------X

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

**WHEREAS** the Court, in its Decision and Order dated July 31, 2020 (ECF Doc. 166), denied Defendants' Motion for Summary Judgment without prejudice and granted defendants leave to renew the motion on the existing motion papers at such time as defendants conclude that they have secured certain non-hearsay evidence from Elis Pacheco ("Pacheco"), a non-party, sufficient to meet the requirements of Rule 1004(a); and

**WHEREAS** defendants have filed a motion for alternative service of a subpoena to Pacheco (ECF No. 179, hereinafter, the "Motion"); and

**WHEREAS** the Motion and accompanying Declaration of Elaine Nguyen in Support of the Motion (ECF No. 178) describe in detail

how defendants hired experienced process servers, investigated all plausible addresses for Pacheco, issued a total of four subpoenas, and made eleven attempts to personally serve Pacheco at three addresses that were known to be his; and

**WHEREAS** each of these attempts to personally serve Pacheco was unsuccessful; and

**WHEREAS** courts in this district "have authorized alternative service that is reasonably designed to ensure that a witness actually receives a subpoena," after the party seeking leave to serve by alternative means "demonstrate[s] a prior diligent attempt to personally serve" the witness, Sec. & Exch. Comm'n v. Pence, 322 F.R.D. 450, 454 (S.D.N.Y. 2017) (quoting Kenyon v. Simon & Schuster, Inc., No. 16 MISC. 327 (P1), 2016 WL 5930265, at *3 (S.D.N.Y. Oct. 11, 2016)); see also Tube City IMS, LLC v. Anza Capital Partners, LLC, No. 14 CIV. 1783, 2014 WL 6361746, at *2 (S.D.N.Y. Nov. 14, 2014) (collecting cases); and

**WHEREAS** the Court is satisfied that defendants made prior diligent attempts to serve Pacheco such that there are grounds to permit alternative service, and that the following methods of

alternative service are reasonably designed to ensure that Pacheco receives the defendants' subpoena; it is hereby

**ORDERED** that the defendants are granted leave to serve Pacheco by alternative means, namely by serving him through: (1) regular mail and certified mail at the addresses known to be his; (2) his business email where defendants were previously successful in communicating with Pacheco; and (3) the social media platform Facebook, where Pacheco is noted to have been recently active.

Dated: New York, New York
February 5, 2021

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

MITCHELL SILBERBERG & KNUPP LLP
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Eleanor M. Lackman
Partner
(212) 878-4890 Phone
(917) 546-7675 Fax
eml@msk.com

January 15, 2021

VIA ECF ONLY

Hon. Naomi Reice Buchwald, U.S.D.J.
Daniel Patrick Moynihan
United States Courthouse
Southern District of New York
500 Pearl Street, Courtroom 21A
New York, New York 10007

Re: Eric Elliott (p/k/a "Fly Havana") v. Joseph Anthony Cartagena (p/k/a "Fat Joe"), et al., Case No. 1:19-cv-01998 (NRB)

Dear Judge Buchwald:

We are counsel for defendants Joseph Anthony Cartagena (p/k/a/ "Fat Joe"); Reminisce Smith Mackie (p/k/a "Remy Ma"); Joey and Ryan Music; Remynisce Music; Sneaker Addict Touring LLC; Terror Squad Productions, Inc.; Terror Squad Entertainment; RNG (Rap's New Generation); Warner Chappell Music, Inc.; and Warner-Tamerlane Publishing Corp. (collectively, "Defendants") in the above captioned action. We submit this letter in accordance with the Your Honor's Order dated December 14, 2020 (ECF Doc. No. 174) (the "December 14 Order") to report on Defendants' continued efforts to personally serve a subpoena upon non-party Elis Pacheco ("Pacheco") to obtain evidence regarding the whereabouts of the signed copy of the rights agreement which bars plaintiff Eric Elliott's claims regarding alleged contributions to the track "All The Way Up" (the "Agreement").

As set forth in Defendants' last two status letters (ECF Doc. Nos 169, 173), prior to December 14, 2020, Defendants issued three subpoenas and made six unsuccessful attempts to personally serve a subpoena on Mr. Pacheco. See ECF Doc Nos. 169 (referring to the issuance of two subpoenas and three unsuccessful attempts at service), 173 (referring to the issuance of a third subpoena and three additional unsuccessful attempts at service). Pursuant to Your Honor's December 14 Order to continue efforts to personally serve Mr. Pacheco, Defendants conducted additional investigation to verify all plausible addresses for Mr. Pacheco. Defendants then issued a fourth subpoena and made an additional five unsuccessful attempts to personally serve him at two addresses known to be his on the following dates: December 19, December 29, January 2, January 5, and January 9.

Defendants have now issued a total of four subpoenas and made eleven unsuccessful attempts to personally serve Mr. Pacheco at addresses that were known to be his. As Your Honor set forth in the December 14 Order, and while Defendants maintain their position that they have made sufficient efforts to obtain admissible evidence directly from Mr. Pacheco in order to meet the requirement in the Court's July 31, 2020 Order (see ECF Doc. Nos. 166, 173), however, to the

msk



extent that these attempts are deemed insufficient to confirm that the Court may reliably rely on the evidence in the record to-date, Defendants respectfully request that the Court grant Defendants leave to serve a subpoena upon Mr. Pacheco by alternative means.

Judges in this District have held that alternative forms of service may be used as long as they are calculated to provide timely actual notice to meet the constitutional requirements of due process and that traditional service is "impracticable." See Platina Bulk Carriers Pte Ltd. v. Praxis Energy Agents DMCC, 2020 WL 6083275, at *3 (S.D.N.Y. Oct. 15, 2020) (granting leave to serve by alternative means, including by email, after fifteen failed attempts at personal service); GP Acoustics (US), Inc. v. J&V Audio, Inc., 2017 WL 11570459, at *1 (S.D.N.Y. Sept. 13, 2017) (granting plaintiff's motion for alternative service via email and finding traditional service impracticable); Tube City IMS, LLC v. Anza Capital Partners, LLC, No. 14-civ-1783 PAE, 2014 WL 6361746, at *2 (S.D.N.Y. Nov. 14, 2014) ("[D]istrict courts in this Circuit have held that, in appropriate circumstances, alternative forms of service may be used, as long as they are calculated to provide timely actual notice.").

As demonstrated above, personal service upon Mr. Pacheco is impracticable. Defendants have expended ample time and significant resources on diligence to locate Mr. Pacheco and process servers who are expert in service. Despite those efforts, Defendants have been unsuccessful in personally serving him. In addition to serving the subpoena on Mr. Pacheco by regular mail and certified mail at the addresses known to be his, Defendants respectfully propose service by email and/or via the social media platform Twitter as methods reasonably calculated to provide timely notice to Mr. Pacheco. As set forth in the Kupinse Declaration in support of Defendants' Motion for Summary Judgment (ECF Doc. No. 161), Mr. Kupinse communicated with Mr. Pacheco by email and phone regarding the whereabouts of the Agreement, to which Mr. Pacheco reported that he was not and believed he never was in possession of the Agreement. ECF Doc. No. 166 at ¶¶ 7-8. Given that Mr. Kupinse was successful in reaching Mr. Pacheco at his business email address for his company, Digital Launch,[1] Defendants submit that service via email is reasonably calculated to provide timely notice to Mr. Pacheco. Moreover, after investigating Mr. Pacheco's social media accounts, particularly his Twitter account,[2] Mr. Pacheco was last active on Twitter on December 26, 2020 and last posted on November 26, 2020. As such, service upon Mr. Pacheco via Twitter is also reasonably calculated to provide timely notice.

We thank the Court for its attention to this matter.

---

[1] Mr. Pacheco's biography for his company Digital Launch can be found on this link: http://www.digitallaunch.com/elis-pacheco. Counsel for Defendants also called the Digital Launch office by telephone in hopes that the office was open, but there was no response.

[2] Mr. Pacheco's Twitter handle is @ElisDigital and his page can be found at http://www.twitter.com/elisdigital. Mr. Pacheco's Twitter account specifically mentions Defendant Cartagena in his bio. Id. ("Brand Building Conservative Guru for Fat Joe. . .").

msk



Respectfully submitted,

Eleanor M. Lackman
Partner of
MITCHELL SILBERBERG & KNUPP LLP

EML/eln

cc: All Counsel of Record (via ECF)

Application granted to file a motion for alternative service. The motion should include a detailed explanation of the prior service efforts.

SO ORDERED.

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Dated: New York, N.Y.
January 19, 2021

msk

MITCHELL SILBERBERG & KNUPP LLP
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Eleanor M. Lackman
Partner
(212) 878-4890 Phone
(917) 546-7675 Fax
eml@msk.com

September 8, 2020

**VIA ECF ONLY**

Hon. Naomi Reice Buchwald, U.S.D.J.
Daniel Patrick Moynihan
United States Courthouse
Southern District of New York
500 Pearl Street, Courtroom 21A
New York, New York 10007

**Re: *Eric Elliott (p/k/a "Fly Havana") v. Joseph Anthony Cartagena (p/k/a "Fat Joe"), et al.*, Case No. 1:19-cv-01998 (NRB)**

Dear Judge Buchwald:

We are counsel for defendants Joseph Anthony Cartagena (p/k/a/ "Fat Joe"); Reminisce Smith Mackie (p/k/a "Remy Ma"); Joey and Ryan Music; Remynisce Music; Sneaker Addict Touring LLC; Terror Squad Productions, Inc.; Terror Squad Entertainment; RNG (Rap's New Generation); Warner Chappell Music, Inc.; and Warner-Tamerlane Publishing Corp. (collectively, "Defendants") in the above captioned action. We submit this letter in accordance with the Your Honor's Order dated August 28, 2020 (ECF Doc. No. 168) to report on Defendants' efforts to obtain evidence from non-party Elis Pacheco ("Pacheco") regarding the whereabouts of the signed copy of the rights agreement pertaining to plaintiff Eric Elliott's claimed contributions pertaining to the track "All The Way Up" (the "Agreement").

Since Defendants' last letter to the Court dated August 27, 2020 (ECF Doc. No. 167), Defendants have issued two subpoenas and have made three unsuccessful attempts to serve Mr. Pacheco with a request for testimony and documents on the specific issue of the Agreement's whereabouts. Through the expenditure of resources to find a proper address for Mr. Pacheco, Defendants ultimately located Mr. Pacheco's last known address in Edgewater, New Jersey. When the process server arrived at such address to serve the subpoena on September 2, 2020, there was no response. When the process server returned to the address the following day, Mr. Pacheco's mother advised the process server that Mr. Pacheco was presently in Europe and would not return until the middle to the end of October.

In light of the above and in an effort to avoid burdening the Court with a premature renewed Motion for Summary Judgment pursuant to the Court's July 31, 2020 Order (ECF Doc. No. 166), Defendants respectfully request guidance from the Court as to whether it agrees with Defendants' belief that they have made sufficient efforts to obtain evidence directly from Mr. Pacheco to invoke the best evidence rule. Defendants respectfully maintain their position, as stated in their prior letter (ECF Doc. No. 167) that the statements set forth in the Declaration of Andrew Kupinse, dated December 17, 2019 (ECF Doc. No. 161), which outline Mr. Pacheco's unfruitful efforts to locate the signed Agreement at issue, are admissible as exceptions to the rule

against hearsay pursuant to Fed. R. Evid. 803(1) and Fed. R. Evid. 803(3), in addition to invoking the residual exception in Fed. R. Evid. 807.

However, if the Court believes that Defendants should await Mr. Pacheco's return to the United States and attempt service again, Defendants will do so. In that event, with the interest in conserving resources in mind, Defendants respectfully request that all further activity and deadlines pertaining to this action pending Defendants' ability—or inability, as the case may be—to obtain sworn testimony regarding Mr. Pacheco's recollection of the location of the March 2016 Agreement.

We thank the Court for its attention to this matter.

Respectfully submitted,

Eleanor M. Lackman
Partner of
MITCHELL SILBERBERG & KNUPP LLP

EML/eln

cc: All Counsel of Record (via ECF)

Defendants should continue their efforts to obtain sworn testimony from Mr. Pacheco and should report back to the Court the status of such efforts by October 30, 2020. Defendants' request to stay other further activity and deadlines is granted.

SO ORDERED.

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Date: September 14, 2020

msk

MITCHELL SILBERBERG & KNUPP LLP
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Eleanor M. Lackman
Partner
(212) 878-4890 Phone
(917) 546-7675 Fax
eml@msk.com

October 30, 2020

**VIA ECF ONLY**

Hon. Naomi Reice Buchwald, U.S.D.J.
Daniel Patrick Moynihan
United States Courthouse
Southern District of New York
500 Pearl Street, Courtroom 21A
New York, New York 10007

**Re:** ***Eric Elliott (p/k/a "Fly Havana") v. Joseph Anthony Cartagena (p/k/a "Fat Joe"), et al.*, Case No. 1:19-cv-01998 (NRB)**

Dear Judge Buchwald:

We are counsel for defendants Joseph Anthony Cartagena (p/k/a/ "Fat Joe"); Reminisce Smith Mackie (p/k/a "Remy Ma"); Joey and Ryan Music; Remynisce Music; Sneaker Addict Touring LLC; Terror Squad Productions, Inc.; Terror Squad Entertainment; RNG (Rap's New Generation); Warner Chappell Music, Inc.; and Warner-Tamerlane Publishing Corp. (collectively, "Defendants") in the above captioned action. We submit this letter in accordance with the Your Honor's Order dated September 14, 2020 (ECF Doc. No. 172) to report on Defendants' continued efforts to obtain evidence from non-party Elis Pacheco ("Pacheco") regarding the whereabouts of the signed copy of the rights agreement which bars plaintiff Eric Elliott's claims regarding alleged contributions to the track "All The Way Up" (the "Agreement").

As set forth in Defendants' last status letter, (ECF Doc. No. 169), after the issuance of two subpoenas and three unsuccessful attempts to serve Mr. Pacheco at addresses that were known to be his, the process server spoke to Mr. Pacheco's mother who was at Mr. Pacheco's last known address in Edgewater, New Jersey. She advised that Mr. Pacheco was in Europe and expected to return the middle to end of October. Defendants accordingly attempted service on the following dates: October 19, October 23, and October 27. Each attempt was, yet again, unsuccessful.

At this juncture, Defendants respectfully request that the Court find that Defendants have made sufficient efforts to obtain admissible evidence directly from Mr. Pacheco in order to meet the requirement in the Court's July 31, 2020 Order. *See* ECF Doc. No. 166, at 12 (opining that statements in the Declaration of Andrew Kupinse, dated December 17, 2019 (ECF Doc. No. 161, the "Kupinse Declaration") are hearsay and on that basis, ordering that Defendants exhaust all efforts to obtain sworn testimony from Mr. Pacheco). Defendants have now unsuccessfully attempted service of three subpoenas on Mr. Pacheco six times—five of which were attempts at Mr. Pacheco's last known address in Edgewater, New Jersey. No one located at Mr. Pacheco's last known address is responding despite multiple attempts in multiple weeks, which suggests

that alternate attempts at service will be unavailing. Because the original signed agreement cannot be located even through the issuance of a subpoena, the best evidence rule should apply. *See* Fed. R. Evid. 1004(2) (stating an original is not required if "an original cannot be obtained by any available judicial process"); *Allegra v. Bowen*, 670 F. Supp. 465, 468 (E.D.N.Y. 1987) (noting the "'best evidence' rule, excuses production of the original if it cannot be obtained by available judicial process or procedure, the rationale being that if it cannot be obtained by either party or court, it is as inaccessible as though it had been lost or destroyed"). Other sections of the Federal Rules of Evidence consider a witness "unavailable" under similar facts present here, where diligent efforts have been made to serve a witness. *See United States v. Ozsusamlar*, 428 F. Supp. 2d 161, 176 (S.D.N.Y. 2006) ("Inability to locate a witness invokes the Rule 804(a)(5) unavailability [hearsay] exception, which states that a declarant is adequately unavailable where "the proponent of a statement has been unable to procure the declarant's attendant . . . by process or other reasonable means.") (citing Fed. R. Evid. 804(a)(5)).[1] Further, Plaintiff corroborates the material points at issue. As detailed in the Defendants' summary judgment motion, Mr. Elliott admits that he met with defendant Cartagena, admits that he signed an agreement, this agreement was attached to contemporaneous emails and plaintiff has offered no other agreement in its place. *See* ECF Doc. No. 144, at pp. 6-8. This agreement bars any claim by Mr. Elliott regarding co-authorship of the song at issue.[2]

Moreover, in the alternative, the Court's concern regarding the admissibility of the statements from Mr. Pacheco on his efforts to find the whereabouts of the signed Agreement as hearsay can be remedied. Defendants respectfully resubmit their position, as stated in their prior letters (ECF Doc. Nos. 167, 169) that Mr. Pacheco's communications quoted in the Kupinse Declaration are admissible as exceptions to the rule against hearsay pursuant to Fed. R. Evid. 803(1) and Fed. R. Evid. 803(3), in addition to invoking the residual exception in Fed. R. Evid. 807. Thus, even if the Kupinse Declaration contains hearsay, the underlying emails referred to are not—the Kupinse Declaration references email communications between Mr. Kupinse and Mr. Pacheco, which explain that Mr. Pacheco was unable to find the Agreement and did not believe he ever had a copy of the document. If the Court requires, Defendants will submit the underlying emails on a redacted basis,[3] which can be authenticated by Mr. Kupinse.

We thank the Court for its attention to this matter.

---

[1] In the alternative, if Your Honor believes that additional efforts should be made to obtain Mr. Pacheco's testimony, the Court may grant leave to Defendants to serve Mr. Pacheco through substitute service. *See Tube City IMS, LLC v. Anza Capital Partners, LLC*, No. 14-civ-1783 PAE, 2014 WL 6361746, at *2 (S.D.N.Y. Nov. 14, 2014) ("[D]istrict courts in this Circuit have held that, in appropriate circumstances, alternative forms of service may be used, as long as they are calculated to provide timely actual notice."). However, given the numerous unsuccessful attempts at service, Defendants believe service by substitute means may be futile.

[2] To the extent that Plaintiff reasserts his attempts to move to reconsider, Defendants respectfully refer the Court to their letter filed as ECF Doc. No. 171.

[3] The email exchanges between Mr. Kupinse and Mr. Pacheco also reference irrelevant and sensitive business information.

msk



Respectfully submitted,

Eleanor M. Lackman
Partner of
MITCHELL SILBERBERG & KNUPP LLP

EML/eln

cc: All Counsel of Record (via ECF)

Although the Court has not received a response from plaintiff to this October 30 letter, the Court is not comfortable with the efforts defendant has made to personally serve Mr. Pacheco. The Court would direct additional efforts at personal service be made, and if unsuccessful, that defendant propose methods of alternative service.

SO ORDERED.

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Dated: New York, NY
December 14, 2020

msk

MITCHELL SILBERBERG & KNUPP LLP
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Eleanor M. Lackman
Partner
(212) 878-4890 Phone
(917) 546-7675 Fax
eml@msk.com

August 27, 2020

**VIA ECF ONLY**

Hon. Naomi Reice Buchwald, U.S.D.J.
Daniel Patrick Moynihan
United States Courthouse
Southern District of New York
500 Pearl Street, Courtroom 21A
New York, New York 10007

**Re:** ***Eric Elliott (p/k/a "Fly Havana") v. Joseph Anthony Cartagena (p/k/a "Fat Joe"), et al.*, Case No. 1:19-cv-01998 (NRB)**

Dear Judge Buchwald:

We are counsel for defendants Joseph Anthony Cartagena (p/k/a/ "Fat Joe"); Reminisce Smith Mackie (p/k/a "Remy Ma"); Joey and Ryan Music; Remynisce Music; Sneaker Addict Touring LLC; Terror Squad Productions, Inc.; Terror Squad Entertainment; RNG (Rap's New Generation); Warner Chappell Music, Inc.; and Warner-Tamerlane Publishing Corp. (collectively, "Defendants") in the above captioned action. We submit this letter to apprise the Court regarding Defendants' efforts to obtain evidence from non-party Elis Pacheco ("Pacheco") regarding the whereabouts of the signed copy of the rights agreement pertaining to plaintiff Eric Elliott's ("Plaintiff") claimed contributions pertaining to the track "All The Way Up" (the "Agreement").

The Court, in its Decision and Order dated July 31, 2020 (ECF Doc. No. 166), denied Defendants' Motion for Summary Judgment without prejudice and granted Defendants leave to renew the motion on the existing motion papers "at such time as [Defendants] conclude that they have secured non-hearsay evidence from Pacheco sufficient to meet the requirements of Rule 1004(a)." Order at 12. As noted in the Declaration of Andrew Kupinse, dated December 17, 2019 (ECF Doc. No. 161), Mr. Pacheco searched for the signed Agreement at the request of Mr. Kupinse. As the Declaration further explained, Mr. Pacheco advised that he was unable to find the Agreement, and stated that he did not believe he ever had a signed copy of the document. While Plaintiff first raised the hearsay argument in the form of objections to Defendants' reply papers, Defendants respectfully submit that these statements are admissible as exceptions to the rule against hearsay, specifically Fed. R. Evid. 803(1) in describing his search while and immediately after conducting it, as well as Fed. R. Evid. 803(3) in discussing his intention to conduct the search and his basis for responding as he did.[1]

[1] All of the communications referenced in the Kupinse Declaration were conducted via email; because they discuss other sensitive business matters and no protective order is yet in place, they were not attached to the Declaration but merely excerpted. However, to the extent the irrelevant material may be redacted or some other means of limited disclosure is available, Defendants can agree to make such communications available to the Court.

msk



In the meantime, at the Court's direction, Defendants have sought to obtain sworn testimony from Mr. Pacheco, who no longer works with Mr. Cartagena, but who we believe presently resides primarily in Miami, Florida. Despite diligent efforts over the past three weeks, we have been unable to procure testimony through informal means. Accordingly, Defendants have commenced the process of serving him with a subpoena for testimony regarding his knowledge of the whereabouts of any signed copy of the Agreement. The deposition has been noticed for September 9, 2020.

In light of the narrow scope of the issue that is central to the renewal of the motion for summary judgment, which turns on reasonable efforts to find the executed copy of the Agreement, Defendants respectfully request that the anticipated motion to dismiss and other related procedures be held in abeyance while Defendants exhaust efforts to obtain sworn testimony from the sole remaining known witness who might have knowledge of the whereabouts of the Agreement. Defendants will report to the Court no later than Monday, September 14, 2020 regarding their results of their efforts.

We thank the Court for its attention to this matter.

Respectfully submitted,

Eleanor M. Lackman
Partner of
MITCHELL SILBERBERG & KNUPP LLP

EML/eln

cc: All Counsel of Record (via ECF)

Application granted. The clerk of court is directed to close the motion (ECF No. 167).

SO ORDERED.

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Date: August 28, 2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
ERIC A. ELLIOTT (p/k/a FLY HAVANA),
Plaintiff,

- against -

JOSEPH ANTHONY CARTAGENA (p/k/a FAT JOE), et al.,
Defendants.
------------------------------------X

**MEMORANDUM AND ORDER**

19 Civ. 1998 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Plaintiff Eric A. Elliott ("Elliott" or "plaintiff") brought a copyright infringement action, alleging that he is a co-author of the song "All The Way Up." Defendants[1] now move for summary judgment on the ground that plaintiff contractually gave up all of his rights in the song. For the following reasons, defendants' motion is denied.

## I. Background

### 1. The Song "All The Way Up" and the "Piece of Paper"

At the outset, the Court summarizes the facts relevant to this motion as drawn from the complaint filed on March 6, 2019

[1] In this action, plaintiff has sued over 25 defendants who can be roughly categorized as 1) individuals named as the co-authors of the song "All The Way Up"; 2)their publishing entities; 3) other entities that allegedly own copyrights in the song; and 4) entities that distributed and exploited the song. This motion has been made by a limited number of defendants, including some who do not have any direct involvement in the factual issues raised by this motion. For convenience, "defendants" in this Memorandum and Order collectively refers to the moving defendants and other defendants who joined them.

("Complaint"), see ECF No. 6, and the materials submitted by the parties in connection with this motion.[2]

In late 2015, plaintiff and defendant Shandel Green (p/k/a Infared) created a soundtrack at a studio in Miami, Florida. See Compl. (ECF No. 6) at ¶ 8. Plaintiff alleges that this soundtrack was the prototype of the song "All The Way Up," which was publicly released on March 2, 2016 as a song created by defendants Joseph Cartagena (p/k/a Fat Joe) ("Fat Joe"); Karim Kharbouch (p/k/a French Montana); Reminisce Smith Mackie (p/k/a Remy Ma); and others. Id. at ¶¶ 9, 39. Plaintiff was not named as one of the song's authors. Id. Shortly after the song was released, in early March 2016, plaintiff and Fat Joe spoke over the phone. Id. at ¶ 41. During the call, plaintiff "said he wanted to get paid up front or have publishing going forward." Id.

In mid-March, plaintiff and Fat Joe had a meeting at an IHOP restaurant. See Parties' Rule 56.1 Stmts. ¶ 5.[3] At the meeting, Fat Joe gave plaintiff a check for $5,000. Id. at ¶ 8; Compl.

[2] Because this motion is a pre-discovery motion for summary judgment under Rule 56, some of the statements of facts proffered by the parties in connection with this motion are predicated solely on the allegations in the Complaint. Because plaintiff has verified the Complaint as "true, accurate, and correct to the best of [his] information and belief," see Elliott Decl. (ECF No. 155) at ¶ 2, we treat the allegations in the Complaint as sworn statements by plaintiff. See Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995) ("A verified complaint is to be treated as an affidavit for summary judgment purposes."). We also reference the allegations in the Complaint that are not cited by the parties in their statements of facts for the limited purpose of placing this motion in context without regarding those allegations as established facts.

[3] "Parties' Rule 56.1 Statements" refer to Defendants' Rule 56.1 Statement (ECF No. 146) and Plaintiff's Rule 56.1 Counterstatement (ECF No. 156).

¶ 50. The check denoted that it was for "write." Id. At the same meeting, Fat Joe also put a "piece of paper" in front of plaintiff. See Parties' Rule 56.1 Stmts. ¶ 9. Plaintiff signed the "piece of paper" and took the $5,000 check. Id. at ¶ 10; Compl. ¶ 56. Plaintiff was not provided a copy of the signed "piece of paper." See Parties' Rule 56.1 Stmts. ¶ 11; Compl. ¶ 54. After the meeting, plaintiff deposited the check. See Parties' Rule 56.1 Stmts. ¶ 12.

### 2. The Court's Order to Submit Any Versions of the "Piece of Paper" in Parties' Possession

Plaintiff commenced this action by filing the Complaint. See ECF No. 6. On August 16, 2019, a subgroup of defendants—Fat Joe and his publishing entities; Remy Ma and her publishing entity; and Warner entities, which allegedly own part of the song "All The Way Up"—filed a pre-motion letter, proposing a motion to dismiss the Complaint in its entirety. See ECF No. 112. Plaintiff filed a letter response on August 26, 2019. See ECF No. 120. After reviewing the parties' letters, the Court filed a letter on September 5, 2019, directing the parties to file "whatever versions of the ['piece of paper'] are in their possession" and "sworn statements from the relevant parties addressing the lack of possession (i.e. total or unsigned)." See ECF No. 125. On September 19, 2019, plaintiff submitted a sworn declaration, certifying that he did not possess any copy of whatever version of

the "piece of paper" referenced in the Complaint. See Elliott Decl. (ECF No. 132-1), ¶ 2.

Of greater relevance here among the submissions by defendants are the sworn declarations by Fat Joe and Erica Moreira, who was Fat Joe's attorney at the relevant time. See ECF No. 131.[4] On September 19, 2019, defendants submitted a sworn declaration by Moreira, claiming that she had prepared the "piece of paper." See Moreira Decl. (ECF No. 131-2), ¶¶ 4-7. Moreira states that, on March 2, 2016, Fat Joe requested her to draft an agreement that would put to rest plaintiff's assertion of interests in the song "All The Way Up." See Id. at ¶ 4. According to Moreira, on March 11, 2016, Pacheco—who was then Fat Joe's manager—emailed her a photograph of plaintiff's Florida driver's license, and she sent Fat Joe and Pacheco a draft agreement tailored to reflect the information about plaintiff ("Draft Agreement"). See Id. ¶¶ 5-6. Moreira submitted a copy of the Draft Agreement along with her declaration. See Id., Ex. B. Fat Joe states in his declaration that he printed out the Draft Agreement without making any changes and brought it to his meeting with plaintiff at the IHOP restaurant. See Cartagena Decl. (ECF No. 131-1), ¶¶ 6, 8.

[4] Universal Music-Z Tunes LLC; Songs of Universal Inc.; Roc Nation LLC; and Roc Nation Management LLC, which joined this motion, also submitted declarations certifying their non-possession of the signed copy of the "piece of paper." See ECF Nos. 129 & 130.

As to the whereabouts of the signed copy of the "piece of paper," Moreira states in her declaration that she never received it. See Moreira Decl., ¶ 8. Fat Joe also certifies in his declaration that he could not locate a signed copy of the "piece of paper" after a reasonable search of his home, his personal belongings and the people "in [his] circle at the time." Id. at ¶ 9. However, Fat Joe further states that he "may have provided the document to [his] then-manager, Mr. Elis Pacheco." Id. According to Fat Joe, "Pacheco was contacted by e-mail regarding this matter," but it is Fat Joe's "understand[ing] that [Pacheco] indicated he was unable to locate a signed copy of the [document]." Id.

### 3. **Pending Motion for Summary Judgment**

After reviewing the materials submitted by the parties, the Court held a pre-motion conference on October 17, 2019. See ECF No. 135. At the conference, the Court granted defendants leave to make a pre-discovery motion for summary judgment limited to the issue of establishing the content of the parties' agreement in the absence of a signed copy of the "piece of paper," see ECF No. 141, which motion defendants filed on November 8, 2019. See ECF No. 143.

## II. Discussion

### B. Legal Standard: Federal Rule of Civil Procedure 56

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A fact is "material" if it "might affect the outcome of the suit under the governing law." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is "genuine" if, considering the record as a whole, a rationale jury could find in favor of the non-moving party. Ricci v. DeStefano, 557 U.S. 557, 586 (2009). At summary judgment, the movant bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "Where the non-movant bears the burden of proof at trial, the movants' initial burden at summary judgment can be met by pointing to a lack of evidence supporting the non-movant's claim." Ramos v. City of New York, No. 18 Civ. 4938 (ALC), 2020 WL 4041448, at *2 (S.D.N.Y. Jul. 16, 2020) (citing Celotex Corp., 477 U.S. at 325). Once the movant satisfies its initial burden, the non-movant must then respond with specific facts demonstrating that there are remaining material issues for trial. Ricci, 557 U.S. at 586 (quoting Celotex Corp., 477 U.S. at 324).

"Although a pre-discovery motion for summary judgment is permitted under Federal Rule of Civil Procedure 56, it should be

granted only in the rarest cases because the nonmoving party must have had the opportunity to discover information that is essential to his opposition to the motion for summary judgment." Baskett v. Autonomous Research LLP, No. 17 Civ. 9237 (VSB), 2018 WL 4757962, at *4 (S.D.N.Y. Sept. 28, 2018). Rule 56(d) addresses the need for additional discovery in the context of a summary judgment motion. Specifically, Rule 56(d) provides that, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the court may defer decision on the motion, deny the motion, allow additional time to take discovery, or issue any other appropriate order. Fed. R. Civ. Pr. 56(d). In this Circuit, a Rule 56(d) affidavit "must include the nature of the uncompleted discovery; how the facts sought are reasonably expected to create a genuine issue of material fact; what efforts the affiant has made to obtain those facts; and why those efforts were unsuccessful." Paddington Partners v. Bouchard, 34 F.3d 1132, 1138 (2d Cir. 1994).

C. **Analysis**

The central issue presented in this motion is whether, in the apparent absence of a signed copy of the "piece of paper," defendants may prove the content of the parties' agreement. A multi-step analysis is required to answer this question.

At the outset, the Court concludes that the Draft Agreement is admissible under Federal Rule of Evidence 1003 as a duplicate

of the "piece of paper" that was presented to plaintiff at the meeting between Fat Joe and him. Moreira has submitted a copy of her email to Fat Joe, dated March 11, 2020, which shows the Draft Agreement as an attachment. See ECF No. 145-1. Fat Joe states in his declaration that he printed out the attachment without any modification and brought it to his meeting with plaintiff. See Cartagena Decl., ¶¶ 6, 8. These sworn statements are sufficient to establish the authenticity of the Draft Agreement as a duplicate of the "piece of paper" that was presented to plaintiff. In his Rule 56(d) declaration, plaintiff's counsel suggests several arguments to challenge the authenticity of the Draft Agreement as a duplicate of the "piece of paper." See ECF No. 153 at ¶¶ 7-9.[5] However, those arguments amount to no more than just mere speculation that the Draft Agreement might not be an authentic duplicate of the "piece of paper," which is insufficient to raise a genuine question about authenticity under Rule 1003. See United States v. Grimmer, 199 F.3d 1324, 1324 (2d Cir. 1999) ("Simply speculating that there is no assurance that the proffered document is actually a duplicate of the original does not raise a genuine question under Rule 1003.") (citing United State v. Chang An-Lo, 851 F.2d 547, 557 (2d Cir. 1988)).

[5] Although plaintiff's counsel erroneously designated his declaration as one submitted under Rule 56(f), which is the earlier placement of Rule 56(d), the Court will treat the declaration of plaintiff's counsel as one submitted under Rule 56(d).

Given our conclusion that the Draft Agreement is admissible under Rule 1003 as a duplicate of the "piece of paper" and given the plaintiff's concession that he signed a "piece of paper" that was presented to him at the meeting with Fat Joe, the parties' dispute becomes whether the Court may consider the Draft Agreement for the purpose of inferring the terms of the parties' signed agreement. This dispute calls for the application of the "best evidence" rule, which is codified at Federal Rule of Evidence 1002. Burt Rigid Box, Inc. v. Travelers Prop. Cas. Corp., 302 F.3d 83, 91 (2d Cir. 2002). Federal Rule of Evidence 1002 provides that "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise." Of particular relevance here, Federal Rule of Evidence 1004 provides:

> An original is not required and other evidence of the content of a writing, recording or photograph is admissible if:
>
> (a) all the originals are lost or destroyed, and not by the proponent acting in bad faith;
>
> (b) an original cannot be obtained by any available judicial process;
>
> (c) the party against whom the original would be offered had control of the original; was at that time put on notice, by pleadings or otherwise, that the original would be a subject of proof at the trial or hearing; and fails to produce it at the trial or hearing; or
>
> (d) the writing, recording, or photograph is not closely related to a controlling issue.

"The party seeking to prove the contents of the writing must establish a proper excuse for the non-production of the document and that the original did exist." A.F.L. Falck, S.p.A. v. E.A. Karay Co., Inc., 722 F. Supp. 12, 16 (S.D.N.Y. 1989). Because defendants seek to prove the content of the signed copy of the "piece of paper" through other evidence, defendants bear the burden of establishing that at least one of the conditions specified in Rule 1004 has been satisfied. Here, defendants invoke Federal Rule of Evidence 1004(a). Accordingly, defendants bear the burden of establishing that "all the originals are lost or destroyed, and not by the proponent acting in bad faith." Fed. R. Evid. 1004(a).

As discussed above, Fat Joe states in his declaration that he "may have provided the document to [his] then-manager, Mr. Elis Pacheco," see Cartagena Decl. ¶ 9, and Pacheco was named as a recipient in Moreira's email to Fat Joe, providing the Draft Agreement. These facts support an inference that the signed copy of the "piece of paper" may currently be in Pacheco's possession. In order to discount that possibility, Fat Joe states in his declaration that "Pacheco was contacted by e-mail regarding this matter, but I understand that he indicated he was unable to locate a signed copy of the Agreement." Id. Consistent with Fat Joe's position, Moreira also states in her declaration: "It is my understanding that Mr. Pacheco, who is no longer Mr. Cartagena's

manager, was asked to search for the signed Agreement, but has indicated that he has been unable to locate it." See Moreira Decl. ¶ 9. Further, along with their reply brief, defendants submitted a declaration by Andrew D. Kupinse, who has served as Fat Joe's attorney since 2016. See Kupinse Decl. (ECF No. 161) ¶ 4. In the declaration, Kupinse states that, in response to his request to send a signed copy of the "piece of paper," Pacheco stated that "following some 'digging' in storage, [Pacheco] was '100% sure he was never in possession of [it].'" Id. at ¶ 8.

Plaintiff objects to our consideration of these statements about Pacheco on the ground that they are inadmissible hearsay. See, e.g., ECF No. 154 at 26-27. This argument is without merit. Our consideration of these statements is limited to the issue of whether defendants have satisfied their burden to invoke the exception to best evidence rule under Federal Rule of Evidence 1004(a), which will determine the Draft Agreement's admissibility for the purposes of establishing the terms of parties' agreement. Under Federal Rule of Evidence 104(a), the Court is "not bound by evidence rules," including the rule against hearsay, in deciding a preliminary question about admissibility of evidence, which includes a Rule 1004(a) inquiry.

The Court nonetheless concludes that defendants have failed to fully satisfy their burden to invoke Rule 1004(a). It is defendants' burden to prove by the preponderance of proof that all

copies of the signed agreement between the parties are lost or destroyed. See Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 592 n.10 (1993) (concluding that preliminary questions concerning the admissibility of evidence should be established by a preponderance of proof). Having considered the various statements attributed to Pacheco that were offered by Fat Joe, Moreira and Kupinse, the Court concludes that these hearsay statements fall short of direct testimony by Pacheco assuming his availability. While there is no obvious reason to believe that these hearsay statements offered are not true, given the centrality of the issue of whether Rule 1004(a) can be invoked to establish the contractual terms between the parties, the Court concludes that defendants should be required to exhaust all effort to obtain a sworn testimony by Pacheco.[6]

## III. Conclusion

For the foregoing reasons, defendants' motion for summary judgment is denied without prejudice. Defendants are granted leave to renew this motion on the existing motion papers at such time as they conclude that they have secured non-hearsay evidence from Pacheco sufficient to meet the requirements of Rule 1004(a) and

[6] Both plaintiff and defendants requested oral argument on this motion. Because we resolve this motion without prejudice based on a threshold question, we also deny those requests without prejudice. The parties may renew their request for oral argument if this motion is restored.

have filed that evidence as a supplement to the existing motion papers. If defendants renew their motion, plaintiff will have fourteen (14) days to file a response. This Memorandum and Order resolves ECF Entry No. 143.

**SO ORDERED.**

Dated: New York, New York
July 31, 2020

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

ERIC A. ELLIOT (P/K/A FLY HAVANA),

Plaintiff,

v. 19 Civ. 1998 (NRB)

JOSEPH ANTHONY CARTAGENA (P/K/A FAT JOE), et al.,

Oral Argument

Defendants.

------------------------------x

New York, N.Y.
October 17, 2019
4:20 p.m.

Before:

HON. NAOMI REICE BUCHWALD,

District Judge

APPEARANCES

FRANCIS ALEXANDER, LLC
Attorneys for Plaintiff
BY: FRANCIS MALOFIY

MITCHELL SILBERBERG & KNUPP LLP
Attorneys for Defendants Joseph Cartagena, Reminisce Smith Mackie, Joey and Ryan Music, Remynisce Music, Sneaker Addict Touring, Terror Quad Productions, Terror Squad Entertainment, RNG, Warner/Chappell Music, Warner-Tamerlane Publishing Corp.
BY: ELEANOR MARTINE LACKMAN

PRYOR CASHMAN LLP
Attorneys for Defendants Universal and Roc Nation
BY: ILENE SUSAN FARKAS

DLA PIPER LLP (US)
Attorneys for Defendant Empire Distribution, Inc.
BY: KERRY ANNE O'NEILL

PARNESS LAW FIRM, PLLC
Attorneys for Defendant Edward Davadi, Jr.
BY: HILLEL I. PARNESS

(Case called)

THE LAW CLERK: Is the plaintiff ready to proceed?

MR. MALOFIY: May it please the Court. Attorney Francis Alexander Malofiy of the law firm of Francis Alexander. With me today is Andrew Napoli who just passed the bar, and with the Court's permission, with judge's graciousness, allowed him to sit at the table with counsel representing plaintiff, Eric Elliot. Thank you.

THE LAW CLERK: Are the defendants present and ready to proceed?

MS. LACKMAN: Yes, your Honor. Eleanor Lackman, Mitchell Silberberg & Knupp, for Joseph Anthony Cartagena, professionally known as Fat Joe; Reminisce Smith Mackie, professionally known as Remy Ma; Joey and Ryan Music; Remynisce Music; Sneaker Addict Touring; Terror Quad Productions; Terror Squad Entertainment; RNG; Warner/Chappell Music; and Warner-Tamerlane Publishing Corporation.

MS. FARKAS: Good afternoon, your Honor. Ilene Farkas from Pryor Cashman representing the Universal and Roc Nation defendants.

MS. O'NEILL: Good afternoon, your Honor. I'm Kerry O'Neill from DLA Piper representing Empire Distribution, Inc.

THE COURT: Tell me your name again.

MS. O'NEILL: Kerry O'Neill, K-e-r-r-y.

THE COURT: OK.

MS. O'NEILL: O-n-e-i-l-l.

THE COURT: All right.

MR. PARNESS: Good afternoon, your Honor. Hillel Parness, Parness Law Firm, for Edward Davadi, p/k/a Edsclusive.

THE COURT: All right. As you're well aware, there have been an exchange of pre-motion letters. I don't want to claim that I'm an expert on copyright law, so what I'm going to say is not and should not be understood as any evaluation of the exchange on the merits of the case. But while I'm not an expert in copyright law, I have been a judge in this court for a lot of years and would like to think that I'm quite good at case management. I always feel that it is my responsibility to manage a case in a way that it is conducted in a sort of legally orderly fashion and to be sure that I raise the issue of settlement early on so that, if a case can settle, that it do so before a lot of money is spent. I try to remember that the courts are here to serve clients, not lawyers in the sense of it's not my job to build up your fees.

With that sort of background, it seems to me that this case is, in a sense, organizable in the following three ways:

First, I would want to explore with you whether it is at all possible to settle the case.

Secondly, if it's not, I think that the next issue is whether the document entitled "Work for Hire, Assignment of Copyright" is controlling, in which case if it is found to be

effective, let's just say, that's the end of the case. We don't have to get to all the other issues.

If phase one and phase two do not resolve the case, then we're into phase three, which would, I think, be a discovery phase. In that regard, I would suggest that we not spend time at this point exploring the sufficiency of a whole bunch of state law claims because, in the end, I think it's either a copyright case or it's not a copyright case.

So we have a court reporter here, but I am happy to ask her not to record the next conversation because it's about settlement, and there isn't any reason that there has to be a transcript of that. So let me just ask the first obvious question, I guess, which is -- I can ask the court reporter, if you prefer, to just stop typing.

MR. MALOFIY: I have no problem with anyone we're saying being put on the record, but if that's going to stall -- excuse me -- if that's going to stall defense counsel or defendants from being more open in their conversations with the Court or with counsel, then I can understand and respect that. But for me, it's always an open book, but it's whatever defense counsel chooses. Thank you.

MS. LACKMAN: Given the interest my counterpart has indicated in speaking openly and candidly, I think it is probably better off the record. In addition, this case has gotten a fair amount of press, and so I think that any

discussion about settlement might be interpreted by --

THE COURT: I generally do settlement off the record, so I have no problem with that.

MS. LACKMAN: Thank you.

MR. MALOFIY: We have no problem either. Thank you.

THE COURT: We'll do this part off the record.

(Discussion held off the record)

THE COURT: On the record.

From the conversation we've had off the record, I have lost any optimism that this case can be settled at the outset. So I think we ought to just talk about how to proceed in an efficient fashion.

I think it is worth (a) that we have an initial motion directed to the document which was submitted pursuant to request from the Court, that which I made by letter of September 5, because it is a potentially dispositive motion and it's discrete. And from the conversation that we had off the record, it is 100 percent obvious that the next motion, if this document does not resolve the case, will not be discrete. It will have many, many parts and be extensive.

I think this makes the most sense, and I think that it's a defendant's motion. It maybe should be styled summary judgment, but I don't have a fixed view about that. There will be the document, the declaration that was submitted to me, to the Court, in response to my letter sort of setting that up. I

don't have a problem with the notion that the agreement itself, the document, let's call it, that the document could be relied on on a motion to dismiss as sufficiently referenced in the complaint, but I think Mr. Elliot's affidavit cannot be said to be referenced in the complaint or subsumed within that.

MS. LACKMAN: Correct, yes.

THE COURT: I think, to the extent that you would then be relying on something outside the complaint, I grant you leave to move for summary judgment at this stage and will leave in reserve all the defendants' rights to move to dismiss, assuming that the summary judgment motion is not granted.

MS. LACKMAN: Thank you, your Honor.

I think that makes a lot of sense, especially with respect to the objective of trying to get the parties into the same ballpark because, respectfully, I disagree that we're in the same ballpark. So we think that makes a lot of sense. Certainly, we're willing to look into the -- I understand the procedural nuances with respect to summary judgment, and so we'll take care to look at those as we proceed.

THE COURT: I don't want there to be any issue that says that there was a motion to dismiss which relied on a document --

MS. LACKMAN: Oh, sure.

THE COURT: -- relied on a document that you can't rely on at this point, so I don't think there's anything that

prevents the Court from saying that a party can make an early motion for summary judgment, and it will not be -- let's make it clear. It's not the only summary judgment motion that can ever be made in the case. It's not in lieu of a motion to dismiss. It's simply an effort on the Court's part to manage the case in an efficient fashion since it does not appear that we can resolve it in advance.

MR. MALOFIY: Your Honor, may I?

THE COURT: Sure.

MR. MALOFIY: Plaintiff would respectfully disagree that it would be appropriate to entertain a summary judgment for the reason that, basically, we're taking the fact-finding role, even for a motion to dismiss, of whether or not this was the document, this wasn't the document. It's a dispute of fact whether it is or wasn't or what it said, and I think that's something that has to be considered by a fact finder. But even if the Court's going to consider on a motion to dismiss, to consider this a summary judgment without discovery of the attorney, without discovery of or depositions or limited discovery onto these issues I think it's even of Fat Joe or the other people that are involved, it's very prejudicial to plaintiff to have a summary judgment motion basically accepting everything plaintiff says as true and then coming to a conclusion that would be completely contrary to plaintiff's position. In other words, if we're the nonmoving

party and defendant is filing a summary judgment motion, all plaintiff's facts have to be construed in our favor, including a declaration, because that's evidence.

MS. LACKMAN: Maybe how I see this, and I don't see this as this complicated, is that we put in the motion, we look at -- we already have declarations from the parties testifying to what they are. So there's testimony right there. His client has not had the opportunity to say whether this is the piece of paper he signed or not, and even if it isn't, what is he going to purport to show he did sign? Because he signed something and received $5,000 in exchange.

THE COURT: Look, I guess that's another point that is worth remembering. There's no question that there's a check and that plaintiff received $5,000, which is another piece of the puzzle whether evidence of both authenticity and the best evidence analysis of the document. The point is I don't think the plaintiff could truthfully say, that's absolutely not the document I signed, because he really doesn't have a copy and he says: I was given this thing really quickly. I don't know what I signed. I don't know how to read these things.

MS. LACKMAN: Correct. So we agree this would be extremely limited and very focused and very efficient. I know there was a concern about the agreement being attached. Actually, it was just the way we filed it. I'll get a copy for you and for your colleague as well.

MR. MALOFIY: Thank you, counsel.

MS. LACKMAN: This is a screenshot of Ms. Moreira's email that shows -- there's an attachment and it shows the attachment preview. We'll submit a clearer copy in conjunction with that -- but that there really is no doubt that agreement was sent. It was received. We can look at it under what the proof is required to show a writing.

THE COURT: Is it the issue that you want -- he met with Fat Joe, right?

MR. MALOFIY: Yes.

THE COURT: Do you want Fat Joe to swear this is the document he gave him?

MR. MALOFIY: No, I think --

MS. LACKMAN: He already did.

MR. MALOFIY: -- there's veracity in cross-examination of an individual. When we have someone who took advantage of plaintiff --

THE COURT: Say again. I'd allow you the one question.

MS. LACKMAN: Well, he already swore it in the submission.

THE COURT: He did.

MS. LACKMAN: He said this is the document I received from --

THE COURT: I'm sorry.

MS. LACKMAN: So I don't know that --

THE COURT: I was more focused on the document rather than the declaration.

MS. LACKMAN: Certainly, no, it's our job to know the record.

But yeah, we think, I don't know what point it would serve to have him sit there and say, yeah, what I said in my declaration is true.

THE COURT: Look, it's always an appropriate opposition to a motion for summary judgment that it can't be decided without discovery, but you're going to have to articulate what that is. Look, I'm not interested going through this whole summary judgment exercise only to reach the conclusion myself that I can't do it because I haven't been -- not because I don't have the right to do it, but because I haven't given the parties the proper opportunity to be heard.

I clearly want that to occur, but it isn't sufficient, Mr. Malofiy, to simply say, oh, there hasn't been any discovery. There doesn't always have to be discovery. And there has been -- because of my reaching out to the parties by letter, there have been submissions that are not normally available at this stage. The question will be why are they not sufficient? It is not the time for you to try to cross-examine Fat Joe on, Did you think you were pulling a fast one on him? because I don't think it -- frankly, it doesn't matter as a

matter of law. I think this is the way to go, and the opposition can raise the position that there is some limited discovery on this issue that must occur before a decision could be reached. And if that's the case, one of the options the Court has is to let you have that before I decide the motion. But I have not heard a good argument yet that persuades me that that's necessary.

So, in the effort to encourage counsel to get along, let me leave it that I don't care a great deal about exactly when the motion is made. I'd like you to agree upon a schedule between you. My only concern is that there not be more than 60 days that elapse between the making of the motion and the reply brief. It can be less than that but just not more than that.

MR. MALOFIY: That's fine.

THE COURT: Because then it cuts into my time to decide.

MS. LACKMAN: Sure. We think this is something we could do relatively quickly, but I don't want to speak on behalf of the other several --

THE COURT: No, I'm not asking you to, which is why I'm not setting a schedule.

MS. LACKMAN: Sure. We will confer, and maybe we can get back to your Honor by the end of tomorrow.

THE COURT: That would be great.

MR. MALOFIY: That's fine.

THE COURT: That's fine. Just send us a letter. That would be great.

MR. MALOFIY: Just to have our objection noted for the record, I think that when the document's authenticity is at issue and when we raise that issue and when they withheld the document and didn't hand it over, I think those are all things to consider and those are aspects that need to be considered and --

THE COURT: Turned it over the minute I asked for it.

MR. MALOFIY: Well, we asked for it for quite a bit of time.

THE COURT: That may be. They didn't have any obligation to do that.

MS. LACKMAN: We asked for theirs as well.

MR. MALOFIY: We said in the complaint we didn't have it. We was very clear. We said he never received it. Said it straight in the complaint, verified complaint.

Just to note our objection, just to reference that, I think that, in the end, plaintiff will be successful because there's a statute of frauds provision in the Copyright Act which says if there's no signature, it's not valid, and then we have to look at parol evidence, what the defendant and plaintiff were saying at that meeting, what was promised to him, what wasn't.

THE COURT: The parol evidence isn't about that. That would vary, parol evidence.

MS. LACKMAN: I don't think it's a question of whether it was signed. It's just a question of what do you do when you don't have the original? That's the issue here.

MS. FARKAS: At the risk of raising a whole new thing, but it will be brief, I'm wondering whether there's any sense -- we haven't talked about the statute of limitations issue which is another very discrete issue that could potentially dispose of the entire --

THE COURT: I thought we had a good answer to that. I don't remember what it was, but I remember --

MS. FARKAS: I think it was --

MR. MALOFIY: There was no repudiation of our client's claim, and the complaint was filed within the two years of the song being put public. There's no repudiation whatsoever, and then he's even in concerts crediting Fly Havana with writing the song many months later. So if there's any kind of repudiation of plaintiff's claims that he should have known, absolutely false.

MS. LACKMAN: There are some allegations in the complaint that he was working with Mr. Green and then he just disappeared, didn't talk to him, nothing happened. There's a lot -- he said several months later he heard this was coming out. There's certainly some reason that -- there's certainly

allegations that would give a reasonable person the basis to believe that the clock was ticking and that the claim was repudiated.

MR. MALOFIY: The copyright law is express repudiation. It has to be clear and expressed. That's what the law says.

MS. LACKMAN: It's actually not. I litigated this issue recently.

MR. MALOFIY: So I did.

MS. LACKMAN: If there are facts upon which a reasonable person would be aware, then that's sufficient.

MS. FARKAS: It might be that my distance from the fray is simplifying things a bit. To me, it's if the song was released without giving that person credit, that's an express repudiation. So on that day he knew he wasn't credited as a writer. That's pretty clear to me. But if the Court would rather keep it to the work-for-hire contract, then we can leave that one to another day. It was something that occurred to me for efficiency sake.

MR. MALOFIY: The other issue, your Honor, is that in the contract we have an entity we've never even heard of, the alleged contract, RS 4 You. We didn't even see that entity. We don't even know what discovery they have or don't have. The check is not from RS -- whatever this agreement is, excuse me.

MS. LACKMAN: The question is whether he got rid of

his rights, that's it.

MR. MALOFIY: We don't even have the chain of custody or the chain of ownership. We didn't even probe this individual. We didn't even know this defendant. And the defendant that actually owns it, allegedly, now is R4 So Valid, LLC, never knew of it, never heard of it, not on the check that was given to our client. We know nothing about the chain of custody, who's involved in that entity. That's another thing, that's an entity we are going to have to sue, obviously, if they're claiming that this is a valid entity that has some ownership or control or authorship. Who's behind this entity? Is it attorneys? Is it Fat Joe? Who are the owners of that entity? Why did they take his right and give him a check from Sneaker Addict?

MS. LACKMAN: This is all fascinating but completely irrelevant.

MR. MALOFIY: No, it's very relevant, chain of custody.

THE COURT: There's no chain of custody.

MS. LACKMAN: No, the question is did he give up his rights? He could have given his rights to his next-door neighbor. It doesn't matter. If he's given up his rights, assigned his rights to somebody, he doesn't have them anymore. That's the only question and that's an easy one, and that's the one we can try to stay focused on and we can do very quickly.

MR. MALOFIY: We're going to ask leave to actually include this additional defendant because we don't know what -- we don't know if even Fat Joe is acting as agent, if he owns it 100, if it was set up simply to --

THE COURT: I'm not sure that it matters.

MR. MALOFIY: It's very important for assignment purposes. If you assign something, you need to know where assigned to.

THE COURT: He gave it up.

MS. LACKMAN: Right.

THE COURT: He didn't assign it.

MR. MALOFIY: What's that?

THE COURT: He gave up his rights.

MR. MALOFIY: There's only one way that could happen, even under this contract, which would be an assignment.

THE COURT: But then it's all his rights.

MR. MALOFIY: OK.

THE COURT: It doesn't sound to me that it matters, but you can certainly make the application.

All right. Very good. Thank you.

(Adjourned)